# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. DKC-20-139 |
| | * | |
| ANDRE RICARDO BRISCOE, | * | |
| aka "Poo" | * | |
| | * | |
| Defendant. | | |

*******

## PRELIMINARY HEARING BRIEF

The United States of America, by and through counsel, respectfully submits this brief to assist the Court in conducting the anticipated preliminary hearing in this matter scheduled for June 5, 2020. This brief provides an overview of the case law governing preliminary hearings, including the probable cause standard, evidentiary matters, and disclosures.

### I. PROCEDURAL HISTORY

On May 20, 2020, defendant Andre Ricardo Briscoe a/k/a "Poo," was charged by criminal complaint, authorized by the Honorable Charles B. Day, with Conspiracy to Distribute and Possess with the Intent to Distribute Narcotics, in violation of 21 U.S.C. § 846, and Possession with the Intent to Distribute Narcotics, in violation of 21 U.S.C. § 841. Defendant Briscoe was arrested and made his initial appearance on May 22, 2020. On June 1, 2020, the Court held a detention hearing. At its conclusion, the Honorable J. Mark Coulson entered an order of pre-trial detention after finding that no combination of conditions could assure the safety of the community. On June 5, 2020, the Court will hold a preliminary hearing to determine if the pending charge is supported by probable cause pursuant to Federal Rule of Criminal Procedure 5.1.

## II.     PRELIMINARY HEARING PURPOSE

At a preliminary hearing, a court's sole task is to determine whether there is "probable cause to believe an offense has been committed and the defendant committed it." Fed. R. Crim. P. 5.1(e); *United States v. Soriano-Jarquin*, 492 F.3d 495, 502 (4th Cir. 2007) (preliminary hearings "aim to insure the existence of probable cause before an accused is brought to trial") (internal quotation marks and citation omitted); *United States v. Anderson*, 481 F.2d 685, 691 (4th Cir. 1973) ("The purpose of a preliminary hearing is . . . merely to determine 'whether probable cause exists to bind an accused for action by a grand jury.'" (quoting *United States v. Chase*, 372 F.2d 453, 467 (4th Cir. 1967)).

The standard is the same familiar one applied when reviewing complaints and search warrants. This standard, which is "not a high bar", *Bosyk*, 933 F.3d at 325, does not "require . . . an airtight case before taking action," *Taylor v. Farmer*, 13 F.3d 117, 121 (4th Cir. 1993). Rather, "'probable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity.'" *United States v. Thomas*, 913 F.2d 1111, 1116 (4th Cir. 1990 (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)); *see also United States v. Bosyk*, 933 F.3d 319, 325 (4th Cir. 2019) ("Probable cause requires only 'a fair probability,' and not a prima facie showing [of criminal activity]."); *Coleman v. Burnett*, 477 F.2d 1187, 1202 (D.C. Cir. 1973) ("Probable cause signifies evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt."). Indeed, "[f]inely tuned standards such as proof beyond a reasonable doubt or by a preponderance of the evidence . . . have no place in the probable-cause decision. . . . All we have required is the kind of 'fair probability' on which 'reasonable and prudent people, not legal technicians, act.'" *Florida v. Harris*, 133 S. Ct. 1050, 1055 (2013) (citations omitted).

Courts apply a "totality of the circumstances" approach in assessing the existence of probable cause. *Gates*, 462 U.S. at 238. This requires assessment of "the whole picture" rather than examining individual facts "in isolation" from one another. *District of Columbia v. Wesby*, 138 S. Ct. 577, 588 (2018). Accordingly, seemingly innocent behavior "frequently will provide the basis for a showing of probable cause." *United States v. McCoy*, 513 F.3d 405, 413-14 (4th Cir. 2008) (quoting *Gates*, 462 U.S. at 243 n.13); *see also Sennett v. United States*, 667 F.3d 531, 536 (4th Cir. 2012) (noting that probable cause need not rule out the possibility of innocent behavior).

Because witness credibility is reserved for the jury as the trier of fact at trial, a preliminary hearing does not involve credibility determinations in assessing probable cause. *United States v. Perez*, 17 F. Supp. 3d 586, 594-95, 597 (S.D. Tex. 2014) (rejecting credibility-based defense arguments as "irrelevant" at preliminary hearing because such determinations are "not the role of a magistrate judge"); *United States v. Bowie*, No. 1:14-MJ-0189PAS, 2014 WL 4542974, at *1, 4 (D.R.I. Sept. 12, 2014) (credibility determinations are "generally inappropriate").

### III. EVIDENTIARY MATTERS

#### A. <u>The Federal Rules of Evidence do not apply.</u>

With one exception, the Federal Rules of Evidence "do not apply to . . . a preliminary examination in a criminal case." Fed. R. Evid. 1101(d)(3). The sole exception is that the rules on privilege apply. Fed. R. Evid. 1101(c). As described below, the evidence that may be presented at preliminary hearings differs in important respects from the typical rules of evidence.

#### B. <u>Hearsay is admissible.</u>

Because the normal rules of evidence do not apply, hearsay is admissible at preliminary hearings. As initially promulgated, Rule 5.1 stated, explicitly, that "[t]he finding of probable cause may be based upon hearsay evidence in whole or in part." This statement was designed to resolve

the "uncertainty in the federal system" prior to its creation in 1972. Fed. R. Crim. P. 5.1 Advisory Committee Notes on 1972 Addition. The 2002 amendments to the rule omitted that language because the jurisprudence had made clear that reliance on hearsay was permissible at preliminary hearings and the matter was "best addressed" the Federal Rules of Evidence, which explicitly disclaimed their application (save as to privilege) at this this stage. Fed. R. Crim. P. 5.1 Advisory Committee Notes on 2002 Amendments (noting that the omission "did not . . . make any substantive changes in practice"); Fed. R. Evid. 1101. Decisions from various United States Courts of Appeals reflect this understanding. *See Santos v. Thomas*, 830 F.3d 987, 991 (9th Cir. 2016); *United States v. Adeyeye*, 359 F.3d 457, 460-61 (7th Cir. 2004); *United States v. Kin-Hong*, 110 F.3d 103, 120 (1st Cir. 1997); *Government of Virgin Islands in Interest of A.M.*, 34 F.3d 153, 454-55 (3d Cir. 1994). Such admissibility is unremarkable, given that grand juries have long been permitted to consider hearsay in their determinations of probable cause. *See, e.g.*, *Costello v. United States*, 350 U.S. 359, 361-63 (1956).

Because it applies only to adverse witnesses at trial, the Confrontation Clause does not prevent or otherwise affect the presentation of hearsay at a preliminary hearing. *Crawford v. Washington*, 541 U.S. 36, 51 (2004); *Soriano-Jarquin*, 492 F.3d at 504.

### C. <u>Suppression arguments are premature.</u>

At a preliminary hearing, the defendant "may not object to evidence on the ground that it was unlawfully acquired." Fed. R. Crim. P. 5.1(e). Thus, suppression arguments may not be entertained at this stage. *See, e.g.*, *Giordenello v. United States*, 357 U.S. 480, 484 (1958); *United States v. Olender*, No. 00-cr-80141, 2000 WL 977295, at *3 (E.D. Mich. May 26, 2000).

### D. <u>Cross-examination is limited.</u>

Given the limited scope and purpose of the preliminary hearing—solely to determine probable cause—courts limit the scope of cross-examination to that singular purpose. *See*

4

*Coleman*, 477 F.2d at 1201 ("Cross-examination at a preliminary hearing, like the hearing itself, is confined by the principle that a probe into probable cause is the end and aim of the proceeding[.]"). Accordingly, cross-examination is limited to prevent "an impermissible quest for discovery." *Id.* For example, the Fifth Circuit affirmed the refusal to permit cross-examination about an informant's identity. *United States v. Hart*, 526 F.2d 344, 344 (5th Cir. 1976). Indeed, the Fourth Circuit has recognized this "informer's privilege" as to his or her identity. *United States v. Mabry*, 953 F.2d 127, 131 (4th Cir. 1991) (citing *Roviaro v. United States*, 353 U.S. 53, 59 (1957)). Any such disclosure would be particularly inappropriate at this preliminary stage. *McCray v. State of Ill.*, 386 U.S. 300, 311 (1967) (upholding state's refusal to compel police officers to divulge informant's identity at preliminary hearing, noting, "we have repeatedly made clear that federal officers need not disclose an informer's identity in applying for an arrest or search warrant"); *United States v. Scantland*, 2010 WL 6571943, at *12 (E.D. Mich. Dec. 7, 2010) (report and recommendation holding that *McCray* settled the claim that an informant's identity should have been disclosed in connection with either a preliminary or suppression hearing), *adopted by* 2011 WL 1642034 (district court); *cf. United States v. Cartagena*, 593 F.3d 104, 113 (1st Cir. 2010) (affirming refusal to permit disclosure at suppression hearing of informants' communications that would tend to reveal their identities).

Likewise, cross-examination questions directed to potential suppression arguments would be outside the scope of the preliminary hearing. As with trial procedure, "cross-examination is properly to be limited at preliminary hearing, as at trial, to the scope of the witness' direct examination." *Coleman*, 477 F.2d at 1201.

### E. Defense subpoenas.

The defendant is entitled to subpoena witnesses "whose testimony promises appreciable assistance on the issue of probable cause," unless there is "good cause for not requiring [the

witness's] presence." *Coleman*, 477 F.2d at 1205. Good cause may include "physiological or psychological reasons" that make appearance unreasonable. *United States v. King*, 482 F.2d 768, 773 (D.C. Cir. 1973). Subpoenas must comply with Rule 17, including the requirement that the defense obtain a court order for any subpoena requiring production of personal or confidential information about a victim and that the court give the victim an opportunity to move to quash the subpoena. Fed. R. Crim. P. 17. Because the rules on privilege apply in preliminary hearings, Fed. R. Evid. 1101(c), (d), subpoenas may not seek privileged information. Nor may they serve as a "means of discovery" in these circumstances or seek more than relevant, admissible, and specific information related to the purpose of the hearing. *United States v. Nixon*, 418 U.S. 683, 698-99 (1974).

## IV. DISCLOSURES REQUIRED INCIDENT TO PRELIMINARY HEARINGS

A preliminary hearing is not intended to "provide a discovery mechanism for the defendant." *Anderson*, 481 F.2d at 691. Rather, disclosure is merely a "collateral or incidental benefit from the [preliminary] hearing." *Id.*; *see also Robbins v. United States*, 476 F.2d 26, 32 (10th Cir. 1973) ("[A] preliminary hearing is not designed for the purpose of affording discovery for an accused."). Incorporating parts of Rule 26.2, Rule 5.1 directs the parties to make certain limited disclosures. Specifically, the parties are required to produce the statements of the witnesses whom they call to testify at the preliminary hearing, unless the magistrate judge for good cause rules otherwise. Fed. R. Crim. P. 5.1(h).

Statements must be produced only if they "relate[] to the subject matter of the witness's testimony" and also fall into one of the following categories:

> (1) a written statement that the witness makes and signs, or otherwise adopts or approves;

(2) a substantially verbatim, contemporaneously recorded recital of the witness's oral statement that is contained in any recording or any transcription of a recording; or

(3) the witness's statement to a grand jury, however taken or recorded, or a transcription of such a statement.

Fed. R. Crim. P. 26.2(f). A report or notes of a witness interview can only be adopted by the witness if the witness read them or heard them read back. *Goldberg v. United States*, 425 U.S. 94, 110 n.19 (1976); *United States v. Smith*, 31 F.3d 1294, 1301 (4th Cir. 1994). Accordingly, Rule 26.2 does not require disclosure of reports except and unless the author of such reports is a witness who testifies about the interview. *See United States v. Moore*, 651 F.3d 30, 75 (D.C. Cir. 2011). As to material that does qualify as witness statements, such material must be turned over "[a]fter a witness . . . has testified on direct examination." Fed. R. Crim. P. 26.2(a); *Moore v. United States*, No. WDQ-07-0270, 2009 WL 1652362, at *2 (D. Md. June 10, 2009).

## CONCLUSION

The foregoing provides an overview of legal issues relating to preliminary hearings. Should any issue arise that has not been covered in this brief, the government respectfully requests leave to submit such further memoranda as may be necessary.

Respectfully submitted,

Robert K. Hur
United States Attorney

_____/s/_____
Dana J. Brusca
Assistant United States Attorney
36 S. Charles St., Fourth Floor
Baltimore, MD 21201
(410) 209-4800

## CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY** that on this 3rd day of June 2020, a copy of the foregoing was filed on the Court's ECF filing system, causing service to all counsel of record.

_____/s/_____
Dana J. Brusca
Assistant United States Attorney