IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATS OF AMERICA** | * | |
| v. | * | Case No: DKC 20-0139 |
| **ANDRE BRISCOE,** | * | |
| Defendant. | * | |
| | * | |

## DEFENDANTS MOTION TO STRIKE INFORMATION FROM THE RECORD

Comes now the defendant, Andre Briscoe, by and through undersigned counsel, and moves to strike from the record an information filed by the government on May 26, 2020 and for reasons states as follows:

## INTRODUCTION

1. On May 20, 2020, Mr. Briscoe was arrested on a complaint filed in CBD 20-1328 that alleges that beginning no later than April 2015 and continuing through on or about May 27, 2015 he agreed with one or more persons to distribute and possess with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 846 and that on May 27, 2015, the defendant possessed with the intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 841.

2. An initial appearance was held on May 22, 2020 and Mr. Briscoe was temporarily detained until June 1, 2020. On June 1, 2020, Mr. Briscoe was detained pending trial following a detention hearing.  A preliminary hearing was held on June 5, 2020.

3. On May 26, 2020, the Assistant United States Attorney notified undersigned counsel that a criminal information had been filed on that date that alleged the following:

Count One – Conspiracy to Distribute and Possess with the Intent to Distribute Controlled Substances beginning no later than March 2015 and continuing in or about June 2015 in violation of 21 U.S.C. § 841.

Count Two – Possession with Intent to Distribute Controlled Substances on or about May 27, 2015 in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. §2.

Count Three – Possession of a Firearm and Ammunition by a Prohibited Person on or about May 27, 2015 in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 2.

Mr. Briscoe has not had an initial appearance upon the information. The information fails to comply with federal rules, violates Mr. Briscoe's constitutional rights, and should be stricken from the record.

## ARGUMENT

I. The Information Fails to Comply with Rule 7 and Rule 9 of the Federal Rules of Criminal Procedure.

    A. Rule 7

A criminal information can be filed under Fed. Rule of Crim. Proc. 7 in only two instances:

> 7(a)(2) Misdemeanor. An offense punishable by imprisonment for one year or less may be prosecuted in accordance with Rule 58(b)(1).
>
> (b) Waiving Indictment. An offense punishable by imprisonment for more than one year may be prosecuted by information if the defendant – in open court and after being advised of the nature of the charge and of the defendant's rights – waives prosecution by indictment.

The Complaint alleges offenses that are punishable by imprisonment for more than one year. As such, Rule 7(a)(2) does not apply. Mr. Briscoe has not and asserts he will not waive prosecution by indictment. Accordingly, Rule 7(b) also does not apply. For these reasons only, the information filed by the government should be stricken from the record.

As set forth above, FRCRP 7(b) permits an offense punishable by imprisonment for more than one year to be prosecuted by information if the defendant waives prosecution by indictment "in open court and after being advised of the nature of the charge and of the defendant's rights." According to Note 1 of the Advisory Committee Notes, the opportunity to

waive indictment to consent to prosecution by information "will be a substantial aid to defendants, especially those who . . . are incarcerated pending action of the grand jury. . ." *Id.* In accepting a waiver of indictment, the Court must be satisfied that the waiver was knowingly, voluntarily, and understandingly made. *Bartlett v. United States*, 354 F.2d 745, 748 (8th Cir. 1966). In short, charging by information with a waiver of indictment is a method of ensuring defendants may proceed to a guilty plea before waiting for an indictment by a grand jury in districts where they do not regularly convene – thus avoiding substantial pretrial detention.

Mr. Briscoe has not knowingly, voluntarily, or understandingly waived indictment. While not binding precedent, it is interesting to note that the Department of Justice Criminal Resource Manual states that a "prosecuting attorney files the information with the judge or magistrate but the filing does not occur until the defendant waives prosecution by indictment…". http//www.justice.gov/archives/jm/criminal-resource-manual-206-when-information-may-be-used. The Department of Justice as a party to the proceedings has admitted the information has not been "filed" since Mr. Briscoe has not waived indictment. By filing the information without a waiver of indictment, the government has failed to comply with Rule 7(b) and the information against Mr. Briscoe should be stricken from the record.

B. Rule 9

The government has also failed to comply with Rule 9, which states:

(a) Issuance. The court *must* issue a warrant – or at the government's request, a summons – for each defendant named . . . in an information if one or more affidavits accompanying the information establish probable cause to believe that an offense has been committed and that the defendant committed it. *Emphasis supplied*.

Here, the government has failed to involve "the court" in any manner with regard to filing the Information. Instead, it was filed as if it was a simple pleading – not a charging document that triggers constitutional protections and Rule 9. The Information was filed without an accompanying affidavit, a request for a warrant, or summons. The Fourth Amendment protects

individuals against the issuance of a warrant for arrest without a determination of probable cause by a neutral magistrate. See *United States v. Pickard*, 207 F.2d 472, 475 (9th Cir. 1953). While an indictment itself is sufficient to establish the existence of probable cause, the same is not true of an information. The Notes of the Advisory Committee on 1979 amendments to Rule 9 recognize that the Supreme Court in Gerstein v. Pugh, 420 U.S. 103 (1975), rejected the contention "that the prosecutor's decision to file an information is itself a determination of probable cause." Rather, probable cause for the issuance of a warrant based on an information should be determined by someone independent of police and prosecution. See *Shadwick v. City of Tampa*, 407 U.S. 345 (1972); See also *McNabb v. United States*, 318 U.S. 322, 343 (J. Frankfurter stating, "[t]he awful instruments of the criminal law cannot be entrusted to a single functionary.").

Rule 9 ensures an accused is charged consistent with the Fourth Amendment after an indictment issues based upon probable cause or a neutral and detached magistrate finds probable cause **to issue** an information.

The government has not followed the Rule 7 or Rule 9.  Having failed to do so, the information must be stricken from the record.

For these reasons, Andre Briscoe requests that this court strike the information from the record.

                    Respectfully submitted,

                    --s-
                    _____

                    Teresa Whalen
                    Law Office of Teresa Whalen
                    801 Wayne Ave., Ste. 400
                    Silver Spring, MD 20910
                    301-728-2905