IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Case No: DKC 20-0139 |
| ANDRE BRISCOE, | * | |
| Defendant. | * | |
| | * | |

## DEFENDANTS MOTION TO DISMISS ALL COUNTS FOR FAILURE TO INDICT WITHIN THE STATUTE OF LIMITATIONS

Comes now Andre Briscoe, by and through undersigned counsel, and moves to dismiss the Complaint filed in 20 CBD-1328 and the Information filed in DKC 20-139 and for reasons states as follows:

## INTRODUCTION

1. On May 20, 2020, Mr. Briscoe was arrested on a complaint filed in 20-CBD-1328 that alleges that beginning no later than April 2015 and continuing through on or about May 27, 2015 he agreed with one or more persons to distribute and possess with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 846 and that on May 27, 2015, the defendant possessed with the intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 841.

2. An initial appearance was held on May 22, 2020 and Mr. Briscoe was temporarily detained. On June 1, 2020, Mr. Briscoe was detained pending trial. A preliminary hearing was held on June 5, 2020 in 20-CBD-1328 and a finding was made that there is probable cause to believe a crime was committed and that Mr. Briscoe committed the crimes.

3. On May 26, 2020, the Assistant United States Attorney notified undersigned counsel that an information had been filed on that date in DKC 20-139 that alleged the following:

> Count One – Conspiracy to Distribute and Possess with the Intent to Distribute Controlled Substances beginning no later than March 2015 and continuing in or about June 2015 in violation of 21 U.S.C. § 841.
>
> Count Two – Possession with Intent to Distribute Controlled Substances on or about May 27, 2015 in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.
>
> Count Three – Possession of a Firearm and Ammunition by a Prohibited Person on or about May 27, 2015 in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 2.

4. On June 5, 2020, the Information was served on the defendant at Chesapeake Detention Facility. On June 8, 2020, Mr. Briscoe filed a Motion to Strike Information From the Record. To date the government has not responded and this motion is pending. The Government filed Motion to Exclude Time Within Which to Indict Pursuant to the Speedy Trial Act. Mr. Briscoe filed an objection to this motion. This motion is pending.

5. The government has failed to charge Mr. Briscoe within the statute of limitations period set forth by 18 U.S.C.A. § 3282; did not provide Mr. Briscoe with proper notice to defend the charges; and as a result, Mr. Briscoe has incurred substantial prejudice. For these reasons, all counts should be dismissed.

**ARGUMENT**

Under 18 U.S.C. § 3282(a), "[e]xcept as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." A statute of limitations is designed to protect individuals from having to defend

themselves against charges when basic facts may have become obscured by passage of time and to minimize danger of official punishment because of acts in the far distant past. *Toussie v. United States*, 397 U.S. 112, 114-115 (1970). Criminal statutes of limitation are to be liberally interpreted in favor of repose. *Toussie*, 397 U.S. at 115; *See also United States v. Marion*, 404 U.S. 307, 322 (1971). These statutes provide predictability by specifying a limit beyond which there is an irrebuttable presumption that a defendant's right to a fair trial would be prejudiced. *Id*. The Supreme Court described the statute of limitations as follows:

> [I]n their conclusive effects are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber . . . [t]he theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them.

*Order of R. Telegraphers v. Railway Express Agency, Inc.*, 321 U.S. 342, 348-349 (1944). Moreover, the Supreme Court has recognized that a bar on prosecution outside the statute of limitations may appear to be an injustice, but Congress has set statutes of limitation that must be followed. Thus, in *Toussie v United States*, *supra,* at 123-124, the Supreme Court stated:

> There is no doubt that the jury found that Toussie willfully failed to register and thereby subject himself to the same possibility of military service that faces other young men who fully comply with their legal obligations. There is some cause to feel that dismissal of the indictment in such a case is an injustice in a society based on full and equal application of the laws. But while Congress has said that failure to register is a crime, it has also made prosecution subject to the statute of limitations. "Every statute of limitations, of course, may permit a rogue to escape," *Pendergast v. United States,* 397 U.S. 112, 124, 317 U.S. 412, 418 (1943), but when a court concludes that the statute does bar a given prosecution, it must give effect to the clear expression of congressional will that in such a case "no person shall be prosecuted, tried, or punished."

The government failed to file an indictment within the five year statute of limitations and thus, the charges must be dismissed.

**A. Five years from the date of the charged conspiracy has passed and the charges must be dismissed.**

As noted above, Mr. Briscoe is charged by way of a Complaint that alleges that

3

beginning no later than April 2015 and continuing through on or about May 27, 2015 he was involved in a drug conspiracy and that on May 27, 2015 he conspired to distribute or possess with the intent to distribute 100 grams or more of heroin. The statute of limitations is governed by 18 U.S.C.A. §3282(a). The government may not prosecute, try, or punish Mr. Briscoe for conduct unless the indictment is found or the information is instituted within five years of this conspiracy. The plain language in the complaint is that the conspiracy was over on May 27, 2015. Mr. Briscoe has not been indicted to date.

An information can be filed under Fed. Rule of Crim. Proc. 7 in only two instances:

> 7(a)(2) Misdemeanor. An offense punishable by imprisonment for one year or less may be prosecuted in accordance with Rule 58(b)(1).
>
> (b) Waiving Indictment. An offense punishable by imprisonment for more than one year may be prosecuted by information if the defendant – in open court and after being advised of the nature of the charge and of the defendant's rights – waives prosecution by indictment.

The Complaint alleges offenses that are punishable by imprisonment for more than one year. As such, Rule 7(a)(2) does not apply. Mr. Briscoe has not waived indictment so the information cannot be filed pursuant to the rules. The information filed in Criminal Case No. DKC 20-139 has not instituted charges against Mr. Briscoe for purposes of meeting the statute of limitations.[1] Indeed, Mr. Briscoe has not had an initial appearance upon the information. Rule 5 of the F.R.C.P. does not even contemplate an initial appearance upon an information, thereby bolstering and supporting that one cannot be filed in the manner in which the government contemplated on May 26, 2020, just one day prior to when the statute of limitations bars prosecution. Mr. Briscoe is being held on a Complaint, not an information. Charges instituted, therefore, arise from the Complaint.

---

[1] As argued in defendant's Motion to Strike Information from the Record, the information has no force or effect as it was filed in violation of Fed.R.Crim.Proc. 7 and 9.

An essential purpose of the statute of limitations is to give the defendant notice within a specific time frame of the charges against him. Notice to Mr. Briscoe of the existence of an information was on June 6, 2020. The counts in the information expand the dates of the alleged conspiracy and add a completely new charge in Count Three. Thus, even if the charges in the information had been properly filed pursuant to Rule 7 (with Mr. Briscoe's waiver of indictment), notice was not given to the defendant within the statute of limitations.

This Court should dismiss all Counts against Mr. Briscoe for the governments failure to charge him within the five-year statute of limitation period set forth under 18 U.S.C § 3282.

### B. Mr. Briscoe has been prejudiced by the government's delay.

The statute of limitations has run on the counts filed against Mr. Briscoe and there is a "irrebuttable presumption" that his right to a fair trial is now prejudiced. *Marion*, 404 U.S. at 322. The government in this case has allowed the evidence to become stale, memories to fade, and potential witnesses to disappear. It is the legislative intent of the drafters of 18 U.S.C. § 3282 that, in the relevant interest of society, defendants who have lost their means of defense may have repose. *See Id*. It was recognized by the Supreme Court in *Toussie* that, "such a time limit may also have the salutary effect of encouraging law enforcement officials promptly to investigate suspected criminal activity." *Toussie*, 397 U.S. at 114-115.

The government here has failed to meet the requirements of the timeframe specified by Congress. Mr. Briscoe's right to a fair trial and due process is now prejudiced, and all counts should be dismissed as a result.

C. **Conclusion**.

For the reasons set forth, Mr. Briscoe requests that this court dismiss all charges filed in 20 CBD-1328 and the Information filed in DKC 20-139.

Respectfully submitted,

-s-

_____

Teresa Whalen
Law Office of Teresa Whalen
801 Wayne Ave., Ste. 400
Silver Spring, MD 20910
301-728-2905