**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. DKC-20-139** |
| | * | |
| **ANDRE RICARDO BRISCOE,** | * | **REDACTED** |
| aka "Poo" | * | |
| | * | |
| **Defendant.** | * | |
| | ******* | |

## GOVERNMENT'S OPPOSITION TO
## DEFENDANT'S MOTION TO STRIKE THE CRIMINAL INFORMATION

On Friday, May 22, 2020, federal law enforcement agents arrested defendant Andre Ricardo Briscoe, a/k/a "Poo," on a criminal complaint and an accompanying arrest warrant signed two days earlier by U.S. Magistrate Judge Charles B. Day. The complaint charged Briscoe with conspiracy to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 846, and with possession with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 841. Briscoe was brought before this Court and had his initial appearance that same day.

The following Tuesday, May 26, 2020, the United States Attorney's Office filed a criminal information charging Briscoe with those same violations, and also with unlawful possession of a firearm by a person previously convicted of a felony pursuant to 18 U.S.C. § 922(g)(1). This information was filed to toll the possible running of the five-year statute of limitations applicable to these offenses, which had a core of criminal conduct that occurred sometime between 8:30 a.m. on May 27, 2015, and shortly after midnight on May 28, 2015.[1] At the time the government filed the information against Briscoe, it was not possible to obtain an indictment: as a result of the

---

[1] To be clear, the government does not concede that May 27, 2020, was the limitations date as to all of the pending charges, but anticipates the defense will certainly argue that it was.

COVID-19 pandemic and the subsequent shutdown orders issued by Maryland Governor Larry Hogan and the Standing Orders of this Court, all grand juries have been suspended in this district since approximately March 13, 2020.

Briscoe now moves to strike the information, asserting that it does not comply with Federal Rule of Criminal Procedure 9 because the government did not obtain an arrest warrant or summons in connection with the filing and, further, that it does not comply with Federal Rule of Criminal Procedure 7(b) because he has not waived his right to indictment. He is wrong on both grounds.

Although Rule 9 mandates that the Court "must issue a warrant" (or a summons) if an affidavit accompanying the warrant establishes the existence of probable cause, in this case such a request was unnecessary, and would have been redundant, given that probable cause had already been established by the agent's affidavit submitted to Magistrate Judge Day six days earlier, and the defendant had already been arrested and had his initial appearance based upon those papers. Nor is there anything untoward or improper about filing an information without the simultaneous submission of an affidavit because "the probable cause determination is not a constitutional prerequisite to the charging decision." *Gerstein* v. *Pugh*, 420 U.S. 103, 125 n.26 (1975).

Rule 7(b) likewise "does not forbid *filing* an information without a waiver; it simply establishes that *prosecution* may not proceed without a valid waiver." *United States* v. *Burdix-Dana*, 149 F.3d 741, 742 (7th Cir. 1998) (emphasis added). Put differently, while the "absence of a valid waiver . . . bars acceptance of a guilty plea or a trial on the relevant charges," absence of a waiver does not "make the filing of the information a nullity." *Id.* Instead, the filed information will suffice, for example, to toll a statute of limitations (as the government, if necessary and at the appropriate juncture, will argue it does here). *Id.* at 742-43. In short, Rule 7(b) provides no basis to strike the information.

Finally, the Federal Rules of Criminal Procedure empower the Court to "strike" from an information only "surplusage," nothing more. Fed. R. Crim. P. 7(d). The defendant's arguments, which seek to invalidate a charging document in its entirety and to deprive it of any legal force, in fact seek the remedy of dismissal. The defense is trying to re-characterize its desired remedy because 18 U.S.C. § 3288 provides that, if an information is dismissed "for any reason after the period prescribed by the applicable statute of limitations has expired," the government then has six months from the date of dismissal (or, if no regular grand jury is in session at the time of dismissal, within six calendar months of the date the next regular grand jury is convened) to seek a new indictment, which would "not be barred by any statute of limitations." 18 U.S.C. § 3288. The defense's effort to recast what is clearly a motion to dismiss as a motion to strike attempts to circumvent the clear and direct language of that statute—and of Congress's intent in enacting that provision—by obtaining an order that "strikes" the information, rather than one that dismisses it.

The Court should reject the defense's gamesmanship and deny its motion to strike. The Court of course may subsequently consider whether dismissal of the information is justified based upon the submission by the defense of a properly framed motion that seeks the appropriate form of relief.

## FACTUAL BACKGROUND

## PROCEDURAL HISTORY

On Wednesday, May 20, 2020, the Honorable Charles B. Day signed a criminal complaint, supported by an affidavit of probable cause signed by ATF Special Agent Javon Weaver, charging the defendant with conspiring between April 2015 and May 27, 2015, to distribute and possess with the intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846, and on or about May 27, 2015, possessing with the intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 841. 20-mj-1328-CBD (under seal). An arrest warrant was signed the same day. The defendant was arrested two days later on Friday, May 22, 2020. At that time, after waiving his *Miranda* rights, the defendant made a full confession to the drug conspiracy.[2]

3

On Tuesday, May 26, 2020, the government filed a criminal information charging Briscoe with conspiring from March to June 2015 to distribute and possess with the intent to distribute 100 grams or more of heroin and, on May 27, 2015, possessing with the intent to distribute 100 grams or more of heroin and a firearm he was prohibited from having as a result of a felony conviction.

---

[2] The government provided the audio recording of the defendant's statements to the defense and the recording is available to the Court upon request.

3

Crim. Case No. DKC 20-00139 (ECF 1). Defense counsel was provided with an electronic copy of the information the same day.

On Monday, June 1, 2020, following a video hearing, the Honorable J. Mark Coulson detained the defendant pending trial finding he was a danger to the community. ECF 4. At the end of the hearing, the government raised the need to arraign the defendant on the criminal information. Defense counsel objected that no arraignment should be held because the defendant had not received personal service of the information.

On Friday, June 5, 2020, the defendant was set for a preliminary hearing on the criminal complaint. Prior to the video hearing, the defendant was provided, in person, with a paper copy of the information. He was also provided an opportunity to consult with counsel. At the outset of the hearing, the Honorable Thomas M. DiGirolamo asked the parties if the defendant should first be arraigned on the information. The government agreed that he should. The defendant, however, declined to consent to a video arraignment on the information despite acknowledging that the defendant had the paperwork available, it was only five pages in length, and two of the three charges included in it were the same as those advanced in the complaint upon which the defendant was arrested. Consequently, the parties proceeded to a preliminary hearing on the complaint. Judge DiGirolamo found probable cause to bind the defendant over on those charges and specifically found probable cause to believe the defendant had knowingly participated in a conspiracy to distribute and possess with the intent to distribute 100 grams or more of heroin between March and June 2015, and had knowingly possessed with the intent to distribute 100 grams or more of heroin on May 27, 2015.

On the following Monday, June 8, 2020, the defendant filed this motion to strike the information.

## <u>THE LEGAL FRAMEWORK</u>

There are at least two constitutional provisions, two Federal Rules of Criminal Procedure, and two statutory provisions relevant to the defendant's motion. They include, in pertinent part:

- The <u>Fourth Amendment</u>, which guarantees that "no warrants shall issue, but upon probable cause, supported by oath or affirmation."

- <u>Federal Rule of Criminal Procedure 9</u>, which provides that "[t]he court must issue a warrant—or at the government's request, a summons—for each defendant . . . named in an information if one or more affidavits accompanying the information establish probable cause to believe that an offense has been committed and that the defendant committed it.

  Rule 9 recognizes and protects the Fourth Amendment's guarantee by requiring, in the event a defendant is arrested or summonsed on an information, the restriction on the defendant's liberty has been supported by an oath or affirmation establishing probable cause to believe the defendant committed the crimes charged thereby.

- The <u>Fifth Amendment</u>, which guarantees that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury."

- <u>Federal Rule of Criminal Procedure 7</u>, which provides:

  o (a)(1)(B) that "An offense (other than criminal contempt) must be prosecuted by an indictment if it is punishable . . . by imprisonment for more than one year," but also recognizes that,

  o (b) "[a]n offense punishable by imprisonment for more than one year may be prosecuted by information if the defendant—in open court and after being advised of the nature of the charge and of the defendant's rights—waives prosecution by indictment "

  Rule 7(a) and 7(b) serve to protect a defendant's Fifth Amendment right in felony cases to prosecution on an indictment returned by a grand jury, but also recognize that right can be waived.

- <u>Title 18, United States Code Section 3282</u>, which states: "Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed."

  Section 3282 protects a defendant's ability to present a defense by requiring that criminal charges of the character of those here be filed within five years of the date of the offense.

- <u>Title 18, United States Code Section 3288</u>, which provides: "Whenever an indictment or information charging a felony is dismissed for any reason after the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned in the appropriate jurisdiction within six calendar months of the date of the dismissal of the indictment or information, . . . , or, if no regular grand jury is in session in the appropriate jurisdiction when the indictment or information is dismissed, within six calendar months of the date when the next regular grand jury is convened, which new indictment shall not be barred by any statute of limitations. This section does not permit the filing of a new indictment or information where the reason for the dismissal was the failure to file the indictment or information within the period prescribed by the applicable statute of limitations, or some other reason that would bar a new prosecution."

Section 3288 ensures that whenever an indictment or information is dismissed for any reason, the government has a six month grace period to obtain new charges, provided the dismissal was for a reason that is capable of being cured. In other words, § 3288 permits the government, upon dismissal, six months to do that which it always had a right to do in the first place.

The government's actions in this case give effect to all of these provisions and is prohibited by none.

## <u>ARGUMENT</u>

The defendant raises two grounds as a basis for striking the information: first, because it does not comply with Federal Rule of Criminal Procedure 9, which the defendant says requires the government to obtain an arrest warrant or summons upon filing; and, second, because the defendant says it does not comply with Federal Rule of Criminal Procedure 7(b), which absent a waiver prohibits prosecution of a felony by information.

Neither of these Rules was contravened by the filing of the information here. The defendant's motion to strike should be denied.

## I. Rule 9 Does Not Require the Government to Obtain an Arrest Warrant or Summons, or to Submit an Affidavit to the Court, in Connection with the Filing of an Information.

Rule 9 states in relevant part:

> The *court* must issue a warrant—or at the government's request, a summons—for each defendant named in an indictment or named in an information *if* one or more affidavits accompanying the information establish probable cause to believe that an offense has been committed and that the defendant committed it.

(emphasis added). By its own terms this Rule requires the *court* to act—that is to issue a warrant or a summons—"if" the government submits an affidavit accompanying the information that establishes probable cause to believe the defendant committed the crimes charged. The Rule does not require the *government* to request such warrant or summons. Rather, consistent with the Fourth Amendment's mandate, Rule 9 requires only that any restraint on a defendant's liberty effectuated by an arrest warrant or summons issued on an information be supported by an affidavit establishing probable cause.

To the extent that principle has any relevance to these proceedings, it has been satisfied. Here, the court issued an arrest warrant for the defendant on the criminal complaint that was supported by a sworn affidavit. Three different federal magistrate judges found that affidavit (and, with respect to the preliminary hearing, additional testimony and evidence presented) established probable cause for the crimes alleged. Upon lawfully securing the defendant's presence in front of this Court, the government was not required by Rule 9, four days later, to go to the facility where Briscoe was housed—in the custody of the federal government—and arrest him *again*. Nor was the government required to obtain a summons for his arraignment. A summons is nothing more than an alternative means of securing the Court's jurisdiction over the defendant, which had already been obtained.

Moreover, even if Rule 9 did require the government to seek the issuance of a warrant or summons (which it does not), nothing in Rule 9 indicates that a criminal information is rendered generally defective by virtue of the absence of a warrant or summons. The information was filed and properly provided notice to the defendant of the institution of criminal charges against him (although, of course, as a practical matter he had notice as of his arrest four days earlier). No warrant or summons was needed or required under the circumstances presented here. In short, Rule 9 does not provide a basis to grant the defendant's motion.

**II.     Rule 7 Does Not Prohibit the Government from *Instituting* Charges by Filing an Information Without a Waiver, Although the Government Must Subsequently Either Secure a Waiver or Proceed by Indictment in Order to *Prosecute* Charges to a Conclusion.**

Rule 7(b) likewise does not support the defendant's motion to strike. Rule 7(b) states that: "An offense punishable by imprisonment for more than one year may be prosecuted by information if the defendant—in open court and after being advised of the nature of the charge and of the defendant's rights—waives prosecution by indictment."

But Rule 7(b)'s prohibition on *prosecution* of a felony by information, absent a waiver, must be distinguished from the *institution* of felony charges by the filing of an information. Section 3282 of Title 18 provides the statute of limitations for most (non-capital) felony offenses. It provides:

> Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found *or the information is instituted* within five years next after such offense shall have been committed.

(emphasis added). The Seventh Circuit in *United States v. Burdix-Dana*, 149 F.3d 741 (1998), *cert. denied*, 525 U.S. 1180 (1999), explained the distinction between these two provisions, and upheld the government's determination to *institute* a felony offense—without a waiver—by filing

a criminal information, but to ultimately prosecute the defendant by an indictment returned after the statute of limitations had passed.

In *Burdix-Dana*, the government on February 20, 1997, filed a criminal information charging the defendant with filing a false, fictitious, or fraudulent claim upon the United States Treasury, an offense with a five year statute of limitations as reflected in 18 U.S.C. § 3282. *Id.* at 742. The information alleged that the offense had occurred on February 24, 1992. *Id.* Twelve days later, on March 4, 1997, a grand jury returned an indictment for the same offense. *Id.* On March 13, 1997, the government moved voluntarily to dismiss the information, and that motion was granted the next day. *Id.* The defendant subsequently moved to dismiss the indictment arguing it was untimely. *Id.* The district court denied the motion and the defendant appealed. *Id.*

On appeal, the Seventh Circuit considered "whether filing an information with the district court is sufficient to 'institute' the information as that language is used in the statute of limitations, 18 U.S.C. § 3282." *Id.* The defendant urged the court to "equate 'institute' with the ability to proceed with a prosecution" and therefore to hold that "in a felony proceeding, an information is not 'instituted' until the defendant has waived her right to an indictment and prosecution may proceed." *Id.* The Seventh Circuit declined to do so, holding instead that "Rule 7(b) does not forbid filing an information without a waiver; it simply establishes that prosecution may not proceed without a valid waiver." *Id.* Accordingly, although the court "recognize[d] that the absence of a valid waiver of prosecution by indictment bars the acceptance of a guilty plea or a trial on the relevant charges," it did not "believe the absence of this waiver makes the filing of an information a nullity." *Id.* The Seventh Circuit explained that nothing in the statutory language of § 3282 required a *prosecution* to be instituted before the expiration of the five year period; rather, an indictment must be found or an information instituted before that time. *Id.* at 743. Thus,

the Seventh Circuit concluded "that the filing of the information is sufficient to institute it within the meaning of 18 U.S.C. § 3282." *Id.*

The Seventh Circuit's conclusion was premised in part on an earlier decision of the Tenth Circuit in *United States v. Cooper*, 956 F.2d 960 (1992), and both have been followed by several district court cases.[4] In *Cooper*, the Tenth Circuit considered whether an information that was not in fact docketed until after the passing of the limitations period, following an arraignment and guilty plea, was timely. *Id.* at 960. It held, of course, the information was not. *Id.* at 963. In reaching its conclusion the Tenth Circuit rejected the district court's "misconception" that an information could not be docketed until the defendant waived her right to indictment in open court, concluding: "Rule 7(b) does not prohibit the filing of an information in the absence of waiver of indictment by the defendant. Instead, the rule proscribes prosecution without waiver. Therefore, the information could have been filed within the period of limitations, thus providing a valid basis for the prosecution." *Id.* at 962-63.

A few years later, in *United States v. Watson*, 941 F. Supp. 601 (1996), a district court in the Northern District of West Virginia considered a slightly different scenario: The defendant in *Watson* entered into a written agreement with the government that anticipated a waiver of

---

[4] *See, e.g.*, *United States* v. *Marifat*, 2018 WL 1806690 (E.D. Cal. Apr. 17, 2018) (where an information was timely filed, and the defendant waived indictment and pled guilty, the withdrawal six years later of the guilty plea did not render subsequent indictment by the government untimely; although the plea was invalid, the filing of the information timely instituted the charges and § 3288 permitted the government a grace period to file an indictment); *United States* v. *Stewart*, 425 F. Supp. 2d 727 (E.D. Va. 2006) ("accept[ing] the distinction between filing a criminal information for the purposes of tolling the statute of limitations—an affirmative defense and not a constitutional right—and accepting a waiver of indictment for the purposes of actually prosecuting the defendant"); *United States* v. *Hsin-Yung*, 97 F. Supp. 2d 24, 28 (D.D.C. 2000) (filing of an information without a waiver for venue purposes does not nullify a subsequently filed indictment because the filed information is a "legitimate charging document[]"); *but see United States* v. *Machado*, 2005 WL 2886213 (D. Mass. Nov. 3, 2005) (information did not toll statute of limitations unless accompanied by valid waiver of indictment).

indictment and a plea to an information. *Id.* at 601. Although the information was filed prior to the passing of the statute of limitations, the Rule 11 hearing was not set to occur until after the limitations date had passed. *Id.* at 602-03. At the time of the hearing, the defendant advised the court that he no longer intended to waive his right to indictment, and then argued that the statute of limitations had run. The court, relying on *Cooper*, reasoned that "the filing of the information, and not the Rule 7(b) waiver of indictment, is the event critical to tolling the applicable limitations period," and held that an "information is 'instituted' when it is filed with the clerk of court." *Id.* at 603.

The conclusion of these courts that the "institution" of an information is distinct from its use in ultimately proceeding to the conclusion of a prosecution is consistent with the well-established line of cases holding that an indictment is "found" when returned by the grand jury, and not upon its unsealing or the defendant's initial appearance upon it. *See, e.g.*, *United States* v. *Thompson*, 287 F.3d 1244, 1249-51 (10th Cir. 2002) (analogizing the filing of an information upheld in *Burdix-Dana* to the indictment context and holding "an indictment is 'found' under 18 U.S.C. § 3282 when the grand jury votes to indict the defendant and the foreperson subscribes the indictment as a true bill"); *United States* v. *Srulowitz*, 819 F.2d 37, 40 (2d Cir. 1987) (unless a defendant can show actual prejudice resulting from a sealing order, "[f]or the purpose of tolling the statute of limitations, an indictment is 'found' when it is returned by the grand jury and filed"); *United States* v. *Ramey*, 791 F.2d 317, 320 (4th Cir. 1986) ("An indictment returned in open court within the time allowed under the criminal statute of limitations, 18 U.S.C. § 3282, as was the indictment in this case, is a timely indictment."). Although these later proceedings are surely

necessary to proceed with the *prosecution* of the defendant, the charges are *found* under § 3282 on the date when the indictment is returned.[5]

In light of the foregoing authority, there is no basis under Rule 7(b) to grant the defendant's motion to strike. The filing of the information to toll the statute of limitations was permissible and appropriate, particularly in light of the extraordinary and unprecedented circumstances that have resulted in the suspension of all grand juries in this District since approximately March 13, 2020.[6] Moreover, unlike a sealed indictment, the information publicly filed here—particularly when coupled with the criminal complaint and the detailed 12-page affidavit upon which it was based— provided the defendant with notice of the nature and factual basis of the charges brought against him, thereby enabling him to proceed in the preparation of his defense.

That is not to say the defendant is without recourse to exercise his constitutional right, as recognized in Rule 7(b), to demand that the prosecution against him proceed upon indictment. He was and is free to move the Court for *dismissal* of the information on the basis of his refusal to

---

[5] This is so even though, in the context of a sealed indictment, the defendant typically does not have notice of the charges filed against him.

[6] The Court is no doubt aware of the extraordinary circumstances that have been in place in this District, and throughout the country, since the onset of the COVID-19 pandemic. Grand Jury proceedings (along with numerous other criminal proceedings) have been suspended since March 13, 2020. *See* Standing Orders 2020-03 (Second Amended) through 2020-12. In this situation, the government charged the instant matter in a way that was not only permitted by the law (as discussed in *Burdix-Dana* and the other cited cases), but was appropriate given the unprecedented circumstances. Indeed, even during the Civil War, which witnessed armed struggle in the streets of Baltimore a few blocks from the federal court house, grand juries continued to meet. *See* Jonathan W. White, *Forty-Seven Accounts Eyewitness Accounts of the Pratt Street Riot and its Aftermath*, 106 MARYLAND HISTORICAL MAGAZINE 70 (Spring 2011) (discussing and quoting testimony taken during the Federal grand jury investigation of the April 1861 Pratt Street riot during the sessions of the grand juries that met in the summer and fall of 1861). Nonetheless, as contemplated by the Court's Standing Order No. 2020-21 (issued June 17, 2020), the government anticipates it will not be long before an indictment could be returned against the defendant. If, at the time, the information remains pending, then the government will argue under well-established law that the indictment relates back to the filing of the information for statute of limitations purposes. *See, e.g.*, *United States* v. *Snowden*, 770 F.2d 393, 398 (4th Cir. 1985).

waive indictment. If granted, that dismissal would be for a reason other than the untimely filing of charges (indeed, the defendant's motion does not even suggest the information was untimely filed). Consequently, upon such dismissal, the government will be permitted under § 3288 to do that which it was always entitled to do—bring the charges against the defendant via an indictment returned within six months of dismissal or, if no regular grand jury is sitting within that period, within six months of the date it is next convened. *Accord Watson*, 941 F. Supp. at 604 n.5 (the defendant's refusal to waive indictment "might indeed compel the Court to dismiss the information," but under § 3288 "his subsequent indictment on the charges contained in the [timely filed] information would not be barred"); *cf. Burdix-Dana*, 149 F.3d at 743 (rejecting the defendant's argument that "equating 'instituted' with 'filed' and then applying 18 U.S.C. § 3288" allows "prosecutors to file an information, wait indefinitely, then present the matter to a grand jury well beyond the statute of limitations but within six months of the dismissal" because that scenario arises only if the defendant "waits indefinitely" "to pursue dismissal on her own behalf").

In an effort to circumvent both the express language and clear intent of § 3288, the defendant has instead tried to resort to artful pleading by moving to *strike* the information, rather than seeking its dismissal. Federal Rule of Criminal Procedure 7(d) authorizes a court to "strike" only "surplusage" in an indictment or information. *See also United States* v. *Williams*, 445 F.3d 724, 733 (4th Cir. 2006) ("a motion to strike surplusage from the indictment should be granted only if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial"). The defendant has cited no case in which an entire charging instrument has been "stricken" from the docket. The reason for the dearth of authority on this point is because it is not

permitted.  If the defendant truly wishes to invoke his right to prosecution by indictment, then he must do so by means of a motion to dismiss.[7]

## **<u>CONCLUSION</u>**

For the foregoing reasons, the defendant's motion must be denied.

Respectfully submitted,

Robert K. Hur
United States Attorney

_____/s/_____
Dana J. Brusca
Michael C. Hanlon
Assistant United States Attorneys

36 S. Charles Street
Baltimore, Maryland 21201
(410) 209-4800

---

[7] Particularly in light of his full confession and the uncertainty of the grand jury's next session, the defendant may yet determine to waive his right to indictment and proceed to trial.  Indeed, even were the Court to dismiss the information, the defendant would presumably be held detained on the pending criminal complaint.  *Cf.* Fed. R. Crim. P. 12(g) (permitting the court to detain a defendant even after dismissal until a new charging instrument is filed).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** on this 22nd day of June 2020, a redacted copy of the foregoing was served via ECF on all counsel of record and that a fully unredacted copy of the filing was served on Teresa Whalen, Esq. via email.

_____/s/_____
Dana J. Brusca
Assistant United States Attorney