IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | CRIMINAL NO. DKC 20-0139 |
| v. | * | |
| | * | |
| ANDRE RICARDO BRISCOE, | * | |
| | * | |
| Defendant | * | |
| | ******* | |

**GOVERNMENT'S MOTION TO EXCLUDE TIME
PURSUANT TO THE SPEEDY TRIAL ACT**

The United States of America, by and through its undersigned attorneys, respectfully moves for an Order to exclude time from the speedy trial calculations pursuant to 18 U.S.C. § 3161(h), and for cause states as follows:

1. On May 20, 2020, United States Magistrate Judge Charles Day found probable cause to issue a (sealed) criminal complaint and arrest warrant for defendant Andre Briscoe (hereinafter "defendant") for conspiring to possess with intent to distribute 100 grams or more of heroin and possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 846 and 841, respectively. Case No. 20-mj-1328-CBD. Agents executed the arrest warrant on May 22, 2020 and took defendant into custody.

2. On May 26, 2020, the United States Attorney for the District of Maryland filed a Criminal Information, charging defendant with conspiring to distribute and possess with intent to distribute controlled substances from March 2015 through June 2015, in violation of 21 U.S.C. § 846, possession with intent to distribute controlled substances on or about May 27, 2015, in violation of 21 U.S.C. § 841, and illegally possessing a firearm on May 27, 2015, in violation of 18 U.S.C. § 922(g).

1

3. On June 1, 2020, U.S. Magistrate Judge Mark Coulson presided over defendant's Detention Hearing and ordered defendant's pretrial detention.

4. On June 5, 2020, U.S. Magistrate Judge Thomas DiGirolamo made a further probable cause finding after presiding over defendant's preliminary hearing. Preliminary hearings are rare in this District but was occasioned by the COVID-19 pandemic and the fact that no grand jury was available to hear the matter in June 2020.

5. On June 8, 2020, defendant filed a Motion to Strike Information (ECF 10) and on June 22, 2020, a Motion to Dismiss the Complaint. Both motions are pending and are tolling the Speedy Trial clock at this time. 18 U.S.C. § 3161(h)(1)(D).

6. On July 1, 2020, the U.S. District Court for the District of Maryland convened the first federal grand jury since the pandemic essentially stopped all in-court operations. The government presented the Briscoe matter on July 1, 2020, and the grand jury returned a three-count indictment the same day. The Indictment charges mirror the Information except that the Indictment broadened the timeframe of the charged conspiracy through October 2015.

| Count | Charge | Date of Offense | Statute |
|---|---|---|---|
| One | Conspiracy to Distribute and Possess with the Intent to Distribute Controlled Substances | March 2015 – October 2015 | 21 U.S.C. § 846 |
| Two | Possession with Intent to Distribute Controlled Substances, | May 27, 2015 | 21 U.S.C. § 841 |
| Three | Possession of a Firearm and Ammunition by a Prohibited Person | May 27, 2015 | 18 U.S.C. § 922(g)(1) |

7. Though currently charged as a drug case, the investigation arises out of the May 27, 2015 double murder of a mother who was, unfortunately, involved in drug trafficking with the defendant, and her 7-year old son who was a witness to the murder of his mother. With a grand jury re-convened during the phased re-opening of the Court, albeit on a reduced

schedule, the government will continue its investigation of the murders. The contemplated murder charges are death eligible. There is no statute of limitations for capital offenses. 18 U.S.C. § 3281.

8. The Speedy Trial Act provides for the exclusion of a reasonable period of delay where the interests of justice so requires. 18 U.S.C. § 3161(h)(7)(A) ("Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel, or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."), To this end, the Court must set forth, "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." Section 3161(h)(7)(B) of Title 18 sets forth the factors the Court shall consider when determining whether the ends of justice have been met, each of which is applicable here:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b)[1], or because

---

[1] Section 3161(b) of Title 18 provides that any "information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested." If no grand jury is in session in that thirty-day period, the Speedy Trial Act provides an additional 30-day period to indict. Here, the grand jury timely

3

        the facts upon which the grand jury must base its determination are unusual or complex.

    (iv)    Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence

9. First, the government proffers that a miscarriage of justice would result absent the time necessary to investigate and indict the related murder charges and to thereafter set a schedule for motions and trial based on the totality of the charges against the defendant rather than the pending drug and firearm charges alone.

10. Second, even without the issues brought about by the COVID-19 pandemic, the case is unusual and complex due to the nature of the investigation and prosecution. It is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this Speedy Trial Act, particularly in light of the relatively rare dispositive motion practice that has been ongoing since the case was charged.

11. Third, because of the COVID-19 crisis, the status of the investigation at the time court operations discontinued (including case developments occurring as recently as February 2020), and the then-looming May 27, 2020 limitations for non-capital substantive charges, the defendant was initially charged by criminal complaint. The government did not indict the murder charges at the same time as the related drug charges because the grand jury's investigation was ongoing and cut short by the pandemic. Section 3161(h)(7)(B)(iii) permits the exclusion of time before trial where indictment is delayed following arrest in a case where "the facts upon which the grand jury must base its determination are unusual or complex." 18

---

returned the drug and gun indictment in the allotted time. The only question is whether to toll the time before which those charges must be brought to trial.

U.S.C. § 3161(h)(7)(B)(iii).  Although this provision is not exactly on all fours with the situation here, the language makes clear that the Speedy Trial Act takes into consideration the time needed to present a complex case to the grand jury.  The drafters of the Act could not have contemplated the added challenges of a national epidemic in the midst of a difficult homicide investigation.  In this regard, the government proffers that an excludable period of ninety (90) days from the filing of this Motion (i.e. October 15, 2020) would allow the grand jury the time needed to complete its investigation and to return a superseding indictment on the murder charges.

12. Finally, the defense will need time to review the discovery materials—which are sizeable and include federal and state reports, numerous recorded interviews and conversations, and voluminous phone records—and to prepare and file motions in furtherance of a trial posture or to resolve the case short of a trial.  To this end, the government has already begun providing discovery on the pending charges.  Further, if capital eligible charges are returned in a superseding indictment, defense counsel will need additional time to prepare arguments against the seeking of the death penalty, and the government will need time to consider and respond to the arguments raised.

13. For each of these reasons, the ends of justice will be served by excluding time for counsel preparation and grand jury indictment in this case, and these ends outweigh the best interest of the public and the defendant in a speedy trial.

14. The government respectfully submits it would be appropriate to set a scheduling conference within one week after the October 15, 2020 proposed deadline set forth above and, at that time, to set in a motions hearing and trial date after taking into consideration the process necessary in all federal death penalty-eligible cases.  At that time, the Court can consider any additional exclusions to the Speedy Trial clock occasioned by any new charges.

WHEREFORE, the Government respectfully request that this Court conclude that the period of time from the date of the defendant's initial appearance (May 22, 2020), through ninety (90) days from the date of the filing of this Motion (October 15, 2020) be excluded from any calculation of the Speedy Trial time limits as set forth in 18 U.S.C. § 3161.

A proposed Order is attached for the Court's consideration

                          Respectfully submitted,

                          Robert K. Hur
                          United States Attorney

                                /s/
By:_____
    Sandra Wilkinson
    Dana M. Brusca
    Michael C. Hanlon
    Assistant United States Attorneys
    United States Attorney's Office
    6406 Ivy Lane
    Greenbelt, MD 20770