**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATS OF AMERICA** | * | |
| v. | * | Case No: DKC 20-0139 |
| **ANDRE BRISCOE,** | * | |
| Defendant. | * | |
| | * | |

**DEFENDANTS OPPOSITION TO GOVERNMENT'S MOTION TO EXCLUDE TIME PURSUANT TO THE SPEEDY TRIAL ACT**

Andre Briscoe, by and through undersigned counsel, opposed Government's Motion to Exclude Time Pursuant to the Speedy Trial Act for the following reasons:

1. On May 20, 2020, Mr. Briscoe was arrested on a complaint filed in 20-CBD-1328 that alleges a conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 846 and that the defendant possessed with the intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 841. On May 26, 2020, the government filed an information in DKC 20-139 that alleges Conspiracy to Distribute and Possess with the Intent to Distribute Controlled Substances in violation of 21 U.S.C. § 841; Possession with Intent to Distribute Controlled Substances in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and Possession of a Firearm and Ammunition by a Prohibited Person in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 2.

2. On July 1, 2020, the Grand Jury issued an Indictment that alleges Conspiracy to Distribute and Possess with Intent to Distribute; Possession with Intent to Distribute Controlled Substances; and Possession of a Firearm and Ammunition by a Prohibited Person. The government alleges they will continue to investigate murder

charges with a future grand jury and intend to bring death eligible counts against Mr. Briscoe.

      3.     In its motion to exclude time pursuant to the Speedy Trial Act, the government seeks an exclusion claiming the "ends of justice" are served by excluding this time outweighs the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(B) states that a judge shall consider in determining whether to grant a continuance:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b) [18 USCS § 3161(b)] or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

In addition, § 3161(h)(7)(C) states that "[n]o continuance under subparagraph (A) of this paragraph shall be granted because of general congestion of the court's calendar, or lack

of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government."

    4.    The government relies only upon conclusory statements in support of its motion while failing to provide any meaningful reasons for needing additional time. This Court cannot properly evaluate the government's request for additional time with the current justifications that have been provided. In *United States v. Toombs*, the Tenth Circuit found that the record must "contain an explanation of why the mere occurrence of the event identified by the party as necessitating the continuance results in the need for additional time."  574 F.3d 1262, 1271-1272 (10th Cir. 2009).  In *Toombs*, defense counsel moved for additional time after being recently appointed to the case without explaining why that extra time was needed.  *Id*.  According to the court, "simply identifying an event, and adding the conclusory statement that the event requires more time for counsel to prepare, is not enough."  *Id.*  Here, the government states that a miscarriage of justice would occur absent necessary time to investigate and indict the related murder charges without specifying why, after the statute of limitations has run, the time is needed.  What's more, the government doesn't indicate how an additional 90 days would aid in their investigation.  The government acknowledges it presented evidence to the grand jury prior to the pandemic, but fails to indicate why it simply did not indict at that time.

    5.    To further justify exclusion of time, the government states that the case is unusual and complex due to the nature of the investigation and prosecution, but provides absolutely no detail as to *why* it is unusual and complex.  The government is simply listing the factors of 18 U.S.C § 3181(h)(7)(B) and adding conclusory statements without

detailing why a continuance is necessary. In *United States v. Ellis*, 781 Fed Appx. 271, 273 (4th Cir. 2019), the Fourth Circuit noted that to review a district court ruling, an appellate court needs an adequate record for review. The district court need not "articulate facts which are obvious and set forth in the motion for continuance itself" but, there must be facts presented that are obvious or, at minimum, set forth in the motion. *Id*. The government's motion should be denied. *See also United States v. Elms,* 2020 U.S. Dist. LEXIS 76594 at *2 ("[t]he government should [offer] something about the specific people and documents involved in the underlying case, why they were unavailable, or what information they were looking for they lacked access to because of teleworking or other conditions created by COVID-19.").

      6.     Discovery to date does not support the claim that this case is unusual or complex.  The drug trafficking allegations span a very short time frame (2 months per the Complaint; 4 months per the Information; and 8 months per the Indictment).  There are no wiretaps, controlled buys, lengthy surveillance, pole camera evidence, etc.  Instead, the allegations of drug activity appear to be based primarily upon cooperator testimony and statements from Mr. Briscoe to law enforcement.  Search warrants were very limited and did not yield complicated or voluminous discovery such as evidence of high level drug dealing or money laundering.  Even the murders themselves, should they even be factored into this equation, are not complex.  The government has had over 5 years to investigate all of the alleged criminal conduct and as such, already has collected cell phone evidence, social media evidence, evidence derived from searches, jail calls, and likely more categories of evidence.

4

7. The government also concludes a miscarriage of justice would occur absent time necessary to investigate and indict related murder charges. This claim, without more, ignores Mr. Briscoe's constitutional right to a speedy trial and right to be indicted within the Statute of Limitations.[1] Without question, the government seeks to violate these constitutional and statutory rights by ignoring the rules and now requesting permission from this Court to exclude time under the Speedy Trial Act to continue to investigate that which should have been done before. It is a miscarriage of justice to run roughshod over Mr. Briscoe's rights. The government can continue its investigation irrespective of these charges and bring additional charges in any manner they lawfully choose, including a state court prosecution for murder. There will not be a miscarriage of justice regarding the murder counts if the government proceeds in a lawful manner.

8. Under 18 U.S.C. § 3161 (h)(7)(C), "[n]o continuance . . . shall be granted . . . because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the government." The COVID-19 crisis has certainly disrupted the court's calendar in unforeseen ways, including the halting of grand jury deliberations. The government in its motion for continuance states that the crisis has added challenges in the midst of a difficult homicide investigation, again, without either stating (1) what those added challenges are or (2) why this homicide investigation is difficult or complex in any way. Without more, the only conclusion is that the government failed to put available witnesses into the grand jury when it could have prior to the pandemic.

---

[1] Mr. Briscoe adopts and incorporates the arguments set forth in his Motion to Dismiss All Counts for Failure to Indict within the Statute of Limitations and Supplemental Motion to Dismiss All Counts.

9.	Finally, the government states that the defense will need additional time to review discovery and that a continuance is warranted on that assessment. The defense, however, will make its own determination whether additional time will be needed and if necessary, take action on behalf of Mr. Briscoe.

For these reasons, Mr. Briscoe submits that government's motion to exclude time pursuant to the Speedy Trial Act is unwarranted and should be denied.

                                                      Respectfully submitted,

                                                      -s-

                                                _____

Teresa Whalen
Law Office of Teresa Whalen
801 Wayne Ave., Ste. 400
Silver Spring, MD 20910
301-728-2905