IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO. RDB-20-139** |
| | * | |
| **ANDRE RICARDO BRISCOE,** | * | |
| aka "Poo" | * | |
| | * | |
| Defendant. | * | |
| | ******* | |

**GOVERNMENT'S REPLY TO DEFENDANTS OPPOSITION TO GOVERNMENT'S MOTION TO EXCLUDE TIME PURSUANT TO THE SPEEDY TRIAL ACT**

In a time of national crisis, when the entire country is in the midst of a pandemic, the Defendant, the target of a double murder investigation involving the 2015 shooting death of a mother and son, claims "the government relies only upon conclusory statements in support of its [speedy trial] motion" and fails to provide "provide any meaningful reasons for needing additional time." An even cursory glance at the record (including a review of the affidavit in support of criminal complaint) shows that, if any case meets the "ends of justice" exception of the Speedy Trial Act, it is this one.

Most important for the Court's purposes, and practically speaking, the Speedy Trial clock **has been tolling since June 8, 2020** with the filing of Defendant's first motion (Motion to Dismiss, ECF 11). The Government filed the Motion under the Speedy Trial clock in part to advise the Court of the unusual and complex nature of the investigation. Defendant's objection to the Speedy Trial Act motion is currently moot by virtue of his own litigation.

Nevertheless, the Government proffers that, until recent, the deaths of the victims in this case went unsolved in Baltimore City. With good law enforcement work, a 2019 lead resulted in a significant advance in the murder investigation. One of the last witnesses in the grand jury

1

before the pandemic closed everything down (including the grand jury) was a person with direct knowledge about the murders. Without the grand jury process so important to the pursuit of justice in the federal criminal justice system, the government remained in a partial holding pattern.

The current drug charges provide important context and motive for the murders of mother and son. While it is those drug charges, and a related gun charge, that the Defendant complains in other motions have due process and limitations issues, the limitations period has NOT expired on the anticipated murder charges. Those charges are being pursued under 18 U.S.C. § 924(j) (Use of a Firearm during a Crime of Violence) and 18 U.S.C. § 1512 (Witness Tampering Murder), both punishable by death. Section 3281 of Title 18 clearly states, "Capital offenses. An indictment for any offense punishable by death may be found at any time without limitation." Defendant's complaint about his right to an indictment within the statute of limitations in the context of the government's pending Speedy Trial motion—which focused on the pendency of the *murder* investigation—is completely without merit.

Defendant cites *United States v. Elms*, 2020 U.S. Dist. LEXIS 76594 (D. Nev. 2020), for the proposition that "[t]he government should [offer] something about the specific people and documents involved in the underlying case, why they were unavailable, or what information they were looking for they lacked access to because of teleworking or other conditions created by COVID-19." In *Elms*, the court held that the evidence on the record did not support a magistrate judge's grant of a government motion to delay preliminary hearings in light of COVID-19. It has no applicability where, as here, the government's motion relates to exclusion of time for a criminal *trial* and where the defendant's own motions are already tolling the speedy trial clock. This is particularly so because the government's request is supported by the Court's own knowledge, appropriately considered a matter of judicial notice, regarding the suspension of grand juries in

this District in light of COVID-19 (such as when proceedings ceased, when they began anew, reduced schedules and other issues). These are matters of grave importance and secrecy and do not need further elaboration.

The "additional 90 days" the government requested in the Speedy Trial Act Motion was an eminently reasonable request based on the status of the grand jury because of COVID-19 and the severity and complexity of the charges under investigation. By filing its Speedy Trial Act tolling motion at or about the same time the defendant filed motions that toll the Speedy Trial Act, the government was alerting the Court of the seriousness of the pending matter and, in fact, provided a target date for additional charges (October 15, 2020). No further information is required or even appropriate at this time. As the Supreme Court stated,

> We consistently have recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings. *See, e. g., United States v. Procter & Gamble Co., supra*. In particular, we have noted several distinct interests served by safeguarding the confidentiality of grand jury proceedings. First, if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment. Finally, by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule.

*Douglas Oil Co. of California v. Petrol Stops NW.*, 441 U.S. 211, 218–19 (1979). Without violating grand jury secrecy, the government has provided ample information for this Court to determine whether any additional brief tolling period is necessary, appropriate and warranted under the law.

Accordingly, the Court should grant the Government's motion and, if necessary, re-visit the tolling issue at the appropriate time if and/or when the grand jury returns capital charges against the Defendant.

Respectfully submitted,

Robert K. Hur
United States Attorney

By: _____/s_____
Sandra Wilkinson
Dana M. Brusca
Michael C. Hanlon
Assistant United States Attorneys

United States Attorney's Office
36 S. Charles St, Suite 400
Baltimore, MD 21201
(410) 209-4800

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** on this 19th day of August 2020, copies of this sealed filing were served on Teresa Whalen, Esq. and William Purpura, Esq. via email.

_____/s/_____
Sandra Wilkinson
Assistant United States Attorney