IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. RDB-20-0139 |
| ANDRE RICARDO BRISCOE, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Defendant Andre Ricardo Briscoe ("Defendant" or "Briscoe") is charged in all three counts of a three-count Indictment (ECF No. 19), to wit: conspiracy to distribute and possess with the intent to distribute controlled substances, in violation of 21 U.S.C. § 846 (Count One); possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1) (Count Two); and possession of a firearm and ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g)(1) (Count Three).

Now pending is Briscoe's Motion to Dismiss All Counts for Failure to Indict within the Statute of Limitations (ECF No. 11) and Supplemental Motion to Dismiss All Counts (ECF No. 24). The parties' submissions have been reviewed, and a remote hearing on this matter was conducted on August 25, 2020. For the reasons stated herein, the Defendant's Motion to Dismiss All Counts (ECF No. 11) and Supplemental Motion to Dismiss All Counts (ECF No. 24) are DENIED IN PART. The parties agree that the arguments presented in their submissions as to Count One are not yet ripe. Accordingly, those arguments shall be held in abeyance and the Motions (ECF Nos. 11 and 24) remain pending.

# BACKGROUND

On May 28, 2015 at approximately 8:26 a.m., a seven-year-old boy (Victim 2) and his mother (Victim 1) were found murdered in their Baltimore home.   (20-mj-1328-CBD, Complaint Aff. ¶ 7, ECF No. 29-1 *SEALED*).   There is evidence that the victims likely died between 11:41 a.m. and 1:29 p.m. on May 27, 2015.   (*Id.* at ¶¶ 10, 15, 20.)   The Government alleges that Briscoe murdered Victim 1 in furtherance of a narcotics distribution conspiracy. (ECF No. 29 at 4-5.)   It is alleged that Victim 1 was a heroin dealer and that Defendant Briscoe was her weekly or twice weekly customer.   (ECF No. 29 at 4.)   Briscoe claims to have been with his cousin on the morning of May 27, 2015, and that, later in the day, he was dropped off on Broadway Street near the Perkins Homes neighborhood in Baltimore.   (ECF No. 29 at 16.)

On Wednesday, May 20, 2020, United States Magistrate Judge Charles B. Day signed a sealed Criminal Complaint and arrest warrant supported by an affidavit of probable cause. The defendant was arrested two days later on Friday, May 22, 2020.   (*See* SEALED docket CBD-20-1328).    On Tuesday, May 26, 2020, the Government filed a Criminal Information charging Briscoe with conspiring from March 2015 to June 2015 to distribute and possess with intent to distribute 100 grams or more of heroin (Count One), possessing with intent to distribute 100 grams or more of heroin on May 27, 2015 (Count Two), and possessing a firearm he was prohibited from having as a result of felony conviction on the same day. (ECF No. 1.)   At that time, an Indictment could not be obtained because Standing Orders of this Court had suspended the convening of all grand juries in this District in light of the COVID-19 pandemic since approximately March 13, 2020.   (ECF No. 15 at 2; ECF No. 29 at 9.)   The

Information was filed because the Government anticipated that Defendant would argue that the statute of limitations expired on May 27, 2020.  The Defendant never waived prosecution by Indictment.

On June 1, 2020, U.S. Magistrate Judge Mark Coulson presided over Briscoe's detention hearing and ordered Defendant's pretrial detention. (Order of Detention, ECF No. 4.)  On June 5, 2020, Magistrate Judge Thomas DiGirolamo made a further probable cause finding after presiding over Defendant's preliminary hearing.  (ECF No. 9.)  Finally, on July 1, 2020, the first grand jury to convene in this District since March 13, 2020, returned the pending Indictment.  (ECF No. 19.)

## ANALYSIS

Briscoe argues that dismissal of Counts Two and Three is appropriate because the Government has failed to abide by the statute of limitations set forth 18 U.S.C. § 3282(a). Briscoe additionally claims that the Government violated his due process rights by unduly delaying the institution of charges in this case.  Briscoe's claims are addressed in turn.

I.   **Counts Two and Three Are Not Barred by the Statute of Limitations.**

18 U.S.C. § 3282(a) requires an indictment to be "found" or an information to be "instituted" within five years of the occurrence of a non-capital offense.  In this case, the parties agree that the relevant statute of limitations deadline is May 27, 2020.  The parties further agree, and it is a matter of record, that an Information was filed within that deadline (on May 26, 2020), but that the Indictment was filed well outside of it (on July 1, 2020).  Finally, the parties agree that the Indictment is only timely if "relates back" to the Information, and if

the Information is valid.  The Defendant argues (1) that an indictment can *never* "relate back" to an information; (2) that the Indictment does not relate back to the Information in this case; and (3) that the Information is invalid because (a) the Defendant did not waive prosecution by Indictment (*see* Fed. R. Crim. P. 7) and (b) the Defendant was not issued a warrant or summons in connection with the Information (*see* Fed. R. Crim. P. 9).

A superseding indictment filed outside of the limitations period may "relate back" to an earlier, timely indictment.  *See United States v. Snowden*, 770 F.2d 393, 398 (4th Cir. 1985). "As long as a superseding indictment does not broaden or substantially amend the original indictment, the superseding indictment relates back to the filing of the original indictment, even if the superseding indictment is filed outside of the statute of limitations period." *United States v. Brown*, 580 F. Supp. 2d 518, 520 (W.D. Va. 2008) (citing *United States v. Grady*, 544 F.2d 598, 601-02 (2d Cir. 1976)).  Although the rule is ordinarily applied as between superseding and original indictments, there is no reason why a subsequent indictment cannot relate back to a preceding, valid information because the two forms of charging documents are treated the same for statute of limitations purposes. *See* 18 U.S.C. § 3282(a).  In this case, Counts Two and Three of the Indictment are identical to Counts Two and Three of the Information and, accordingly, may "relate back" to the Information.

Contrary to the Defendants' arguments, the Information in this case is valid and does not offend Fed. R. Crim. P. 7(b) or 9.  Although Fed. R. Crim. P. 7(b) requires the Defendant to waive an Indictment before being "prosecuted by Information," 18 U.S.C. § 3282(a) requires only that an Information must be "instituted" within the 5-year statute of limitations

period to be timely. The terms "prosecuted" and "instituted" are not equivalent. An information is "instituted" when it is properly filed, regardless of the Defendant's waiver. Further prosecutorial actions—such as a trial or a plea agreement—would require waiver, as Rule 7(b) sets forth. This interpretation comports with the plain language of the statute and Rule, and is consistent with the majority view of those Courts which have addressed this issue. *See United States v. Burdix-Dana*, 149 F.3d 741 (7th Cir. 1998) ("We hold that the filing of the information is sufficient to institute it within the meaning of 18 U.S.C. § 3282."); *United States v. Cooper*, 956 F.2d 960 (10th Cir. 1992) ("Rule 7(b) does not prohibit the filing of an information in the absence of a waiver . . . ."); *United States v. Marifat*, WBS-17-0189, 2018 WL 1806690, at *2-3 (E.D. Cal. Apr. 17, 2018) (following *Burdix-Dana*); *United States v. Hsin–Yung*, 97 F.Supp.2d 24, 28 (D.D.C. 2000) (same); *United States v. Stewart*, 425 F. Supp. 2d 727, 731-35 (E.D. Va. 2006) (same); *United States v. Watson*, 941 F. Supp. 601, 603-04 (N.D.W.Va.1996) (same).[1] Accordingly, the Information in this case satisfies the statute of limitations even though Defendant did not waive his right to an indictment.

As to Defendant's second contention, this Court rules that Fed. R. Crim. P. 9 does not require the issuance of a warrant or summons to render the Information valid. Rule 9 requires the Court to issue a warrant or, if the Government requests, a summons, upon a showing of

---

[1] Defendant cites one case which does not follow *Burdix-Dana*, namely, *United States v. Machado*, RWZ-04-10232, 2005 WL 2886213 (D. Mass. Nov. 3, 2005). In *Stewart*, *supra*, the Eastern District of Virginia declined to follow *Machado* on stare decisis grounds, noting that *Machado* was the only case that departed from *Burdix-Dana*. *Stewart*, 425 F. Supp. 2d at 734-35. For this same reason, this Court declines to follow *Machado*. As in *Stewart*, this Court is satisfied that there remains a distinction between "prosecuting" a Defendant through an Information, which would require waiver of an indictment, and "instituting" an Information for purposes of tolling the statute of limitations, which would not require a waiver. Additionally, *Machado* is distinguishable from this case on the grounds that, as a result of the suspension of grand jury proceedings due to the COVID-19 pandemic, it was impossible for the Government to make full use of the limitations period to obtain an Indictment.

probable cause accompanying an Information. There is nothing in Rule 9 which indicates that the failure to issue a warrant renders the Information a nullity. The rule protects the Defendant only insofar as it requires a probable cause finding before a warrant issues. Nevertheless, it is difficult to imagine how Rule 9 would operate in this case, because Briscoe had been arrested just a few days earlier on an arrest warrant issued in conjunction with the Criminal Complaint. The Complaint apprised Briscoe of the general nature of the charges; and the subsequent Information, filed merely a few days later and within the limitations period, afforded him even more notice. Under those circumstances, the Information is not rendered a nullity merely because the Defendant was not arrested *again* despite already being in federal custody. Accordingly, the Information is valid. Counts Two and Three of the Indictment may "relate back" to the identical counts in the Information, which was filed within the limitations period, and are therefore timely.

## II.   The Government Did Not Violate Briscoe's Due Process Rights through Pre-Indictment Delay.

Defendant claims that his due process rights have been violated by the Government's delay because he can no longer locate a potential alibi witness and because potentially useful surveillance footage has not been preserved. Pre-indictment delay only offends due process when it causes "substantial prejudice" to a defendant's right to a fair trial and only if the delay was an "intentional device" designed to give the Government a "tactical advantage." *United States v. Shealey*, 641 F.3d 627, 633 (4th Cir. 2011) (quoting *United States v. Marion*, 404 U.S. 307, 324, 92 S. Ct. 455 (1971)). The defendant faces a "heavy burden" to show actual, substantial prejudice—that is, that his ability to defend against the Government's charges were

meaningfully impaired by the delay. *Shealey*, 641 F.3d at 633-34 (quoting *Jones v. Angelone*, 94 F.3d 900, 907 (4th Cir. 1996)).  To show prejudice resulting from the unavailability of a witness, the defendant must identify that witness, describe their expected testimony, demonstrate that the defendant has made efforts to locate the witness, and show that the witness's proffered testimony is not available from other sources. *Angelone*, 94 F.3d at 908.

In this case, Defendant has failed to show either "actual prejudice" or that the Government intentionally delayed to gain a tactical advantage.  Briscoe has identified a potential alibi witness only as "a woman" who he visited on the date of the alleged murders. He has not described her testimony or his efforts to locate her. (ECF No. 24 at 4.)  Based on Briscoe's statements to police officers, there are other potential alibi witnesses in this case, including Briscoe's cousin. (ECF No. 29 at 16.)  Furthermore, the loss of CCTV camera footage on Broadway Street near Perkins Homes, where Briscoe claims to have been dropped off on the day of the alleged murders, cannot be attributable to the Government's delay. Briscoe claims that such footage is routinely deleted after 30 days when there has been no request to preserve it.  If that is the case, then the deletion of the footage has nothing to do with the Government's delay.  Rather, it is more likely that the Government did not preserve this footage because Briscoe never made clear to investigators the precise time or location of his arrival in the Perks Homes area. Under those circumstances, the routine deletion of this footage cannot be attributed to the timing of the Government's charges.

Finally, and most importantly, the delay in this matter is attributable to the COVID-19 pandemic, not to any deliberate tactical maneuvering.  Grand Jury proceedings were suspended

between March 13, 2020 and July 1, 2020 to prevent the spread of the novel coronavirus. *See* Standing Orders 2020-03 through 2020-16. Accordingly, the Government was not able to obtain an Indictment during a significant portion of the statute of limitations period. The suspension of these proceedings, though necessary to safeguard the public health, is equally detrimental to the Government and the Defendant. Accordingly, Briscoe's due process claim is without merit.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss All Counts (ECF No. 11) and Supplemental Motion to Dismiss All Counts (ECF No. 24) are DENIED IN PART. The parties agree that the arguments presented in their submissions as to Count One are not yet ripe. Accordingly, those arguments shall be held in abeyance and the Motions (ECF Nos. 11 and 24) remain pending.

A separate order follows.

Dated: August 26, 2020

_____/s/_____

Richard D. Bennett
United States District Judge
