# PURPURA & PURPURA
## ATTORNEYS AT LAW

**William B. Purpura*** 
wpurpura@purpuralaw.com 
* Admitted in MD, CA & 
US District Ct., DC

**Christopher J. Purpura** 
cpurpura@purpuralaw.com

THE BONAPARTE BUILDING 
8 E. MULBERRY STREET 
BALTIMORE, MARYLAND 21202 
PHONE: 410-727-8550 
FAX: 410-576-9351

Of Counsel

**Marta K. Kahn*** 
mkkahn@yahoo.com 
*Admitted in MD & VA

January 22, 2021

Honorable Richard D. Bennett 
United States District Judge 
U.S. Courthouse 
101 W. Lombard Street 
Baltimore, MD 21201

    RE:    *USA v. Andre Ricardo Briscoe* 
              Criminal No. RDB-20-0139

Dear Judge Bennett:

       In your Letter Order, dated December 3, 2020 (ECF Doc.46), the Court requested that counsel attempt to reach an agreement as to scheduling. Unfortunately, due to the impact of the pandemic on our ability to properly prepare mitigation in line with American Bar Association standards for representation in a capital case, we are not able set a realistic schedule because we cannot predict when we will be able to submit mitigation evidence to government trial counsel, the Department of Justice, or proceed to trial as scheduled on January 10, 2022, if the government continues to seek the death penalty.

       American Bar Association Guidelines state:

> An attorney representing the accused in a death penalty case must fully investigate the relevant facts. Because counsel faces what are effectively two different trials--one regarding whether the defendant is guilty of a capital crime, and the other concerning whether the defendant should be sentenced to death- providing quality representation in capital cases requires counsel to undertake correspondingly broad investigation and preparation. Investigation and planning for both phases must begin immediately upon counsel's entry into the case, even before the prosecution has affirmatively indicated that it will seek the death penalty.

American Bar Association Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases, Rev. Ed., Feb. 2003.

Ms. Whalen was appointed to represent Mr. Briscoe on June 3, 2020 and I joined her trial team on July 30, 2020. As a result of the worldwide pandemic, we have never personally met Mr. Briscoe and do not anticipate that this will change in the upcoming months. Are ability to communicate with our client is limited to phone calls and video conferencing. It is impossible to gain a client's full trust with this limited contact. Our mitigation specialist is also limited to video conferencing. The pandemic has limited, if not fully precluded, our ability to meet with our client's immediate and extended family members, neighbors, friends, and acquaintances. Our team has a duty to reach out to former teachers, clergy, employers, co-workers, social service providers, doctors, correctional, probation and parole officers, but this is impossible due to the pandemic. Our experts are unable to conduct basic examinations such as IQ testing or neurological examinations.

The sentencer in a capital case must consider in mitigation, "anything in the life of a defendant which might militate against the appropriateness of the death penalty for that defendant". *Eddings v. Oklahoma*, 455 U.S. 104, 113-115 (1982). Penalty phase preparation "requires extensive and generally unparallel investigation into personal and family history". (ABA Criminal Justice Section note 86, at 63).

It is our reluctant duty to inform the Court that due to circumstances beyond our control we cannot meet the minimum ABA guidelines or Sixth Amendment requirements if this matter were to continue as a capital case with a trial date of January 10, 2022.

Respectfully Submitted,

_____-s-_____
Teresa Whalen

William B. Purpura