**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| **v.** | * | **Criminal No. RDB-20-0139** |
| **ANDRE RICARDO BRISCOE,** | * | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM ORDER

On May 26, 2020, Defendant Andre Ricardo Briscoe ("Defendant" or "Briscoe") was charged by criminal information with Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, in violation of 18 U.S.C. § 846; Use and Carry of a Firearm During and in Relation to a Drug Trafficking Crime and Crime of Violence; Causing the Death of Another in violation of 18 U.S.C. §§ 924 (c) and (j)(1); Killing a Witness to Prevent Communication to Law Enforcement in violation of 18 U.S.C. § 1512 (a)(1)(C), and related charges. (ECF No. 1.) On December 3, 2020, this Court issued an order setting a trial date of January 10, 2022 and ordering the parties to provide dates for the submission by the Defendant to the Government of any reasons why the Government should not seek the death penalty, pursuant to 18 U.S.C. § 3592 and for the submission by the Government of a notice of intent to seek the death penalty pursuant to 18 U.S.C. § 3593. (ECF No. 46.)

On January 22, 2021, Defendant filed a letter with the Court expressing concerns with the January 2022 trial date due to the COVID-19 Pandemic. (ECF No. 49.) On January 27, 2021, this Court issued a Scheduling Order requiring Defendant to present mitigation to the

Government by June 25, 2021 and requiring the Government to notify the Court of its intention, if any, to seek the death penalty by August 6, 2021. (Scheduling Order, ECF No. 50.) The Scheduling Order also revised the trial date to May 23, 2022. (*Id.*) On June 23, 2021, a second Defendant, Kiara Haynes, was added via a Second Superseding Indictment to the two pending violations of 18 U.S.C. § 924(j) relating to the charged murders, both of which are death penalty eligible counts. (ECF No. 65.)

On July 16, 2021, the Government filed a Motion to Extend Filing Time for Responses, in which it requested an extension until October 1, 2021 to file its intention, if any, to seek the death penalty. (ECF No. 85.) On July 20, 2021, the Court held an off-the-record telephone conference during which Defendant objected to the Government's extension request. In order to memorialize the parties' arguments and to adequately address Defendant's objections, this Court denied the Government's Motion to Extend Filing Time for Responses and ordered the Government to file an Amended Motion to Extend the Filing Time for Responses with a new proposed scheduling order and the Defendant to file any objection he had in response. (ECF No. 87.) Presently pending is the Government's Motion for Revised Scheduled Order as to Defendant Briscoe. (ECF No. 88.) Defendant has filed a response in opposition. (ECF No. 89.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons stated herein, the Government's Motion for Revised Scheduling Order as to Defendant Briscoe (ECF No. 88) is GRANTED.

## DISCUSSION

18 U.S.C. § 3593(a) requires the Government to file a Notice of Intention to Seek the Death Penalty within a "reasonable time" before trial. While the statute does not define what

constitutes a "reasonable time" before trial, the United States Court of Appeals for the Fourth Circuit has outlined the following test to determine whether the date set for the Government's Notice is objectively reasonable:

> To judge an accused's challenge to the reasonable timeliness of a Death Notice requires evaluation of, among other factors that may appear relevant, (1) the nature of the charges presented in the indictment; (2) the nature of the aggravating factors provided in the Death Notice; (3) the period of time remaining before trial, measured at the instant the Death Notice was filed and irrespective of the filing's effects; and, in addition, (4) the status of discovery in the proceedings.

*United States v. Ferebe*, 332 F.3d 722, 737 (4th Cir. 2003); *see also United States v. McGriff*, 427 F. Supp. 2d 253, 261-62 (E.D.N.Y. 2006) (discussing and applying *Ferebe* factors).  In the wake of *Ferebe*, district courts in the Fourth Circuit have found that 36 days between notice and trial date was objectively unreasonable; three to four months between notice and trial date was objectively reasonable; and slightly more than six months between notice and trial date was objectively reasonable.  *See United States v. Hatten*, 276 F. Supp. 2d 574 (S.D.W. Va. 2003); *United States v. Ponder*, 347 F. Supp. 2d 256, 270 (E.D. Va. 2004); *United States v. Breeden*, 366 F.3d 369, 375 (4th Cir. 2004) (affirming district court's determination that more than six months was objectively reasonable).

Upon consideration of the four factors outlined in *Ferebe*, this Court finds that the Government's proposed date of September 1, 2021 is objectively reasonable as to Defendant Briscoe.  Although an additional death penalty eligible Defendant was added via Second Superseding Indictment on June 23, 2021, the date set for trial is in May of 2022, eight months after the Government's proposed date of September 1, 2021.  This period allows even more time than what courts in this Circuit have found to be objectively reasonable.  Considering the

eight-month period between trial date and notice and the status of this case, the Court is satisfied that September 1, 2021 is an objectively reasonable date for the Government to file its intention, if any, to seek the death penalty as to Defendant Briscoe.  Accordingly, the Government's Motion for Revised Scheduling Order as to Defendant Briscoe (ECF No. 88) is GRANTED.  A separate Revised Scheduling Order shall be issued forthwith.

## CONCLUSION

Accordingly, for the reasons stated above, it is HEREBY ORDERED this 22nd day of July, 2021, that:

1. Government's Motion for Revised Scheduling Order as to Defendant Briscoe (ECF No. 88) is GRANTED;

2. A separate Revised Scheduling Order as to Defendant Briscoe shall issue; and

3. The Clerk of the Court shall send copies of this Memorandum Order to the parties.


_____/s/_____
Richard D. Bennett
United States District Judge