IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| UNITED STATES OF AMERICA | | |
| | * | |
| v. | | Criminal No. RDB-20-0139 |
| | * | |
| ANDRE RICARDO BRISCOE, | | |
| | * | |
| Defendant. | | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM ORDER

Defendant Andre Ricardo Briscoe ("Defendant" or "Briscoe") is charged in a six-count third superseding indictment with the following offenses: Conspiracy to Distribute and Possess with the Intent to Distribute 100 grams or more of Heroin in Violation of 21 U.S.C. § 846 (Count One);  Possession with Intent to Distribute 100 grams or more of Heroin in Violation of 21 U.S.C. § 841(a)(1) (Count Two); Possession of a Firearm by a Felon in Violation of 18 U.S.C. § 922(g)(1) (Count Three); Use and Carry of a Firearm During and In Relation to a Drug Trafficking Crime and Crime of Violence, Causing the Death of a Person in Violation of 18 U.S.C. §§ 924(c) and (j)(1) (murder of Jennifer Jeffrey) (Count Four); Use and Carry of a Firearm During and In Relation to a Drug Trafficking Crime and Crime of Violence, Causing the Death of a Person in Violation of 18 U.S.C. §§ 924(c) and (j)(1) with Special Findings under 18 U.S.C. §§ 3559(d) and (f) (murder of K.B.) (Count Five); and Killing a Witness to Prevent Communication to Law Enforcement in violation of 18 U.S.C. §§ 1512(a)(1)(C) and (a)(3)(A) with Special Findings under 18 U.S.C.

§§ 3559(d) and (f) (murder of K.B.) (Count Six). (Third Superseding Indictment, ECF No. 114.)

Among the motions pending before this Court is the Defendant's Motion to Suppress Evidence Seized Following Law Enforcement Search of Cell Phone. (ECF No. 95.) The parties' submissions have been reviewed, and on January 19, 2022 this Court heard the arguments of counsel at the first day of a multi-day motions hearing in this case. For the reasons that follow, the Defendant's Motion to Suppress (ECF No. 95) is DENIED.

## BACKGROUND

This case arises out of the investigation into the murders of Jennifer Jeffrey and her seven-year-old son, K.B. in May 2015. (Gov't Resp., ECF No. 108 at 1.) On May 28, 2015 at approximately 8:20 a.m., members of the Baltimore Police Department homicide unit responded to 103 Upmanor Road in Baltimore, Maryland. (Aff. in Support of Crim. Compl., 20-mj-1328 *SEALED* ¶ 7.) Officers located the body of Jennifer Jeffrey ("Jennifer") on the kitchen floor. She was dressed in a t-shirt and underwear and had been shot multiple times. (*Id.*) Officers located the body of K.B., Jennifer's seven-year-old son, in Jennifer's bed upstairs. (*Id.*) K.B. had also been shot multiple times. (*Id.*) Investigators learned from one of Jennifer's family members that Jennifer had been involved in the distribution of heroin with two men from the Eastern Shore of Maryland: Briscoe and Tony Harris. (ECF No. 108 at 7.) After obtaining call records from Jennifer's smartphone, which was not recovered at the scene of the murders, investigators learned that the last call to the smartphone was from a number subscribed to Briscoe. (*Id.*) Baltimore Police homicide detectives, in coordination with members of the Cambridge Police Department, obtained two possible addresses for

Tony Harris, who they learned was Briscoe's cousin. (*Id.* at 9) After obtaining a tracking order for Briscoe's phone[1], officers tracked Briscoe to the location of Tony's known address on Greenwood Avenue in Cambridge, Maryland. (*Id.* at 9-10.)

On June 5, 2015, Officers located Briscoe in an apartment in which they also found suspected narcotics and subsequently transported him to the Cambridge Police Department for questioning.[2] (*Id.* at 10-11.) Briscoe executed a waiver of his *Miranda* rights, and spoke with Baltimore Police homicide detectives.[3] (*Id.* at 11-12.) Briscoe was then charged with state narcotics offenses. The charges were later dropped, and Briscoe was released from custody in October 2015. (*Id.* at 12.)

Later, federal authorities began investigating the murders of Jennifer and K.B. On May 20, 2020, Special Agent Javon Weaver of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") applied for a criminal complaint and arrest warrant as to Briscoe. (20-mj-1328 *SEALED*, ECF No. 1).) The application was supported by an affidavit. (*Id.*) That same day, United States Magistrate Judge Charles B. Day signed the Criminal Complaint charging Briscoe with narcotics offenses and issued a warrant for Briscoe's arrest. (*Id.*) Federal law enforcement officers arrested Briscoe on May 22, 2020. (Aff. in Support of Search Warrant, ECF No. 110-17 *SEALED* ¶ 2.) The officers searched Briscoe incident to his arrest and recovered a black smartphone with the word "Blade" on the back (the "Blade

---

[1] The tracking order was signed by Judge Kendra Ausby of the Circuit Court for Baltimore City, Maryland. (ECF No. 121 *SEALED*.)

[2] The legality of the tracking order for Briscoe's phone, search of the apartment where Briscoe was located, and search of the phone that was recovered upon Briscoe's arrest in 2015 is the subject of other motions in this case. (ECF Nos. 69, 94, 101.) These motions will be decided after the conclusion of the multi-day suppression hearing.

[3] Briscoe challenges the admissibility of his statements to law enforcement. (ECF No. 72.)

phone"). (*Id.* ¶ 11.) On June 2, 2020, ATF Special Agent Javon Weaver applied for a received a warrant signed by Magistrate Judge Charles B. Day to search the contents of the Blade phone. (*Id.*) Briscoe challenges the sufficiency of the warrant to search the Blade phone and has moved to suppress the fruits of the search of that phone. (ECF No. 95.)

## ANALYSIS

The Defendant argues: (1) that the June 2, 2020 warrant to search the Blade phone was not supported by probable cause, and (2) that the warrant was overbroad.[4] The Fourth Amendment to the United States Constitution provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. The Supreme Court of the United States "has required that the existence of probable cause be decided by a neutral and detached magistrate whenever possible." *Gerstein v. Pugh*, 420 U.S. 103, 112 (1975) (citing *Johnson v. United States*, 333 U.S. 10, 13-14 (1948)). The magistrate is required "simply to make a practical, commonsense decision whether, given all the circumstances in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Blackwood*, 913 F.2d 139, 142 (4th Cir. 1990) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).

---

[4] The Defendant does not challenge the seizure of the Blade phone incident to his lawful arrest on the Criminal Complaint. *See generally Chimel v. California*, 395 U.S. 752, 763 (1969) (permitting an officer to search, incident to arrest, "the arrestee's person and the area within his immediate control"); *United States v. Currence*, 446 F.3d 554, 556 (4th Cir. 2006) ("It is well settled that a search incident to a lawful arrest is a traditional exception to the warrant requirement of the Fourth Amendment.").

Significantly, the Fourth Amendment exclusionary rule does not bar the admission of evidence obtained by officers acting in reasonable reliance on a search warrant issued by a magistrate later, found to be invalid. *United States v. Leon*, 468 U.S. 897, 913-14 (1984). The evidence will be suppressed only if (1) the issuing judge was misled by information that the affiant knew or should have known was false, (2) the judge "wholly abandoned" her neutral role, (3) the affidavit was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," or (4) the warrant is so facially deficient that no reasonable officer could presume it to be valid. *Id.* at 923 (citations omitted).

When a defendant challenges a search warrant, the government bears the burden of proof by a preponderance of the evidence at a suppression hearing. *See United States v. Matlock*, 415 U.S. 164, 177-78 n.14 (1974). In reviewing the search warrant, this Court must show "great deference" to the probable cause determination of a magistrate judge. *Blackwood*, 913 F.2d at 142. "[T]he task of the reviewing court is not to conduct a *de novo* determination of probable cause, but only to determine whether there is substantial evidence in the record supporting the magistrate's decision to issue the warrant." *Massachusetts v. Upton*, 466 U.S. 727, 728 (1984).

In this case, the affidavit in support of the warrant to search the Blade phone is clearly supported by probable cause. First, the affidavit provides information that Briscoe was using controlled substances up to the time of his arrest in 2020 and that he was engaged in drug trafficking as reflected in his post-arrest jail calls. (ECF No. 110-17 *SEALED* ¶¶ 17, 18.) Agent Weaver represents in the affidavit that he knows through his training and experience that individuals engaged in drug trafficking often seek to maintain relationships

with their suppliers and customers through the use of cell phones (*Id.* ¶ 19.)  *Cf. United States v. Cawthorn*, No. CCB-19-36, 2021 U.S. Dist. LEXIS 64461, at *4 (D. Md. Apr. 1, 2021) (finding "ample probable cause" where the affiant stated the reasons why, in his training and experience, evidence of criminal activity may be located in a defendant's home). Second, the affidavit details alleged attempts by Briscoe to obstruct justice by contacting potential witnesses against him in the federal criminal investigation of the murders of Jennifer and K.B. (*Id.* ¶¶ 22-29.) In sum, the information in the affidavit provided a substantial basis to believe that evidence of drug trafficking and obstruction of justice would be found in the Blade phone.

Likewise, the affidavit sets forth with particularity the information to be seized from the Blade phone. The particularity requirement "is fulfilled when the warrant identifies the items to be seized by their relation to designated crimes and when the description of the items leaves nothing to the discretion of the officer executing the warrant." *U.S. v. Williams*, 592 F.3d 511, 519 (4th Cir. 2010); *see also United States v. Grinder*, No. CCB-17-226, 2018 U.S. Dist. LEXIS 104117, at *6-7 (D. Md. June 12, 2018) (finding that the particularity requirement is met where a warrant "described the place to be searched— [the defendant's] residence and its curtilage—and the things to be seized—among other things, cell phones and laptops related to identified crimes"). In this case, the affidavit states that officers will search the contact logs, call logs, photographs, text messages, and other data of the Blade phone for information relating to narcotics trafficking and firearm offenses, as well as any information concerning the user's whereabouts around the time of the murders from May 26, 2015 through May 28, 2015. (Attachment B to Aff. in Support of Search Warrant, ECF

No. 110-17 *SEALED*.) Accordingly, the warrant to search the Blade phone meets both the probable cause and particularity requirements of the Fourth Amendment, and there is no reason for the fruits of the search to be suppressed.[5]

## CONCLUSION

For the reasons stated above, it is HEREBY ORDERED this 20th day of January, 2022 that Defendant Briscoe's Motion to Suppress Evidence Seized Following Law Enforcement Search of Cell Phone (ECF No. 95) is DENIED.

_____/s/_____
Richard D. Bennett
United States District Judge

---

[5] In the alternative, if any deficiency were found in the warrant, the good faith exception in *United States v. Leon*, 468 U.S. 897 (1984) would apply. *See United States v. DeQuasie*, 373 F.3d 509, 519 (4th Cir. 2004).