IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | | Criminal No. RDB-20-0139 |
| | * | |
| ANDRE RICARDO BRISCOE, | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**<u>MEMORANDUM ORDER</u>**

Defendant Andre Ricardo Briscoe ("Defendant" or "Briscoe") is charged in a six-count third superseding indictment with the following offenses: Conspiracy to Distribute and Possess with the Intent to Distribute 100 grams or more of Heroin in Violation of 21 U.S.C. § 846 (Count One); Possession with Intent to Distribute 100 grams or more of Heroin in Violation of 21 U.S.C. § 841(a)(1) (Count Two); Possession of a Firearm by a Felon in Violation of 18 U.S.C. § 922(g)(1) (Count Three); Use and Carry of a Firearm During and In Relation to a Drug Trafficking Crime and Crime of Violence, Causing the Death of a Person in Violation of 18 U.S.C. §§ 924(c) and (j)(1) (murder of Jennifer Jeffrey) (Count Four); Use and Carry of a Firearm During and In Relation to a Drug Trafficking Crime and Crime of Violence, Causing the Death of a Person in Violation of 18 U.S.C. §§ 924(c) and (j)(1) with Special Findings under 18 U.S.C. §§ 3559(d) and (f) (murder of K.B.) (Count Five); and Killing a Witness to Prevent Communication to Law Enforcement in violation of 18 U.S.C. §§ 1512(a)(1)(C) and (a)(3)(A) with Special Findings under 18 U.S.C.

§§ 3559(d) and (f) (murder of K.B.) (Count Six). (Third Superseding Indictment, ECF No. 114.)

Pending before this Court is the Defendant's Motion to Suppress July 2021 Cell Search. (ECF No. 94.) The parties' submissions have been reviewed, and on January 19, 20, and 26, 2022, this Court heard the testimony of witnesses, received the parties' exhibits into evidence, and heard the arguments of counsel at a multi-day motions hearing in this case. For the reasons that follow, the Defendant's Motion (ECF No. 94) is GRANTED.

## BACKGROUND

This Court incorporates the factual background set forth in its earlier Opinions in this case. After members of the Cambridge Police Department ("CPD") and Baltimore Police Department ("BPD") located Briscoe on June 5, 2015 at 502 Greenwood Avenue, Apartment 202 in Cambridge, Maryland, officers transported Briscoe to the Cambridge police station for questioning. That same day, CPD officers transferred custody of Briscoe's blue Alcatel phone to BPD homicide detectives.[1] At some point, BPD homicide detectives sought to download the contents of the phone.

At the motions hearing, Baltimore homicide detective Brian Lewis testified that in June 2015, it was the policy of the Baltimore Police Department to obtain a search warrant before extracting the contents of a phone. Detective Lewis also testified that he recalled getting a search warrant for the contents of the blue Alcatel phone. Former Baltimore Police Detective Michael Baier, who in June 2015 was a task force officer ("TFO") with the Federal

---

[1] BPD homicide detectives had previously applied for and received an order to track the location of the phone in real time. (ECF No. 121 *SEALED.)

Bureau of Investigation, testified that in his capacity as an FBI TFO, he would occasionally assist BPD homicide investigations by performing extractions of cell phones. He testified that in the 2015 timeframe, he was extracting two to three phones a week for members of BPD. TFO Baier also testified that both BPD and the FBI required a warrant before a phone could be extracted. He did not, however, make a practice of retaining a copy of the warrants for the phones he extracted. TFO Baier testified that he performed an extraction on the blue Alcatel phone on June 15, 2015 at the request of BPD homicide detectives. TFO Baier then returned the phone to Detective Lewis, who kept it in his desk with the case file instead of in evidence as BPD policy required.[2]

At some point after federal authorities took over the investigation into the murders of Jennifer and K.B., they discovered that they could not find a warrant to support the June 15, 2015 extraction of the blue Alcatel phone. Federal law enforcement officers obtained court-issued subpoenas to the Circuit Court for Baltimore City, Maryland and to the Baltimore Police Department for any records concerning the missing warrant. To this date, the original warrant has not been located. On July 13, 2021, Special Agent Javon Weaver of the ATF applied for and received a warrant signed by a Magistrate Judge of this Court to search the contents of the blue Alcatel phone. (ECF No. 110-18 *SEALED*.)

## ANALYSIS

The Defendant argues that that the extended warrantless seizure of his phone for over six years from June 5, 2015 to July 13, 2021 unreasonably infringed upon his Fourth

---

[2] The Government stated on the record at the motions hearing that it will not seek to introduce the contents of the June 15, 2015 extraction of the blue Alcatel phone.

3

Amendment possessory interest in the phone. (ECF No. 122.) The Government argues that (1) the Government's interest in the phone outweighed the Defendant's possessory interest; (2) the Defendant had a minimal possessory interest in the phone because he was incarcerated for a significant period of time between 2015 and 2020; and (3) the phone itself, and not only its files, has inherent evidentiary value such that investigators were justified in keeping the phone. (ECF No. 125.)

In support of his argument on the unreasonableness of the delay in searching the phone, the Defendant relies on *United States v. Pratt*, 915 F.3d 266 (4th Cir. 2019). In *Pratt*, the United States Court of Appeals for the Fourth Circuit held that a 31-day delay in obtaining a warrant to search the content of a cellphone after law enforcement had seized the phone without a warrant was unreasonable and that the district court erred in denying the defendant's motion to suppress. *United States v. Pratt*, 915 F.3d 266, 273 (4th Cir. 2019). The Fourth Circuit noted that "[t]o determine if an extended seizure violates the Fourth Amendment, we balance the government's interest in the seizure against the individual's possessory interest in the object seized." *United States v. Pratt*, 915 F.3d 266, 271 (4th Cir. 2019). The Fourth Circuit found that the defendant in *Pratt* did not diminish his possessory interest in the phone because he did not consent to its seizure or voluntarily share its contents. *Id.* In addition, the government's only explanation for the 31-delay in obtaining a warrant was that the defendant had committed crimes in two states and investigators needed time to determine where to seek a warrant. Notably, the Fourth Circuit "decline[d] to affirm on the government's alternative argument that it could retain the phone indefinitely because it had independent evidentiary value, like a murder weapon. Only the phone's files had

4

evidentiary value. The agents could have removed or copied incriminating files and returned the phone." *United States v. Pratt*, 915 F.3d 266, 273 (4th Cir. 2019).

In this case, members of the Cambridge Police Department seized Briscoe's phone at Apartment 202 on June 5, 2015.[3] That same day, investigators transferred custody of the phone to Baltimore Police Department homicide detectives. The phone remained in Baltimore Police custody for over six years until July 2021, when it was transferred to the custody of the ATF. (ECF No. 110-18 *SEALED*.) In *United States v. Tisdol*, No. 3:20cr264 (JBA), 2021 U.S. Dist. LEXIS 107821, at *16 (D. Conn. June 9, 2021), The United States District Court for the District of Connecticut recently addressed a similar situation. In that case, state law enforcement officers seized a phone from a home where a shooting victim was found. The victim was also wanted on unrelated charges of armed robbery and kidnapping. Three months later, federal law enforcement officers opened an investigation into the victim, who by then was a suspect, and sought a federal search warrant for the phone, which was still in the custody of state law enforcement. The *Tisdol* Court applied the four factors articulated by the United States Court of Appeals for the Second Circuit in *United States v. Smith*, 967 F.3d 198, 206 (2d Cir. 2020) to determine whether the delay between the seizure of the phone and the application for the search warrant was reasonable.

The Second Circuit in the *Smith* case cited the Fourth Circuit's decision in *Pratt* to discern the relevant factors for balancing "an individual's possessory interest against the government's continuing interest in retaining . . . property for investigation or prosecution."

---

[3] The Government is not relying on the warrant to search Apartment 202. Instead, it argues that it lawfully tracked Briscoe's phone to the area of 502 Greenwood Avenue and that it entered Apartment 202 with consent.

*Id.* n.1 (citing *United States v. Pratt*, 915 F.3d 266, 273 (4th Cir. 2019)). The *Smith* factors are: (1) the length of the delay; (2) the importance of the seized property to the defendant; (3) whether the defendant had a reduced property interest in the seized item; and (4) the strength of the government's justification for the delay. *Id.* at 206. In *Tisdol*, the Court found that the three of the *Smith* factors favored the defendant and that the government's delay was unreasonable and violative of the Fourth Amendment. The Court applied the exclusionary rule and suppressed the evidence obtained from the defendant's phone. *United States v. Tisdol*, No. 3:20cr264 (JBA), 2021 U.S. Dist. LEXIS 107821, at *17 (D. Conn. June 9, 2021).

In *Smith*, without ever mentioning *Leon*, the Second Circuit stated, "[T]he exclusionary rule applies only if the police have violated the Constitution deliberately, recklessly, or with gross negligence, or if a constitutional violation is the product of recurring or systemic negligence." *United States v. Smith*, 967 F.3d 198, 211 (2d Cir. 2020). The Court concluded, "Although an objectively reasonable officer in Kirby's position should have realized that by waiting *a month* [between the seizure and the warrant application] he was perilously near the constitutional line, we are not convinced that an objectively reasonable officer would have known that the delay amounted to a violation of the Fourth Amendment." *Id.* at 212-13 (emphasis added).

The United States District Court for the Southern District of Iowa, however, has recently concluded "that an objectively reasonable officer would have known that the delay, which the court found in this case was anywhere for 4 months to 27 months, amounted to a violation of the Fourth Amendment. . . . . It is a situation in which the unreasonableness of

6

the delay is patently obvious. Therefore, exclusion is the appropriate remedy." *United States v. Nguyen*, No. 1:19-cr-00004-JAJ-HCA-2, 2021 U.S. Dist. LEXIS 70671, at *10 (S.D. Iowa Mar. 16, 2021).

The Government cites this Court's decision in *United States v. Dorsey*, No. RDB-18-0347, 2019 U.S. Dist. LEXIS 136887, at *16 (D. Md. Aug. 13, 2019) to support its position that the six-year delay in this case between the seizure of the phone and the application for the federal search warrant was not unreasonable. In *Dorsey*, the delay in question was 53 days. The Government cites to no case in which a court has upheld as reasonable a delay even close to six years.[4]

While it is true that the Defendant was incarcerated during much of the period between 2015 and 2020, and it is true that he never asked officers to return his phone, his diminished possessory interest cannot mitigate such an unreasonably lengthy delay. While the *Smith* factors are not binding on this Court, they are instructive. Here, as in *Tisdol*, three of the four *Smith* factors favor the Defendant. Only the Defendant's reduced possessory

---

[4] The Government argued on the record at the motions hearing that the true length of the delay between the seizure of the blue Alcatel phone and the application for a warrant to search its contents is the 10 days between the search of Apartment 202 on June 5, 2015 and TFO Baier's extraction of the phone's data on June 15, 2015. The Government has not proven the existence of the missing warrant. The United States Court of Appeals for the Fourth Circuit "has not had occasion to address the appropriate standard for searches involving a subsequently lost warrant." *United States v. Watts*, 453 F. App'x 309, 313 (4th Cir. 2011). In *Watts*, the Fourth Circuit noted that the Eleventh Circuit had previously held that "when a warrant is not in evidence at a suppression hearing, a prosecutor must prove, by a preponderance of the evidence, the missing search warrant's *exact* language describing the place to be searched and the persons or items to be seized." *United States v. Watts*, 453 F. App'x 309, 313 (4th Cir. 2011) (citing *United States v. Pratt*, 438 F.3d 1264, 1270 (11th Cir. 2006)). The Fourth Circuit, however, declined to rule on the appropriate legal standard for cases involving missing search warrants, reasoning instead that any error in Watts' particular case was harmless. In this case, the Government presented no evidence to support the existence of the warrant other than Det. Lewis' and TFO Baier's assurances that BPD and FBI policy required a warrant prior to extracting the contents of a phone. This testimony did not provide the exact language of the missing warrant and did not satisfy proof by a preponderance of the evidence.

interest in the phone weighs in favor of the Government. In this case, however, this Court is presented not with a one-month delay or a three-month delay, but with a *seventy-three-month* delay. This Court concludes that the delay between the seizure of the phone and the execution of the federal search warrant was unreasonable and impermissibly infringed on the Defendant's possessory interest in the phone. Accordingly, the Defendant's Motion to Suppress July 2021 Cell Search is GRANTED, and the Government will be precluded from introducing any evidence recovered from the extraction of the phone.[5]

## CONCLUSION

For the reasons stated above, it is HEREBY ORDERED this 1st February, 2022, that Defendant Briscoe's Motion to Suppress July 2021 Cell Search (ECF No. 94) is GRANTED.

_____/s/_____
Richard D. Bennett
United States District Judge

---

[5] To the extent the Government argues that the phone itself has inherent evidentiary value such that investigators were justified in holding the phone in the years after its June 5, 20215 seizure, the Government is free to elicit testimony at trial that the investigators recovered this particular phone from the person of the Defendant. The evidentiary value of the physical phone, however, is distinct from the evidentiary value of the files located on the phone. *United States v. Pratt*, 915 F.3d 266, 273 (4th Cir. 2019).