IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. RDB-20-0139 |
| ANDRE RICARDO BRISCOE, | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM ORDER

Defendant Andre Ricardo Briscoe ("Defendant" or "Briscoe") is charged in a six-count third superseding indictment with the following offenses: Conspiracy to Distribute and Possess with the Intent to Distribute 100 grams or more of Heroin in Violation of 21 U.S.C. § 846 (Count One);  Possession with Intent to Distribute 100 grams or more of Heroin in Violation of 21 U.S.C. § 841(a)(1) (Count Two); Possession of a Firearm by a Felon in Violation of 18 U.S.C. § 922(g)(1) (Count Three); Use and Carry of a Firearm During and In Relation to a Drug Trafficking Crime and Crime of Violence, Causing the Death of a Person in Violation of 18 U.S.C. §§ 924(c) and (j)(1) (murder of Jennifer Jeffrey) (Count Four); Use and Carry of a Firearm During and In Relation to a Drug Trafficking Crime and Crime of Violence, Causing the Death of a Person in Violation of 18 U.S.C. §§ 924(c) and (j)(1) with Special Findings under 18 U.S.C. §§ 3559(d) and (f) (murder of KB) (Count Five); and Killing a Witness to Prevent Communication to Law Enforcement in violation of 18 U.S.C. §§ 1512(a)(1)(C) and (a)(3)(A) with Special Findings under 18 U.S.C. §§ 3559(d) and (f) (murder of KB) (Count Six). (Third Superseding Indictment, ECF No. 114.)

Presently pending before this Court are the following motions: Defendant Briscoe's Motion *in Limine* to Include Statements by a Deceased Declarant (ECF No. 147 *SEALED*); Defendant Briscoe's Motion *in Limine* to Exclude Evidence of Bad Acts and Prior Convictions (ECF No. 148); the Government's Motion to Preclude the Admission of Defendant's Self-Serving Hearsay Statements (ECF No. 150); Government's Motion *in Limine* to Admit Excerpts of Three Jail Calls Involving Kiara Haynes that Do Not Constitute Hearsay & to Preclude Admission of Other Jail Calls That *Are* Hearsay (ECF No. 151); Government's Motion *in Limi*ne to Exclude References to Possible Penalties (ECF No. 152); and the Government's Request for Notice of Alibi (ECF No. 153).

The parties' submissions have been reviewed, and on May 10, 2022, this Court heard the arguments of counsel at a Motions Hearing. For the reasons set forth on the record and as supplemented below, Defendant Briscoe's Motion *in Limine* to Include Statements by a Deceased Declarant (ECF No. 147 *SEALED*) is MOOT, and the Government's objection to the testimony of AB is overruled in part and sustained in part; Defendant Briscoe's Motion *in Limine* to Exclude Evidence of Bad Acts and Prior Convictions (ECF No. 148) is GRANTED IN PART and DENIED IN PART; the Government's Motion to Preclude the Admission of Defendant's Self-Serving Hearsay Statements (ECF No. 150) is GRANTED; the Government's Motion *in Limine* to Admit Excerpts of Three Jail Calls Involving Kiara Haynes that Do Not Constitute Hearsay & to Preclude Admission of Other Jail Calls That *Are* Hearsay (ECF No. 151) is GRANTED IN PART, and the Court DEFERS ruling in part; the Government's Motion *in Limi*ne to Exclude References to Possible Penalties (ECF

2

No. 152) is MOOT; and the Government's Request for Notice of Alibi (ECF No. 153) is MOOT.

## STANDARD OF REVIEW

A motion *in limine* is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40, n. 2 (1984). "Such motions are 'designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions.'" *Changzhou Kaidi Elec. Co. v. Okin Am., Inc.*, 102 F. Supp. 3d 740, 745 (D. Md. 2015) (quoting *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013)). Motions *in limine* further promote judicial efficiency by preserving the issues raised for appeal and eliminating the need for parties to renew their objections at trial, "just so long as the movant has clearly identified the ruling sought and the trial court has ruled upon it." *United States v. Williams*, 81 F.3d 1321, 1325 (4th Cir. 1996). The United States Court of Appeals for the Fourth Circuit reviews a district court's denial of a motion *in limine* for abuse of discretion. *United States v. Hernandez*, 212 F. App'x 229, 230 (4th Cir. 2007) (citing *United States v. White*, 405 F.3d 208, 212 (4th Cir. 2005)).

## ANALYSIS[1]

### I.   Moot Motions

As this Court stated on the record at the Motions Hearing, two of the Government's motions are now moot. First, the Government has filed a motion to preclude the counsel for the Defendant from mentioning or arguing to the jury the mandatory minimum penalty, or possible penalties the Defendant faces if convicted. (ECF No. 152.) Counsel for the

---

[1] This Court has previously recounted the factual background of this case. (Memorandum Opinion, ECF No. 137.) Accordingly, this Court does not repeat that overview here.

Defendant has represented that he does not intend to argue his possible sentence. (ECF No. 170.) Accordingly, that motion (ECF No. 152) is MOOT. Second, the Government has filed a motion for notice of alibi pursuant to Federal Rule of Criminal Procedure 12.1. (ECF No. 153.) Counsel for the Defendant has given notice that the Defendant "intends to rely upon evidence provided by the Government to include cell site locations, Mr. Briscoe's statement to law enforcement, and Kiara Haynes' statements to law enforcement as to Mr. Briscoe's whereabouts." (ECF No. 170.) Accordingly, the Government's motion for notice of alibi (ECF No. 153) is also MOOT.

## II.    Testimony of AB

The Defendant originally filed a Motion in Limine to Include Statements by a Deceased Declarant (ECF No. 147 *SEALED*) on the belief that the declarant at issue, AB, was deceased. The Defendant's theory of the admissibility of AB's statements was that they were statements against the penal interest of a witness who was unavailable by reason of death. *See* Fed. R. Evid. 804(b)(3). The Government has since provided information to establish that AB is in fact alive and available to testify at trial. (ECF No. 182 *SEALED*.) Therefore, the Defendant's motion (ECF No. 147 *SEALED*) is MOOT. The Government, however, has raised concerns about the admissibility of AB's testimony, arguing that the proffered testimony contains a layer of unreliable and inadmissible hearsay from Timothy Michael "Uncle Mike" Gray[2], the former city-wide commander of the Black

---

[2] On June 3, 2015, Gray, along with 13 others, was charged by way of a Second Superseding Indictment with various racketeering-related offenses stemming from his leadership role in BGF. (JKB-14-479, ECF No. 119.) On June 10, 2015, Gray was arrested on those charges in the Western District of North Carolina. (JKB-14-479, ECF No. 165.) On November 17, 2015, Gray pled guilty before Chief Judge Bredar of this Court to conspiracy to participate in the affairs of a racketeering enterprise, in violation of 18 U.S.C. § 1962(d). (JKB-14-479, Plea Agreement, ECF No. 338.) On May 16, 17, and 19, 2016, Gray testified at trial pursuant to a

4

Guerilla Family ("BGF").[3] For the reasons stated on the record and as supplemented below, the Government's objection to AB's testimony is overruled in part and sustained in part.

### A. Factual Background

The following factual background is derived from the proffers of both Defense counsel and counsel for the Government in addition to exhibits attached to the Defendant's original motion. In the days after the discovery of the bodies of Jennifer and KB, AB, who was then incarcerated, met with investigators from the Maryland Department of Public Safety and Correctional Services ("DPSCS") to provide information about the murders. AB informed DPSCS investigators that he was a high-ranking member of the Black Guerilla Family ("BGF"), a street and prison gang that is widespread throughout Maryland correctional facilities. AB informed investigators that he had participated in a three-way jail call in which several BGF members, including Gray, debated whether a mother and son had to die. While AB voted against the killings, Gray ultimately "greenlit" the murders.

DPSCS investigators shared AB's statements with Baltimore Police Homicide Detectives Vernon Parker and Brian Lewis, who were then investigating the murders of Jennifer and KB. The Defendant has attached to his original motion the detectives' notes regarding AB's statements. (ECF Nos. 147-2 *SEALED*, 147-4 *SEALED, 147-5 *SEALED*, 147-7 *SEALED*.) BPD investigators reached out to the federal law

---

cooperation agreement against three of his co-defendants. On November 27 and 28, 2017, Gray testified against three other BGF members at the trial in *United States v. Gerald Johnson, et al.*, JKB-16-363. In his testimony, Gray admitted to authorizing, or "greenlighting," 30 to 40 murders in furtherance of the aims of BGF. (ECF No. 147-12 *SEALED*.) On September 30, 2018, Judge Bredar sentenced Gray to a term of imprisonment of 300 months. (JKB-14-479, Judgment, ECF No. 967.)

[3] *See United States v. Smith*, 919 F.3d 825, 829 (4th Cir. 2019) (explaining the origins and structure of the Black Guerilla Family).

5

enforcement officers who were coordinating Gray's cooperation efforts. When questioned about whether he had authorized the murders of a mother and son, Gray denied having done so. In July 2021, after the Defendant Briscoe had been federally indicted for offenses relating to the murders of Jennifer and KB, Special Agent Javon Weaver of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), and Special Agent Jeffrey Kelly of the Federal Bureau of Investigation ("FBI") interviewed Gray about his possible involvement in the 2015 murders. (Report of Investigation, ECF No. 147-13 *SEALED*.) Gray denied any knowledge about the murders and stated that he did not authorize or sanction them. (*Id.*)

In January 2021, an investigator working for Defense counsel spoke with AB, who recounted his 2015 statements with more detail. AB indicated that Gray greenlit the hit because the mother "saw something that she wasn't supposed to see." (ECF No. 147 *SEALED* at 5.)

### B. Admissibility of the Proffered Testimony

The Government objects to the testimony of AB because it contends that AB would merely offer the inadmissible hearsay statements of Gray and others who allegedly participated in the three-way jail call. The Defendant argues that none of the testimony AB would provide contains hearsay. Federal Rule of Evidence 801(c) defines hearsay as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."

As this Court determined at the Motions Hearing, AB's testimony that he, Mike Gray, and other BGF members participated in a three-way call in which they discussed whether a mother and son had to die contains no hearsay statements. AB is free to testify as


to the fact that he personally experienced this telephone call, and he is free to testify as to the general subject matter of the call. In addition, AB may testify that the participants on the call voted on whether the mother and son had to die. The taking of a vote is an act, not a statement. This Court has determined that AB will not, however, be permitted to testify that the reason for the debate and subsequent vote was that the mother had seen something she should not have seen. Finally, AB may testify that Gray, as the city-wide commander of BGF, ultimately greenlit the murders. The fact of the authorization of the murders, again, is an act, not a statement made by any out-of-court declarant. Accordingly, the Government's objection to AB's testimony is generally overruled in most part but sustained in part with respect to any statement as to what the mother had seen.[4]

The Defendant is forewarned, however, that if he wishes to present the testimony of AB at trial, he must present to the Government and this Court a detailed proffer of AB's expected testimony so that the Court can ensure that the presentation of such testimony is in compliance with this Court's ruling.

### III. Motion to Exclude Evidence Pursuant to Rule 404(b)

Next, the Defendant has filed a Motion *in Limine* to Exclude Evidence of Bad Acts and Prior Convictions. (ECF No. 148.) The Government has responded in opposition to that motion and has set forth its arguments regarding each item of evidence referenced in its 404(b) notice. (ECF No. 160.) Federal Rule of Evidence 404(b) prohibits evidence of other

---

[4] The Government has also requested that the Defendant be precluded from cross-examining law enforcement witnesses regarding AB's tip. That request is DENIED. Counsel for the Defendant may cross-examine law enforcement witnesses with respect to any steps that were or were not taken to investigate the murder of Jennifer and KB. The Government is free to elicit testimony that law enforcement investigated AB's tip and found that it was not credible.

crimes, wrongs, or acts to prove a defendant's character or propensity to commit a crime, but it may be admissible for other purposes, such as proof of knowledge, intent, or a defendant's *modus operandi. See* Fed. R. Evid. 404(b). "To be admissible under Rule 404(b), evidence must be (1) relevant to an issue other than character; (2) necessary; and (3) reliable." *United States v. Siegel*, 536 F.3d 306, 317 (4th Cir. 2008) (internal quotation marks omitted); *United States v. Faulls*, 821 F.3d 502, 508–09 (4th Cir. 2016). Additionally, evidence should be excluded under Rule 404(b) if its probative value is substantially outweighed by its unfair prejudice to the defendant. *United States v. Johnson*, 617 F.3d 286, 296-97 (4th Cir. 2010).

Conduct that is intrinsic to a charged offense, however, is not subject to a Rule 404(b) analysis. As the Fourth Circuit has recently explained,

> When, as here, we are tasked with determining whether uncharged conduct is intrinsic to the charged offenses, we have consistently held that such conduct is intrinsic, and not barred by Rule 404(b), when it "arose out of the same . . . series of transactions as the charged offense, . . . or is necessary to complete the story of the crime on trial." *United States v. Kennedy*, 32 F.3d 876, 886 (4th Cir. 1994) (quoting *United States v. Towne*, 870 F.2d 880, 886 (2d Cir. 1989) (internal alteration omitted); *United States v. Sutherland*, 921 F.3d 421, 430 (4th Cir. 2019), cert. denied, 140 S. Ct. 1106, 206 L. Ed. 2d 179 (2020); *McBride*, 676 F.3d at 396; *United States v. Palacios*, 677 F.3d 234, 245 (4th Cir. 2012); *United States v. Basham*, 561 F.3d 302, 326 (4th Cir. 2009); *United States v. Siegel*, 536 F.3d 306, 316 (4th Cir. 2008); *United States v. Stitt*, 250 F.3d 878, 887 (4th Cir. 2001); *see also United States v. Denton*, 944 F.3d 170, 186 (4th Cir. 2019); *United States v. Lipford*, 203 F.3d 259, 265 (4th Cir. 2000).

*United States v. Brizuela*, 962 F.3d 784, 793-94 (4th Cir. 2020). With those principles in mind, this Court ruled as to each item of proffered evidence as follows.

| **Proffered Evidence** | **Court's Ruling** |
|---|---|
|  |  |

| | |
|---|---|
| The Defendant's alleged narcotics trafficking activities from February through March 2015 | The Defendant's motion is DENIED. "It is well-established . . .that the mere fact that the evidence involved activities occurring before the charged time frame of the conspiracy does not automatically transform that evidence into 'other crimes' evidence." *United States v. Kennedy*, 32 F.3d 876, 885 (4th Cir. 1994). In this case, Count One charges the Defendant with a narcotics conspiracy ranging from March 2015 through October 2015.[5] (ECF No. 114 at 1.) The Government has proffered that the same individuals who participated with the Defendant in the charged conspiracy engaged in narcotics trafficking with him in February 2015. Accordingly, such conduct forms part of the same series of transactions as the charged conspiracy and is intrinsic to the charged conduct. |
| The fact that prior to May 27, 2015, the Defendant was convicted of a crime punishable by more than one year in prison | The Defendant's motion is DENIED. Count Three of the Third Superseding Indictment charges the Defendant with possession of a firearm and ammunition by a felon in violation of 18 U.S.C. § 922(g). (ECF No. 114 at 4.) To sustain a conviction for a violation of 18 U.S.C. § 922(g)(1), the government must prove, beyond a reasonable doubt, that the defendant "knowingly" (1) belonged to one of the nine categories of individuals prohibited from possessing a firearm or ammunition; (2) the defendant knowingly possessed, transported, shipped, or received the firearm; and (3) the possession was in or affecting commerce, because the firearm had traveled in interstate or foreign commerce at some point during its existence. *See, e.g., Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019). Accordingly, the fact that the Defendant has been convicted |

---

[5] The Government does not intend to introduce evidence of the Defendant's narcotics trafficking activities after October 2015.

9

| | |
|---|---|
| | of a crime punishable by more than one year in prison is intrinsic to the charged offense and not subject to a 404(b) challenge.<br><br>If, however, the Defendant stipulates to the fact of his conviction and to his knowledge of his status as a prohibited person, then the Government will not be permitted to introduce the specifics of the Defendant's prior convictions to establish those elements of the § 922(g) charge.[6] *See Old Chief v. United States*, 519 U.S. 172, 185 (1997). |
| The Defendant and Kiara Haynes had a sexual relationship and were second cousins | The Defendant does not challenge the admissibility of this evidence. |
| The Defendant used alcohol and Percocet after the murders, including during the times of his alleged confessions | The Defendant's motion is GRANTED IN PART AND DENIED IN PART. This evidence is intrinsic to the charged conduct and is necessary to complete the story for the jury and explain the context of the alleged confessions Nevertheless, under Rule 403, the Government will not be permitted to solicit general testimony about the Defendant's drug and alcohol use. Instead, any such testimony must be limited to the knowledge of witnesses regarding specific instances of alleged substance use at the time of the alleged confessions. |
| The Defendant made relevant recorded statements while incarcerated | The Defendant acknowledged that his statements on recorded jail calls are not hearsay under Rule 801(d)(2)(A) when offered by the Government because they are statements of an opposing party. |
| The Defendant raped Kiara Haynes on or about May 27, 2015 | The Defendant's motion is GRANTED. The Defendant does not challenge the admissibility of the fact of the alleged sexual assault. Instead, he argues that Haynes |

---

[6] The Defendant indicated that he intends to enter into an *Old Chief* stipulation. No such stipulation has yet been presented to this Court.

10

| | |
|---|---|
| | should not be permitted to use the word "rape." As this Court ruled, Haynes may testify that on the morning of the murders, she had a change of heart and tried to stop the Defendant from carrying out the plot to rob and murder Jennifer and KB. She may further testify that when she tried to stop the Defendant, he overpowered her and forcibly penetrated her. The use of the word "rape," however, would be unduly prejudicial and invite jury confusion. |
| The Defendant's prior conviction for illegal possession of ammunition | This Court defers ruling on this issue. Depending on the Defendant's theory of the case as elicited on cross-examination, this evidence may be admissible to prove the Defendant's knowledge of and access to firearms. |
| The Defendant's prior convictions for second degree assault and attempted murder | Again, this Court defers ruling on this issue. To the extent the Defendant places his character at issue, such evidence may be admissible in rebuttal under Rule 405. |
| Disputed Bad Acts (ECF No. 160 at 4-5.) | This Court defers ruling on this issue. To the extent the Defendant places his character at issue or seeks to impeach certain witnesses with the fact that they did not come forward with evidence sooner,[7] this evidence may be admissible. |

### IV. Motion to Exclude Self-Serving Hearsay

The Government has moved (ECF No. 150) to preclude any attempt by the Defendant to admit what it contends are self-serving exculpatory statements he made to law enforcement following his arrests on June 5, 2015 (the "2015 statement") and May 22, 2020

---

[7] The Government argues that this evidence is relevant to explain that certain witnesses were afraid of the Defendant and thus reluctant to report his conduct to law enforcement.

11

(the "2020 statement"), and on four occasions to a cooperating witness while the Defendant was incarcerated on unrelated charges in July and August 2019.

### A.      Factual Background

On June 5, 2015, after his arrest in Cambridge, Maryland, Defendant Briscoe gave an audio and video recorded interview to Baltimore Police Homicide Detectives Vernon Parker and Brian Lewis.[8] The Government has provided a transcript of that interview with the statements it intends to admit highlighted in yellow. (ECF No. 150-1.)

On May 22, 2020, after his arrest in Baltimore County, Defendant Briscoe gave an audio recorded statement to ATF Special Agent Javon Weaver. The Government has provided a transcript of that interview with the statements it seeks to exclude highlighted in blue. (ECF No. 150-2.)

On July 29, 2019; August [redacted], 2019; August 12, 2019; and August 26, 2019, Special Agent Weaver recorded conversations between the Defendant and a cooperating witness which took place at the visitor telephone terminal at the Maryland Correctional Training Center ("MCTC") in Hagerstown, Maryland. The Government has not yet drafted excerpted transcripts of these conversations. The Government anticipates that it will solicit the topics that are noted in the Reports of Investigation it has attached to its motion. (ECF No. 150-3.) The Government seeks to exclude any of the Defendant's denials of his involvement in the murders of Jennifer and KB.

---

[8] This Court previously DENIED the Defendant's motions to suppress the June 5, 2015 and May 22, 2020 statements. (Order, ECF No. 138.)

### B. Admissibility of the Allegedly Self-Serving Statements

As an initial matter, the Government seeks to admit the content of the 2015 statement through the testimony of law enforcement officials who participated in the interview of the Defendant rather than through the low-quality audio-video recording of the statements.[9] The Defendant initially objected on the grounds that the best evidence rule required the presentation of the recording. At the Motions Hearing, however, the Defendant withdrew his objection to the Government's proposed method for presenting this evidence. The Defendant reserves the right to play the video and any portions of the audio which, if audible, would not constitute inadmissible hearsay or about which the witnesses had already testified on direct examination.

For the reasons stated on the record, the Government's motion is granted. The Government is permitted to offer the Defendant's out of court statements against him because under Rule 801(d)(2)(A) statements of a party opponent are not hearsay. On the other hand, "[t]he rules do not, however, provide an exception for self-serving, exculpatory statements made by a party which are being sought for admission by that same party." *United States v. Wilkerson*, 84 F.3d 692, 696 (4th Cir. 1996). To the extent the Defendant argues that Rule 106[10] renders admissible his denials of the commission of the murders, the Fourth

---

[9] On January 19, 2022 on the first day of the three-day suppression hearing, in this case, this Court viewed and listened to portions of the 2015 statement. On January 20, 2022, this Court noted for counsel that the recording was nearly inaudible: "I will tell you that yesterday with respect to the transcript . . . [of] Government's Exhibit 15, there is no question that you're going to have to improve the sound of it. I could barely hear it." (Jan. 20, 2022 Tr., ECF No. 144 at 3-4.)

[10] Under Federal Rule of Evidence 106: "If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time."

Circuit has made clear that the doctrine of completeness does "not render admissible the evidence which is otherwise inadmissible under the hearsay rules." *Id.* Indeed, in his advisory opinion in *United States v. Bailey*, 322 F. Supp. 3d 661, 668 (D. Md. 2017), Judge Grimm of this Court noted that

> Rule 106 should never come into play unless misleading evidence has been introduced that requires clarification or explanation—otherwise there is no unfairness that needs correction. *Wilkerson*, 84 F.3d at 696 ("Thus, the rule of completeness . . . would not appl[y] . . . where there was no partially introduced conversation that needed clarification or explanation."). And, judges need not take at face value exaggerated claims that a partially introduced statement requires completion unless it can be shown with some precision just how the incomplete evidence is taken out of context.

In this case, the Government does not seek to leave the jury with the impression that the Defendant confessed to the murders in any of his recorded statements. Accordingly, after a thorough review of the transcripts and reports of investigation memorializing the Defendant's statements, this Court concludes that there is no danger of misleading the jury that would justify admitting the Defendant's self-exculpatory statements in contravention of controlling Fourth Circuit precedent. The Government's motion is, therefore, granted.

**V.   Motion to Admit Certain Jail Calls and Exclude Others**

Finally, the Government has filed a motion to admit excerpts of three jail calls involving Kiara Haynes that it contends do not constitute hearsay and to preclude the admission of other jail calls that it contends are hearsay. (ECF No. 151.) Specifically, The Government moves to admit the following jail call recordings: (1) a call on May 26, 2015 in which Haynes made statements to an incarcerated relative ("Gun Giver 1") requesting a gun for use in a robbery; (2) and (3) calls on May 27, 2015 at approximately 9:46 and 9:58 am, respectively, in which an unrelated inmate called Haynes and Haynes indicated that she was

presently with Briscoe. As this Court noted on the record, these calls are admissible under well-established exceptions to the hearsay rule.

**Jail Call on May 26, 2015 at 9:19 pm:** In this call, Kiara Haynes discusses with the incarcerated Gun Giver 1 that she is aware of a woman who possess hundreds of grams of heroin. The woman has requested assistance selling the heroin. Haynes tells Gun Giver 1 that she needs a gun to rob the woman of the narcotics. Haynes then promises Gun Giver 1 30 grams of heroin as consideration for allowing her to use his firearm. The Government argues that this call is admissible against the Defendant pursuant to Federal Rule of Evidence 801(d)(2)(E) as a statement of a co-conspirator in furtherance of a conspiracy. To admit evidence under this rule, the government must show, by a preponderance of the evidence: (1) that there was a conspiracy involving the declarant and the party against whom admission of the evidence is sought; and (2) that the statements at issue were made in furtherance and in the course of that conspiracy. *Bourjaily v. United States*, 483 U.S. 171, 175 (1987); *United States v. Smith*, 441 F.3d 254, 261 (4th Cir.), *cert. denied*, 549 U.S. 903 (2006). In this case, the Government has proffered the following evidence of the existence of the charged conspiracy to distribute narcotics and the uncharged conspiracy to commit Hobbs Act robbery: cell site location information, Haynes' own admissions in her plea agreement, and the testimony of a witness who claims he drove Haynes and the Defendant to retrieve the gun. This evidence is more than sufficient to show the existence of a conspiracy involving Haynes and Briscoe. In addition, the statements are clearly in furtherance of the aims of the conspiracies to distribute narcotics and rob Jennifer. Accordingly, the Government's motion is granted as to the jail call on May 26, 2015 at 9:19 pm.

**Jail Calls on May 27, 2015 at 9:34 am and 9:58 am:** At about 4 minutes 50 seconds into the first call, Haynes is speaking to someone in the background. When inmate 1 asks Haynes to whom she is speaking in the background, she says "my cousin." At about 1 minute and 44 seconds into the second call, Haynes says to someone in the background, "Get some cigarettes too. Get some cigarettes too. You heard me? Poo? You heard me?" The Government argues that that the statement that Haynes was with her cousin is admissible as a present sense impression under Federal Rule of Evidence 803(1).[11] The Government further argues that the command to "Poo," a known nickname of the Defendant's, to get cigarettes is not offered for the truth of the matter asserted and is instead offered to show that Haynes and Briscoe were together at the time of the call. The Defendant has not challenged either argument. Instead, the Defendant asserts that additional evidence showing that he and Haynes were together on the morning of the murders is cumulative in light of the fact that the Defendant himself admitted his whereabouts in his statements to law enforcement. As this Court stated on the record, the evidence is not cumulative under Rule 403 and is admissible. Accordingly, the Government's motion is granted as to the jail calls on May 27, 2015 at 9:34 am and 9:58 am.[12]

---

[11] Under Rule 803(1) "[a] statement describing or explaining an event or condition, made while or immediately after the declarant perceived it" is an exception to the hearsay rule. "There are three elements that must be met for this hearsay exception to apply: (1) the declarant must have personally perceived the event that is described in the statement; (2) the statement must be a simple explanation or description of the event perceived; and (3) the declaration and the event described must be contemporaneous." *Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534, 569 (D. Md. 2007) (Grimm, Mag. J.). Those elements are met here.
[12] As noted on the record, this Court defers ruling on the Government's request to preclude the admission of seven jail calls in which Haynes participated between May 1, 2015 and May 29, 2015.

## CONCLUSION

For the reasons set forth on the record at the May 10, 2022 Motions Hearing and as supplemented above, it is HEREBY ORDERED this 11th day of May 2022 that:

1. The Government's Motion *in Limi*ne to Exclude References to Possible Penalties (ECF No. 152) is MOOT.
2. The Government's Request for Notice of Alibi (ECF No. 153) is MOOT.
3. The Defendant's Motion *in Limine* to Include Statements by a Deceased Declarant (ECF No. 147 *SEALED*) is MOOT, and the Government's objection to the testimony of AB is overruled in part and sustained in part;
4. The Defendant's Motion *in Limine* to Exclude Evidence of Bad Acts and Prior Convictions (ECF No. 148) is GRANTED IN PART AND DENIED IN PART;
5. The Government's Motion to Preclude the Admission of Defendant's Self-Serving Hearsay Statements (ECF No. 150) is GRANTED;
6. The Government's Motion in Limine to Admit Excerpts of Three Jail Calls Involving Kiara Haynes that Do Not Constitute Hearsay & to Preclude Admission of Other Jail Calls That *Are* Hearsay (ECF No. 151) is GRANTED IN PART, and this Court DEFERS ruling IN PART;
7. The Clerk of this Court shall transmit copies of this Memorandum Order to counsel of record;
8. The Jury Trial in this case remains set to commence on Monday, May 23, 2022 at 9:30 am in Courtroom 5D.

_____/s/_____
Richard D. Bennett
United States District Judge