# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| **UNITED STATES OF AMERICA** | * | |
| **v.** | * | CRIMINAL NO.: RDB-20-0139 |
| **ANDRE RICARDO BRISCOE** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **<u>Jury Instructions</u>**

(Introduction and Juror Attentiveness)................................................................. 5

(Role of the Court)........................................................................................... 6

(Role of the Jury)............................................................................................ 7

(Government as Party)...................................................................................... 8

(Role of Defense Counsel)................................................................................ 9

(Improper Considerations)................................................................................ 10

(Sympathy)..................................................................................................... 11

(Indictment is Not Evidence) ........................................................................... 12

(Multiple Counts – One Defendant).................................................................... 13

(Presumption of Innocence and Burden of Proof)................................................ 14

(Number of Witnesses and Uncontradicted Testimony) ....................................... 15

(Specific Investigative Techniques Not Required)................................................. 16

(Direct and Circumstantial Evidence).................................................................. 17

(Questions Not Evidence)................................................................................. 18

(Testimony, Exhibits, and Stipulations) .............................................................. 19

(Consensual Recordings) ................................................................................. 20

(Charts and Summaries (Admitted as Evidence)) ................................................. 21

(Admission of Defendant) ................................................................................ 22

(Improper Consideration of Defendant's Right Not to Testify)............................... 23

(Silence as Admission) .................................................................................... 24

(Inference Defined).......................................................................................... 25

(Uncalled Witness Equally Available).................................................................. 26

(Witness Credibility – General Instruction) ......................................................... 27

(Bias and Hostility).......................................................................................... 29

(Interest in Outcome) ...................................................................................... 30

(Accomplices Called by the Government) ........................................................... 31

(Government Witness – Not Proper to Consider Guilty Plea) ................................ 33

(Co-defendant's Plea Agreement)...................................................................... 34

(Government Informer) .................................................................................... 35

(Law Enforcement Witness) ............................................................................. 36

(Prior Perjury) ............................................................................................... 37

(Impeachment by Prior Inconsistent Statement)...............................................38

(Expert Witnesses) ...........................................................................................40

(Punishment) ....................................................................................................41

(Knowledge, Willfulness, Intent) ....................................................................42

(Using Motive for Intent) .................................................................................44

(The Charges)....................................................................................................45

(Count One—Narcotics Conspiracy) ..............................................................46

(Count One—Elements of the Conspiracy)......................................................47

(Count One—First Element: Existence of Agreement)....................................48

(Count One—Second Element: Membership in the Conspiracy) .....................50

(Acts and Declarations of Co-Conspirators).....................................................53

(Count One—Amount of Controlled Substance) .............................................55

(Count Two—Possession with the Intent to Distribute Narcotics) ..................57

(Count Two—Elements of the Offense) ...........................................................58

(Count Two—First Element: Possession of Narcotics).....................................59

(Count Two—Definition of Possession) ...........................................................60

(Count Two—Knowledge That the Drugs Were Narcotics)..............................62

(Count Two—Third Element: Intent to Distribute)..........................................63

(Attempt To Commit a Crime—General Instruction) ......................................65

(Count Three—Felon in Possession: The Indictment and the Statute) ............67

(Count Three—Elements of the Offense) ........................................................68

(Count Three—First Element: Defendant's Prior Conviction).........................69

(Count Three—Second Element: Possession of Firearm) ................................71

(Count Three—Third Element: Firearm in or Affecting Commerce) ...............73

(Counts Four and Five—Use of A Firearm During and in Relation to A Predicate Crimes, Resulting in Death:  The Indictment and the Statute).......................74

(Counts Four and Five: Elements of the Offense) ...........................................76

(Counts Four and Five—First Element: Commission of the Predicate Crime or Crimes)..............................................................................................................77

(Counts Four and Five—Second & Third Element: Knowing Use, Carry, Possession, Brandishing and/or Discharging of A Firearm During and in Relation to, or in Furtherance of, A Drug Trafficking Crime or Crime of Violence) ...............................79

(Counts Four and Five—Predicate Crime of Violence: Hobbs Act Robbery) ........... 82

(Counts Four and Five—Predicate Crime of Violence (Hobbs Acts Robbery: Definition of Robbery)) ................................................................................................ 83

(Counts Four and Five—Predicate Crime of Violence (Hobbs Act Robbery: First Element)) ................................................................................................................... 84

(Counts Four and Five—Predicate Crime of Violence (Hobbs Act Robbery: Second Element)) ................................................................................................................... 85

(Counts Four and Five—Predicate Crime of Violence (Hobbs Act Robbery: Fear of Injury)) ..................................................................................................................... 86

(Counts Four and Five—Predicate Crime of Violence (Hobbs Act Robbery: Third Element)) ................................................................................................................... 87

(Count Six—Killing a Witness to Prevent Communication to Law Enforcement: the Indictment and the Statute) ...................................................................................... 89

(Count Six—Statutory Purpose) ............................................................................. 91

(Count Six—Elements of the Offense) ................................................................... 92

(Count Six—First Element: Defendant Killed the Victim) ..................................... 93

(Count Six—Second Element: Intent To Prevent Communication to Law Enforcement) ........................................................................................................... 94

(Count Six: First Degree Murder) ........................................................................... 96

(Count Six—First Degree Murder: Elements of the Offense) ................................. 97

(Count Six—First Degree Murder, First Element: Defendant Unlawfully Killed Decedent) ................................................................................................................. 98

(Count Six—First Degree Murder, Second Element: Malice Aforethought) .............. 99

(Count Six—First Degree Murder, Third Element: Premeditation) ........................ 100

(Counts Two through Four—Aiding and Abetting) ................................................ 101

(Special Findings) ................................................................................................. 104

(Right to See Exhibits and Hear Testimony; Communications with Court) ............. 106

(Duty to Consult and Need for Unanimity) ........................................................... 107

(Selection of a Foreperson) ................................................................................... 109

(Verdict Form) ....................................................................................................... 110

COURT'S INSTRUCTION NO. 1

**(Introduction and Juror Attentiveness)**

Members of the Jury:

You have now heard all the evidence and the arguments of counsel and are about to enter your final duty, which is to decide the fact issues in the case.

Before you do that, I will instruct you on the law.  You must pay close attention to me now.  I will go as slowly as I can and be as clear as possible.

I told you at the very start of the trial that your principal function during the taking of testimony would be to listen carefully and observe each witness who testified.  It has been obvious to me and to counsel that you have faithfully discharged this duty.  Your interest never flagged, and it is evident that you followed the testimony with close attention.

I ask you to give me that same careful attention, as I instruct you on the law.

*Sand,* 2-1.

COURT'S INSTRUCTION NO. 2

**(Role of the Court)**

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.  My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

*Sand,* 2-2 (modified).

COURT'S INSTRUCTION NO. 3

**(Role of the Jury)**

Your role is to pass upon and decide the factual issues that are in the case.

You, the members of the jury, are the sole and exclusive judges of the facts.  You pass

upon the weight of the evidence; you determine the credibility of the witnesses; you

resolve such conflicts as there may be in the testimony, and you draw whatever

reasonable inferences you decide to draw from the facts as you have determined

them.

In determining the facts, you must rely upon your own recollection of the

evidence.  The evidence in this case consists of the sworn testimony of the witnesses

and the exhibits received into evidence.  What the lawyers have said in their opening

statements, in their closing arguments, in their objections, and in their questions to the

witnesses is not evidence.  What I say is not evidence.  Since you are the sole and

exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or

what your verdict should be.

*Sand,* 2-3 (modified).

## COURT'S INSTRUCTION NO. 4

### (Government as Party)

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community.  Equally, it is important to the defendant, who is charged with serious crimes.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

*Sand,* 2-5.

COURT'S INSTRUCTION NO. 5

**(Role of Defense Counsel)**

Defense Counsel have an ethical duty to investigate and secure relevant information that may assist in the defense of the case. This duty may include engaging an investigator to conduct interviews of potential witnesses.

COURT'S INSTRUCTION NO. 6

**(Improper Considerations)**

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national origin, sex or age.  All persons are entitled to the presumption of innocence and the government has the burden of proof, as I will discuss in a moment.

It would be equally improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process.

*Sand,* 2-11 (modified).

COURT'S INSTRUCTION NO. 7

**(Sympathy)**

Under your oath as jurors you are not to be swayed by sympathy. You are to be guided solely by the evidence in this case, and the crucial, hard-core question that you must ask yourselves as you sift through the evidence is: Has the government proven the guilt of the defendant beyond a reasonable doubt?

It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to a defendant's guilt, you should not hesitate for any reason to find a verdict of acquittal.  But on the other hand, if you should find that the government has met its burden of proving a defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.


*Sand*, 2-12.

COURT'S INSTRUCTION NO. 8

**(Indictment is Not Evidence)**

I remind you that an indictment itself is not evidence. It merely describes the charges made against the defendant. It is an accusation. It may not be considered by you as any evidence of the guilt of the defendant.

In reaching your determination of whether the government has proved the defendant guilty beyond a reasonable doubt, you may consider only the evidence introduced or lack of evidence.

*Sand,* 3-1.

COURT'S INSTRUCTION NO. 9

**(Multiple Counts – One Defendant)**

The indictment contains a total of six counts. You must consider each count separately and return a separate verdict of guilty or not guilty for each. Whether you find the defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.

*Sand,* 3-6 (modified).

COURT'S INSTRUCTION NO. 10

**(Presumption of Innocence and Burden of Proof)**

The burden is on the prosecution, that is, the government, to prove the defendant's guilt beyond a reasonable doubt.

As a result, the defendant begins the trial here with a clean slate. This presumption of innocence alone is sufficient to acquit the defendant unless you, after a careful and impartial consideration of all the evidence, are unanimously convinced beyond a reasonable doubt of the defendant's guilt.

If the government fails to sustain its burden of proving the defendant guilty beyond a reasonable doubt, you must find the defendant not guilty. This burden never shifts to the defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

*Sand,* 4-1 (modified).

COURT'S INSTRUCTION NO. 11

**(Number of Witnesses and Uncontradicted Testimony)**

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses.

You also have to decide which witnesses to believe and which facts are true. To do this you must look at all the evidence, drawing upon your own common sense and personal experience.   After examining all the evidence, you may decide that the party calling the most witnesses has not persuaded you because you do not believe its witnesses, or because you do believe the fewer witnesses called by the other side.

In a moment, I will discuss the criteria for evaluating credibility; for the moment, however, you should keep in mind that the burden of proof is always on the government and the defendant is not required to call any witnesses or offer any evidence, since he is presumed to be innocent.

*Sand,* 4-3.

COURT'S INSTRUCTION NO. 12

**(Specific Investigative Techniques Not Required)**

During the trial you have heard testimony of witnesses and argument by counsel that the government did not utilize specific investigative techniques.  You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty.

However, you also are instructed that there is no legal requirement that the government use any of these specific investigative techniques to prove its case.

Your concern, as I have said, is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond reasonable doubt.

*Sand,* 4-4 (modified).

16

COURT'S INSTRUCTION NO. 13

**(Direct and Circumstantial Evidence)**

There are two types of evidence that are generally presented during a trial: direct and circumstantial evidence.  Direct evidence is the testimony of a person who asserts actual knowledge of a fact, such as an eyewitness.  Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact.

The law makes no distinction between the weight or value to be given to either direct evidence or circumstantial evidence.  Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence.  You should weigh all the evidence in the case.  After weighing all the evidence, if you are not convinced of the guilt of the defendant beyond a reasonable doubt, you must find him not guilty.

*Sand,* 5-2 (in substance).

<u>COURT'S INSTRUCTION NO. 14</u>

**(Questions Not Evidence)**

I remind you that a lawyer's question to a witness is not evidence.  At times, a lawyer on cross-examination may have incorporated into a question a statement that assumed certain facts to be true and asked the witness if the statement was true.  If the witness denies the truth of the statement, and if there is no evidence in the record proving the assumed fact is true, then you may not consider the fact to be true simply because it was contained in the lawyer's question.

In short, questions are not evidence; answers are.

*Sand,* 5-3 (in substance).

COURT'S INSTRUCTION NO. 15

**(Testimony, Exhibits, and Stipulations)**

The evidence in this case consists of the sworn testimony of the witnesses, the exhibits received in evidence, and certain stipulations.  A stipulation is an agreement among the parties that a certain fact is true.  You should regard such agreed facts as true.

Exhibits which have been marked for identification but not received may not be considered by you as evidence.  Only those exhibits received may be considered as evidence.

Anything you may have seen or heard about this case outside the courtroom is not evidence and must be entirely disregarded.  As I indicated before, only the witnesses' answers are evidence and you are not to consider a question as evidence.  Similarly, statements by counsel are not evidence.

You should consider the evidence in light of your own common sense and experience, and you may draw reasonable inferences from the evidence.

*Sand,* 5-4, 5-5, 5-6, 5-7 (modified).

COURT'S INSTRUCTION NO. 16

**(Consensual Recordings)**

The government has offered evidence in the form of taped recordings of conversations with the defendant. These recordings were made without the knowledge of the defendant, but with the consent and agreement of one of the other parties to the conversations.

The use of this procedure to gather evidence is perfectly lawful.

*Sand*, 5-10.

COURT'S INSTRUCTION NO. 17

**(Charts and Summaries (Admitted as Evidence))**

The parties have presented exhibits in the form of charts and summaries. I

decided to admit these charts and summaries in place of the underlying documents

that they represent in order to save time and avoid unnecessary inconvenience. You

should consider these charts and summaries as you would any other evidence.

*Sand*, 5-12.

COURT'S INSTRUCTION NO. 18

**(Admission of Defendant)**

There has been evidence that the defendant allegedly made certain statements in which the government claims he admitted certain facts charged in the indictment.

You should first examine with great care whether each statement was made and, if so,  whether, in fact, it was voluntarily and understandingly made.  I instruct you that you are to give the statements such weight as you feel they deserve in light of all the evidence.

*Sand*, 5-19.

COURT'S INSTRUCTION NO. 19

**(Improper Consideration of Defendant's Right Not to Testify)**

The defendant did not testify in this case. Under our constitution, he has no obligation to testify or to present any other evidence because it is the prosecution's burden to prove the defendant guilty beyond a reasonable doubt. That burden remains with the prosecution throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

*Sand*, 5-21.

COURT'S INSTRUCTION NO. 20

**(Silence as Admission)**

There has been testimony that the defendant was silent when statements were made in his presence accusing him of committing the acts charged in the indictment. If you find that the defendant actually was present, and heard the statements and understood them, then you may consider the defendant's silence as an admission of their truth, if you find, in accordance with your common sense and experience, that the defendant would have denied the statements had they been untrue. However, you should bear in mind that some people will remain silent, even if they are innocent.

*Sand*, 5-22.

COURT'S INSTRUCTION NO. 21

**(Inference Defined)**

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess.  It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact which you know exists.

*Sand,* 6-1 (in substance).

COURT'S INSTRUCTION NO. 22

**(Uncalled Witness Equally Available)**

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify, and one or more of the attorneys has referred to their absence from the trial.  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

*Sand*, 6-7.

COURT'S INSTRUCTION NO. 23

**(Witness Credibility – General Instruction)**

It must be clear to you by now that the Government and the defendant are asking you to draw very different conclusions about various factual issues in the case. Deciding these issues will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. How did the witness appear? Was the witness candid, frank, and forthright; or, did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with the government or the defendant that may affect how he or she testified? Does the witness have some

incentive, loyalty, or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

You should also consider whether a witness had an opportunity to observe the facts he or she testified about. Also, you should consider whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter when you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

*Sand*, 7-1.

COURT'S INSTRUCTION NO. 24

**(Bias and Hostility)**

In connection with your evaluation of the credibility of the witnesses, you should specifically consider evidence of resentment or anger that some government witnesses may have towards the defendant.

Evidence that a witness is biased, prejudiced or hostile toward the defendant requires you to view that witness' testimony with caution, to weigh it with care, and subject it to close and searching scrutiny.

*Sand*, 7-2.

COURT'S INSTRUCTION NO. 25

**(Interest in Outcome)**

In evaluating credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

*Sand*, 7-3.

COURT'S INSTRUCTION NO. 26

**(Accomplices Called by the Government)**

You have heard witnesses who testified that they were actually involved in planning and carrying out the crimes charged in the indictment. There has been a great deal said about these accomplice witnesses in the summations of counsel and whether or not you should believe them.

The government argues, as it is permitted to do, that it must take the witnesses as it finds them. It argues that only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others.

For those very reasons, the law allows the use of accomplice testimony. Indeed, it is the law in federal courts that the testimony of accomplices may be enough in itself for conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt.

However, it is also the case that accomplice testimony is of such nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe.

I have given you some general considerations on credibility and I will not repeat them all here. Nor will I repeat all of the arguments made on both sides. However, let me say a few things that you may want to consider during your deliberations on the subject of accomplices.

You should ask yourselves whether these so-called accomplices would benefit

more by lying, or by telling the truth. Was their testimony made up in any way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely? Or did they believe that their interests would be best served by testifying truthfully? If you believe that a witness was motivated by hopes of personal gain, was the motivation one that would cause her to lie, or was it one that would cause her to tell the truth? Did this motivation color her testimony?

In sum, you should look at all of the evidence in deciding what credence and what weight, if any, you will want to give to the accomplice witnesses.


*Sand,* 7-5.

COURT'S INSTRUCTION NO. 27

**(Government Witness – Not Proper to Consider Guilty Plea)**

You have heard testimony from a government witness who pled guilty to charges arising out of the same facts as this case. You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendant on trial from the fact that a prosecution witness pled guilty to similar charges. That witness' decision to plead guilty was a personal decision about her own guilt. It may not be used by you in any way as evidence against or unfavorable to the defendant on trial here.

*Sand*, 7-10.

COURT'S INSTRUCTION NO. 28

**(Co-defendant's Plea Agreement)**

In this case, there has been testimony from a government witness, Kiara Haynes, who pled guilty after entering into an agreement with the government to testify. The government has promised to bring the witness' cooperation to the attention of the sentencing court.

The government is permitted to enter into this kind of plea agreement. You, in turn, may accept the testimony of such a witness and convict the defendant on the basis of this testimony alone, if it convinces you of the defendant's guilt beyond a reasonable doubt.

However, you should bear in mind that a witness who has entered into such an agreement has an interest in this case different than any ordinary witness. A witness who realizes that she may be able to obtain her own freedom, or receive a lighter sentence by giving testimony favorable to the prosecution, has a motive to testify falsely. Therefore, you must examine her testimony with caution and weigh it with great care. If, after scrutinizing his testimony, you decide to accept it, you may give it whatever weight, if any, you find it deserves.

*Sand*, 7-11.

34

<u>COURT'S INSTRUCTION NO. 29</u>

**(Government Informer)**

There has been evidence introduced at trial that the government used an informer in this case. I instruct you that there is nothing improper in the government's use of informers. You, therefore, should not concern yourselves with how you personally feel about the use of informers, because that is really beside the point. Put another way, your concern is to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt, regardless of whether evidence was obtained by the use of an informer.

On the other hand, when an informer testifies, as he did here, his testimony must be examined with greater scrutiny than the testimony of an ordinary witness. You should consider whether he received any benefits or promises from the government that would motivate him to testify falsely against the defendant. For example, he may believe that he will only continue to receive these benefits if he produces evidence of criminal conduct.

If you decide to accept his testimony, after considering it in the light of all the evidence in this case, then you may give it whatever weight, if any, you find it deserves.

*Sand*, 7-14.

COURT'S INSTRUCTION NO. 30

**(Law Enforcement Witness)**

You have heard the testimony of law enforcement officials. The fact that a witness may be employed as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of a law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

*Sand*, 7-16.

COURT'S INSTRUCTION NO. 31

**(Prior Perjury)**

There has been evidence that a witness who testified at this trial lied under oath at another proceeding. I must warn you that the testimony of this witness should be viewed cautiously and weighed with great care. It is, however, for you to decide how much of his or her testimony, if any, you wish to believe.

*Sand*, 7-18.

COURT'S INSTRUCTION NO. 32

**(Impeachment by Prior Inconsistent Statement)**

You have heard evidence that a witness made a statement on an earlier occasion that counsel argues is inconsistent with the witness' trial testimony. Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence bearing on the defendant's guilt. Evidence of the prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

*Sand*, 7-19.

<u>COURT'S INSTRUCTION NO. 33</u>

**(Expert Witnesses)**

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training.

In weighing this opinion testimony, you may consider the witness' qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion.

*Sand*, 7-21.

COURT'S INSTRUCTION NO. 34

**(Punishment)**

The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence rests exclusively upon the court.

*Sand*, 9-1.

COURT'S INSTRUCTION NO. 35

**(Knowledge, Willfulness, Intent)**

You have been instructed that in order to sustain its burden of proof, the government must prove that the defendant acted knowingly, willfully, and intentionally.

 A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness.  Whether the defendant acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.

A person acts willfully means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose to disobey or to disregard the law.   The defendant's conduct was not "willful" if it was due to negligence, inadvertence, or mistake.

A person acts intentionally if he acted deliberately and purposefully. That is, the defendant's acts must have been the product of defendant's conscious objective rather than the product of a mistake or accident.

Knowledge, willfulness, and intent involve the state of a person's mind.  It has often been said to juries that the state of one's mind is a fact as much as the state of his digestion.  Accordingly, this is a fact you are called upon to decide.

Medical science has not yet devised an instrument which can record what was in one's mind in the distant past.  Rarely is direct proof available to establish the state

of one's mind.  This may be inferred from what he says or does:  his words, his actions, and his conduct, as of the time of the occurrence of certain events.

The intent with which an act is done is often more clearly and conclusively shown by the act itself, or by a series of acts, than by words or explanations of the act uttered long after its occurrence.  Accordingly, intent, willfulness and knowledge are usually established by surrounding facts and circumstances as of the time the acts in question occurred, or the events took place, and the reasonable inferences to be drawn from them.


*Sand*, 6-17; 3A-1, 3A-3, and 3A-4 (combined).

COURT'S INSTRUCTION NO. 36

**(Using Motive for Intent)**

Proof of motive is not a necessary element of the crimes with which the defendants are charged.

Proof of motive does not establish guilt, nor does a lack of proof of motive establish that a defendant is not guilty.

If the guilt of a defendant is shown beyond a reasonable doubt, it is immaterial what the motive for the crime may be, or whether any motive be shown, but the presence or absence of motive is a circumstance that you may consider as bearing on the intent of a defendant.

*Sand*, 6-18 (modified).

COURT'S INSTRUCTION NO. 37

**(The Charges)**

The  indictment contains six (6) counts.

Count One charges the defendant with Conspiracy to Distribute and Possess with the Intent to Distribute Controlled Substances.

Count Two charges the defendant with Possession with Intent to Distribute Controlled Substances.

Count Three charges the defendant with Possession of a Firearm and Ammunition by a Prohibited Person.

Counts Four and Five charge the defendant with Use and Carry of a Firearm During and in Relation to a Drug Trafficking Crime and Crime of Violence, Causing the Death of Another.

Count Six charges the defendant with Killing a Witness to Prevent Communication to Law Enforcement.

The defendant has denied that he is guilty of these charges.

*Sand*, 3-2.

COURT'S INSTRUCTION NO. 38

**(Count One—Narcotics Conspiracy)**

The defendant is charged in Count One of the indictment with conspiracy to

Distribute and Possess with the Intent to Distribute Controlled Substances.

The indictment reads:

Beginning no later than March 2015 and continuing until in or about
October 2015, in the District of Maryland and elsewhere, the defendant,
Andre Ricardo Briscoe, did knowingly combine, conspire, confederate,
and agree with others known and unknown to the Grand Jury to distribute
and possess with the intent to distribute 100 grams or more of a mixture
and substance containing a detectable amount of heroin, a Schedule I
controlled substance . . . .

The relevant statute on this subject is 21 U.S.C. § 846 which prohibits anyone

from conspiring to distribute and possess with intent to distribute controlled

dangerous substances.

*Sand*, 19-1 (modified).

COURT'S INSTRUCTION NO. 39

**(Count One—Elements of the Conspiracy)**

In order to satisfy its burden of proof on Count One the government must establish both of the following elements beyond a reasonable doubt:

First, that two or more persons entered an unlawful agreement to distribute and possess with intent to distribute heroin, a controlled dangerous substance, as charged in the indictment; and

Second, that the defendant knowingly and willfully became a member of the conspiracy.

*Sand*, 19-3 (modified).

<u>COURT'S INSTRUCTION NO. 40</u>

**(Count One—First Element: Existence of Agreement)**

The first element the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that two or more persons entered the unlawful agreement charged in the indictment, that is, an agreement to distribute and possess with intent to distribute controlled dangerous substances. The controlled dangerous substance alleged in this Count is heroin.

In order for the government to satisfy this element, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement. Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act.

You may, of course, find that the existence of an agreement to disobey or disregard the law has been established by direct proof.  However, since conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved.

In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words.  In this regard, you may, in determining whether an

agreement existed here, consider the actions and statements of all those you find to be participants as proof that a common design existed on the part of the person charged and his co-conspirators to act together for the accomplishment of an unlawful purpose.

*Sand*, 19-4 (modified).

COURT'S INSTRUCTION NO. 41

**(Count One—Second Element: Membership in the Conspiracy)**

The second element that the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that the defendant knowingly, willfully, and voluntarily became a member of the conspiracy.

If you are satisfied that the conspiracy charged in the indictment existed, you must next ask yourselves who the members of the conspiracy were. In deciding whether the defendant was, in fact, a member of the conspiracy, you should consider whether he knowingly and willfully joined the conspiracy. Did he participate in it with knowledge of its unlawful purpose and with the specific intention of furthering its business or objective as an associate or worker?

The defendant's participation in the conspiracy must be established by his own acts or statements or the acts or statements of his alleged co-conspirators, and the reasonable inferences that may be drawn from them.

A defendant's knowledge is a matter of inference from the facts proved. In that connection, I instruct you that to become a member of the conspiracy, a defendant need not have known the identities of each and every member, nor need he have been apprised of all of their activities. Moreover, a defendant need not have been fully informed as to all of the details or the scope of the conspiracy in order to justify an inference of knowledge on his part. Furthermore, a defendant need not have joined in all of the conspiracy's unlawful objectives. Once a conspiracy is

established, even a slight connection between a defendant and the conspiracy is sufficient to include him in the plan. And one who joins an ongoing conspiracy is deemed to have adopted the prior acts and declarations of conspirators, made after the formation and in furtherance of the conspiracy.

A conspiracy continues so long as acts in furtherance of its purpose are done. For example, distribution of the proceeds of a conspiracy is an act occurring during the pendency of the conspiracy. Further, actions taken to protect the proceeds of a robbery represent an act in furtherance of the conspiracy.

The extent of a defendant's participation has no bearing on the issue of his guilt. A conspirator's liability is not measured by the extent or duration of his participation. Indeed, each member may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor parts in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw a defendant within the ambit of the conspiracy.

I want to caution you, however, that a defendant's mere presence at the scene of the alleged crime does not, by itself, make him a member of the conspiracy. Similarly, mere association with one or more members of the conspiracy does not automatically make a defendant a member. A person may know or be friendly with a criminal without being a criminal himself. Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not

necessarily establish proof of the existence of a conspiracy.  If, on the other hand, you find beyond a reasonable doubt that the defendant knew about the plan to commit a robbery and agreed to participate, you should find the defendant guilty.

I also want to caution you that mere knowledge or acquiescence without participation in the unlawful plan is not sufficient.  Moreover, the fact that the acts of the defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy does not make him a member.  More is required under the law.  What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised, or assisted in it for the purpose of furthering the illegal undertaking.  He thereby becomes a knowing and willing participant in the unlawful agreement– that is to say, a conspirator.

*Sand*, 19-6.

COURT'S INSTRUCTION NO. 42

**(Acts and Declarations of Co-Conspirators)**

You will recall that I have admitted into evidence against the defendant acts of others because these acts were committed by persons who, the government charges, were also confederates or co-conspirators of the defendant on trial.

The reason for allowing this evidence to be received against the defendant has to do with the nature of the crime of conspiracy.  A conspiracy is often referred to as a partnership in crime.  Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed under law, to be the acts of all of the members, and all of the members are responsible for such acts.

If you find beyond a reasonable doubt that the defendant was a member of the conspiracy charged in the indictment, then any acts done in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy may be considered against the defendant.  This is so even if such acts were done in the defendant's absence and without his knowledge.

However, before you may consider the acts of a co-conspirator in deciding the issue of the defendant's guilt, you must first determine that the acts were made during

the existence and in furtherance of the unlawful scheme.  If the acts were done by

someone whom you do not find to have been a member of the conspiracy or if they

were not done in furtherance of the conspiracy, they may be considered by you as

evidence only against the member who did them.


*Sand*, 19-9.

<u>COURT'S INSTRUCTION NO. 43</u>

**(Count One—Amount of Controlled Substance)**

If you find that the government has proven the defendant guilty of the conspiracy charged in Count One, then there is one more issue that you must decide. I have provided you with a special verdict form asking you to fill in the amount of heroin that the defendant conspired to distribute. The burden is on the government to establish the amount of heroin beyond a reasonable doubt. Remember, you should address this issue and complete the form only if you find the defendant guilty of the conspiracy charged in Count One.

In determining the quantity of heroin attributable to the defendant, you should consider the following factors:

First, the defendant is accountable for any quantity of heroin which he personally distributed or possessed with intent to distribute.

Second, the defendant is also accountable for any quantity of heroin which he attempted to or planned to distribute or possess with intent to distribute. Specifically, he is accountable for that quantity of heroin even if it was never actually distributed, so long as an objective of the conspiracy was for the defendant to distribute or possess with intent to distribute that quantity of drugs.

Third, the defendant is also accountable for any quantity of heroin which another member of the conspiracy distributed or possessed with intent to distribute as part of the conspiracy, so long as it was reasonably foreseeable to the defendant that

55

such a quantity of heroin would be involved in the conspiracy which he joined.

Fourth, he is also accountable for any quantity of heroin which another member of the conspiracy attempted to or planned to distribute or possess with intent to distribute, so long as it was reasonably foreseeable to the defendant that such a quantity of heroin would be involved in the conspiracy which he joined. A defendant is accountable for those drugs even if those drugs were never actually obtained or distributed by other members of the conspiracy, so long as an objective of the conspiracy was for the other members of the conspiracy to distribute or possess with intent to distribute such a type and quantity of drugs.

These last two rules apply even if the defendant did not personally participate in the acts or plans of his co-conspirators or even if the defendant did not have actual knowledge of those acts or plans, so long as those acts or plans were reasonably foreseeable to the defendant and were committed by his co-conspirators in furtherance of the conspiracy.  The reason for this is simply that a co-conspirator is deemed to be the agent of all other members of a conspiracy.  Therefore, all of the co-conspirators bear criminal responsibility for acts or plans that are undertaken to further the goals of the conspiracy.

Your findings about the quantity of heroin attributable to the defendant will be noted on the verdict form, which I will discuss in a moment.

*Sand*, No. 56-12 (modified).

<u>COURT'S INSTRUCTION NO. 44</u>

**(Count Two—Possession with the Intent to Distribute Narcotics)**

Count Two of the indictment charges the defendant with the possession of a

controlled substance with the intent to distribute it. The indictment reads as follows:

On or about May 27, 2015, in the District of Maryland, the defendant,
Andre Ricardo Briscoe, knowingly and intentionally possessed with intent
to distribute a mixture or substance containing a detectable amount of
heroin, a Schedule I controlled substance.

The defendant is charged with violating the Drug Abuse Prevention and

Control Act. That law makes it a crime "for any person knowingly or intentionally to

manufacture, distribute, or dispense, or possess with intent to manufacture, distribute,

or dispense, a controlled substance."

*Sand*, 56-1.

COURT'S INSTRUCTION NO. 45

**(Count Two—Elements of the Offense)**

In order to prove this charge against the defendant, the government must establish beyond a reasonable doubt each of the following three elements of the crime:

First, that the defendant possessed narcotic drugs;

Second, that the defendant knew that he possessed narcotic drugs; and

Third, that the defendant possessed the narcotic drugs with the intent to distribute them.

*Sand*, 56-2.

COURT'S INSTRUCTION NO. 46

**(Count Two—First Element: Possession of Narcotics)**

The first element the government must prove beyond a reasonable doubt to establish guilt on Count Two is that the defendant possessed narcotic drugs.

To establish this element, the government must prove that the material that the defendant is charged with possessing is, in fact, narcotics. The government may prove this through either direct evidence or through circumstantial evidence. An example of direct evidence is the testimony of a chemist who has done a chemical analysis of the material. Circumstantial evidence would be evidence from which you could infer that the material was heroin, such as testimony concerning the names used by the defendant to refer to the material or testimony about the material's appearance. Whether the government relies on direct or circumstantial evidence to prove that the material in issue was narcotics, it must prove so beyond a reasonable doubt.

*Sand*, 56-3.

COURT'S INSTRUCTION NO. 47

**(Count Two—Definition of Possession)**

As I have instructed you, the government must prove beyond a reasonable doubt that the defendant "possessed" the drugs. The legal concept of possession may differ from the everyday usage of the term, so I will explain it in some detail.

Actual possession is what most of us think of as possession; that is having physical custody or control of an object. For example, if you find that the defendant had the drugs on his person, you may find that he had possession of the drugs. However, a person need not have actual physical custody of an object in order to be in legal possession of it. If an individual has the ability and intent to exercise substantial control over an object that he does not have in his physical custody, then he is in possession of that item. An example of this from everyday experience would be a person's possession of items he keeps in the safe deposit box of his bank. Although the person does not have physical custody of those items, he exercises substantial control over them and so has legal possession of them.

The law also recognizes that possession may be sole or joint. If one person alone possesses something, that is sole possession. However, it is possible that more than one person may have the power and intention to exercise control over the drugs. This is called joint possession. If you find that the defendant had such power and intention, then he possessed the drugs under this element even if he possessed the drugs jointly with another.

60

Possession of drugs cannot be found solely on the ground that the defendant was near or close to the drugs. Nor can it be found simply because the defendant was present at a scene where drugs were involved, or solely because the defendant associated with a person who did control the drugs or the property where they were found. However, these factors may be considered by you, in connection with all other evidence, in making your decision whether the defendant possessed the drugs.

*Sand*, 56-4.

<u>COURT'S INSTRUCTION NO. 48</u>

**(Count Two—Knowledge That the Drugs Were Narcotics)**

The second element the government must prove beyond a reasonable doubt is that the defendant knew that he possessed narcotics.

To establish this element, the government must prove that the defendant knew that he possessed narcotics, and that his possession was not due to carelessness, negligence, or mistake. If you find that the defendant did not know that he had narcotics in his possession, or that he didn't know that what he possessed was, in fact, narcotics, then you must find the defendant not guilty.

Although the government must prove that the defendant knew that he possessed narcotics, the government does not have to prove that the defendant knew the exact nature of the drugs in his possession. It is enough that the government proves that the defendant knew that he possessed some kind of narcotic.

*Sand*, 56-6.

62

<u>COURT'S INSTRUCTION NO. 49</u>

**(Count Two—Third Element: Intent to Distribute)**

The third element the government must prove beyond a reasonable doubt is that the defendant possessed narcotics with the intent to distribute them. To prove the third element in this way, the government must prove beyond a reasonable doubt that the defendant had control over the drugs with the state of mind or purpose to transfer them to another person.

The same considerations that apply to your determination whether the defendant knew he possessed narcotics apply to your decision concerning the defendant's intention to distribute them. Since you cannot read the defendant's mind, you must make inferences from his behavior. However, you may not convict the defendant unless these inferences convince you beyond a reasonable doubt that the defendant intended to distribute the narcotics.

When I say that you must find that the defendant intended to distribute the narcotics, this does not mean that you must find that the defendant intended personally to distribute or deliver the drugs. It is sufficient if you find that the defendant intended to cause or assist the distribution of the narcotics.

Basically, what you are determining is whether the drugs in the defendant's possession were for his personal use or for the purpose of distribution. Often it is possible to make this determination from the quantity of drugs found in the defendant's possession.  For example, it would be highly unlikely that a person with

50,000 doses of amphetamine possessed them all for personal consumption.

The possession of a large quantity of narcotics does not necessarily mean that the defendant intended to distribute them. On the other hand, a defendant may have intended to distribute narcotics even if he did not possess large amounts of them. Other physical evidence, such as paraphernalia for the packaging or processing of drugs, can show such an intent. There might also be evidence of a plan to distribute. You should make your decision whether the defendant intended to distribute the narcotics in his possession from all of the evidence presented.

*Sand*, 56-9, 56-11 (combined and modified).

COURT'S INSTRUCTION NO. 50

**(Attempt To Commit a Crime—General Instruction)**

If you do not find the defendant guilty of the substantive crime charged in Count Two, you will be asked to determine whether the government has proven beyond a reasonable doubt that the defendant committed the offense of Attempted Possession with Intent to Distribute Heroin.

In order to prove the charge of attempting to commit the crime of Possession with Intent to Distribute Heroin, the government must prove the following two elements beyond a reasonable doubt:

First, that the defendant intended to commit the crime of Possession with Intent to Distribute Heroin ; and

Second, that the defendant did some act that was a substantial step in an effort to bring about or accomplish the crime.

Mere intention to commit a specific crime does not amount to an attempt. In order to convict the defendant of an attempt, you must find beyond a reasonable doubt that the defendant intended to commit the crime charged, and that he took some action which was a substantial step toward the commission of that crime.

In determining whether the defendant's actions amounted to a substantial step toward the commission of the crime, it is necessary to distinguish between mere preparation on the one hand, and the actual doing of the criminal deed on the other. Mere preparation, which may consist of planning the offense, or of devising,

65

obtaining or arranging a means for its commission, is not an attempt, although some

preparations may amount to an attempt. The acts of a person who intends to commit

a crime will constitute an attempt when the acts themselves clearly indicate an intent

to commit the crime, and the acts are a substantial step in a course of conduct

planned to culminate in the commission of the crime.

*Sand*, 10-1 (modified).

<u>COURT'S INSTRUCTION NO. 51</u>

**(Count Three—Felon in Possession: The Indictment and the Statute)**

The indictment charges the defendant with being a person convicted of a crime

punishable by more than one year imprisonment who possessed a weapon shipped in

interstate commerce.  The indictment reads as follows:

> On or about May 27, 2015, in the District of Maryland, the defendant,
> Andre Ricardo Briscoe, knowing he had previously been convicted of a
> crime punishable by imprisonment for a term exceeding one year,
> knowingly possessed a firearm and amunition, to wit: one Para-Ordnance
> .45 caliber pistol bearing serial number RK8433, and approximately five
> rounds of .45 caliber Winchester brand ammunition, and the firearm and
> ammunition were in and affecting commerce.

The relevant statute on this subject is section 922(g) of Title 18 of the United

States Code, which provides:

> It shall be unlawful for any person who has been convicted in any court
> of a crime punishable by imprisonment for a term exceeding one year . . .
> to . . . possess in or affecting commerce, any firearm or ammunition; or to
> receive any firearm or ammunition which has been shipped or transported
> in interstate or foreign commerce.

*Sand*, 35-45.

COURT'S INSTRUCTION NO. 52

**(Count Three—Elements of the Offense)**

The government must prove each of the following elements beyond a reasonable doubt in order to sustain its burden of proving the defendant guilty on Count Three:

First, that the defendant was convicted, and knew that he had been so convicted, in any court of a crime punishable by imprisonment for a term exceeding one year, and that his civil rights had not been restored;

Second, that the defendant knowingly possessed the firearm, as charged; and

Third, that the possession charged was in or affecting interstate (or foreign) commerce.

*Sand*, 35-47 (modified).

COURT'S INSTRUCTION NO. 53

**(Count Three—First Element: Defendant's Prior Conviction)**

The first element the government must prove beyond a reasonable doubt is that prior to the date the defendant is charged with possessing the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year and that the state has not restored the defendant's civil rights following that conviction.

The parties here have stipulated that, prior to May 27, 2015, the defendant, Andre Ricardo Briscoe Jr., had been convicted of a "crime punishable by imprisonment for a term exceeding one year" as defined in 18 U.S.C. § 921. Furthermore, prior to May 27, 2015, the defendant knew of his prior conviction of a crime punishable by imprisonment for a term exceeding one year and further knew that his civil rights following the conviction—including his right to possess a firearm—had not been restored.

I instruct you that the prior conviction that is an element of the charge here is only to be considered by you for the fact that it exists, and for nothing else. You are not to consider it for any other purpose. You may not consider the prior conviction in deciding whether it is more likely than not that the defendant was in knowing possession of the firearms that are charged, which is the disputed element of the offense.

*Sand*, 35-48 (modified).

COURT'S INSTRUCTION NO. 54

**(Count Three—Second Element: Possession of Firearm)**

The second element that the government must prove beyond a reasonable doubt with respect to Count Three is that on or about the date set forth in the indictment the defendant knowingly possessed a firearm.

A "firearm" is any weapon that will or is designed to or may be readily converted to expel a projectile by the action of an explosive.

To "possess" means to have something within a person's control. This does not necessarily mean that the defendant must hold it physically, that is, have actual possession of it. As long as the firearm is within the defendant's control, he possesses it. If you find that the defendant either had actual possession of the firearm, or that he had the power and intention to exercise control over it, even though it was not in his physical possession, you may find that the government has proven possession.

The law also recognizes that possession may be sole or joint. If one person alone possesses it, that is sole possession. However, it is possible that more than one person may have the power and intention to exercise control over the firearm. This is called joint possession. If you find that the defendant had such power and intention, then he possessed the firearm under this element even if he possessed it jointly with another. Proof of ownership of the firearm is not required.

To satisfy this element, you must also find that the defendant knowingly possessed the firearm. This means that he possessed the firearm purposely and

voluntarily, and not by accident or mistake. It also means that he knew that the weapon was a firearm, as we commonly use the word. However, the government is not required to prove that the defendant knew that he was breaking the law.

*Sand*, 35-49.

<u>COURT'S INSTRUCTION NO. 55</u>

**(Count Three—Third Element: Firearm in or Affecting Commerce)**

The third element that the government must prove beyond a reasonable doubt is that the firearm the defendant is charged with possessing was in or affecting interstate commerce. The parties have entered into a stipulation that there was an effect on interstate commerce.

*Sand*, 35-50.

<u>COURT'S INSTRUCTION NO. 56</u>

**(Counts Four and Five—Use of A Firearm During and in Relation to A Predicate Crimes, Resulting in Death:  The Indictment and the Statute)**

The defendant is charged with using a firearm to commit (or carrying a firearm during the commission of) (or possessing a firearm in furtherance of) a crime of violence or a drug trafficking crime.  Count Four reads as follows:

On or about May 27, 2015, in the District of Maryland, the defendant, Andre Ricardo Briscoe, unlawfully and knowingly, used, carried, and discharged a firearm, during and in relation to

(i)     The drug trafficking crime alleged in Count One . . . for which a defendant may be prosecuted in a court of the United States;

(ii)    The drug trafficking crime alleged in Count Two . . . for which a defendant may be prosecuted in a court of the United States; and

(iii)   A crime of violence for which a defendant may be prosecuted in a court of the United States, specifically, affecting commerce by robbery, in violation of 18 U.S.C. § 1951(a),

and possessed a firearm in furtherance of said crimes, in violation of 18 U.S.C. § 924(c), and in the course of that violation caused the death of Jennifer Jeffrey through the use of a firearm, which killing was murder, as defined in 18 U.S.C. § 1111.

Count Five contains identical language as that contained in Count Four but for the name of the victim.  Specifically, in lieu of "caused the death of Jennifer Jeffrey,"

Count Five reads "caused the death of K.B., Jennifer Jeffrey's seven-year-old child."

The relevant statute on this subject is Title 18, United States Code section 924(c), which provides:

[A]ny person who, during and in relation to any crime of violence or drug trafficking crime … for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall [be guilty of a crime].

*Sand*, 35-85.

COURT'S INSTRUCTION NO. 57

**(Counts Four and Five: Elements of the Offense)**

The government must prove each of the following elements beyond a reasonable doubt to sustain its burden of proving the defendant guilty on Counts Four and Five:

First, that the defendant committed a predicate crime—that is, either a crime of violence or a drug trafficking crime—for which he might be prosecuted in a court of the United States.

Second, that the defendant knowingly used, or carried, or discharged a firearm during and in relation to the commission of the predicate crime, or knowingly possessed a firearm in furtherance of the predicate crime. Here, the predicate crimes charged are (1) the drug trafficking crime alleged in Count One of the indictment, (2) the drug trafficking crime alleged in Count Two of the indictment, and (3) a crime of violence specifically, affecting commerce by robbery, about which I will explain to you in a moment.

Third, that the defendant discharged the firearm.

*Sand*, 35-87.

COURT'S INSTRUCTION NO. 58

**(Counts Four and Five—First Element: Commission of the Predicate Crime or Crimes)**

The first element the government must prove beyond a reasonable doubt is that the defendant committed what is known as a predicate crime—either a drug trafficking crime or a crime of violence—for which he might be prosecuted in a court of the United States.   There are three predicate crimes that can satisfy this element of Counts Four and Five.  The government need not prove all three predicate crimes so long as you find unanimously beyond a reasonable doubt that the defendant committed one of these predicate crimes.

The first predicate crime the defendant is charged with committing is the drug trafficking crime charged in Count One of the indictment—that is, conspiracy to distribute and possess with intent to distribute narcotics as previously explained to you.

The second predicate crime is the drug trafficking crime charged in Count Two of the indictment—possession with the intent to distribute narcotics, which I've also previously explained.

The third predicate crime is that the defendant committed a crime of violence, specifically, Interference with Commerce by Robbery, commonly referred to as "Hobbs Act Robbery."

I instruct you that a "Hobbs Act Robbery" is a crime of violence.   However, it

is for you to determine that the government has proven beyond a reasonable doubt that the defendant committed a "Hobbs Act Robbery" to satisfy this element of Counts Four and Five.  I will instruct you on the elements of a "Hobbs Act Robbery" in a moment.

*Sand*, 35-88 (modified).

COURT'S INSTRUCTION NO. 59

**(Counts Four and Five—Second & Third Element: Knowing Use, Carry, Possession, Brandishing and/or Discharging of A Firearm During and in Relation to, or in Furtherance of, A Drug Trafficking Crime or Crime of Violence)**

The second element the government must prove beyond a reasonable doubt is that the defendant knowingly used <u>or</u> carried a firearm during and in relation to the commission of one of the predicate crimes I just described, <u>or</u> knowingly possessed a firearm in furtherance of the predicate crime. You must next determine whether the use, carry or possession as defined below also involved "discharging" of the firearm.

A "firearm" is any weapon which will or is designed to or may be readily converted to expel a projectile by the action of an explosive.

"Knowing" means that the firearm was carried purposely and voluntarily, and not by accident or mistake. It also means that he knew that the weapon was a firearm, as we commonly use the word.

To prove use of the firearm, the government must prove an active employment of the firearm by the defendant. This does not mean that the defendant must actually fire or attempt to fire the weapon, although those actions would of course constitute use of the weapon. Brandishing, displaying, or even referring to the weapon so that others present knew that the defendant had the firearm available if needed all constitute use of the firearm. However, the mere possession of a firearm at or near the site of the crime without active employment as I just described it is not sufficient

to constitute use of the firearm.

To prove carrying of a firearm, the government must prove beyond a reasonable doubt that the defendant had the weapon within his control in such a way that it furthered the commission of the crime of violence or was an integral part of the commission of the crime. It is not necessary to hold the firearm physically, that is, have actual possession of it on one's person. If you find that the defendant had dominion and control over the place where the firearm was located, and had the power and intention to exercise control over the firearm in such a way that it furthered the commission of the crime of violence, you may find that the government has proven that the weapon was carried.

To prove possession of a firearm, the government must prove that the defendant had possession of the firearm and that such possession was in furtherance of the predicate crime. Possession means either physical possession of the firearm on one's person or that the person had dominion and control over the place where the firearm was located and had the power and intention to exercise control over the firearm. To possess a firearm in furtherance of the crime means that the firearm helped forward, advance, or promote the commission of the crime. The mere possession of the firearm at the scene of the crime is not sufficient under this definition. The firearm must have played some part in furthering the crime in order for this element to be satisfied.

To prove discharging, the third element, the government must prove that the

defendant fired the gun.

*Sand*, 35-89, 35-90 (combined and modified).

COURT'S INSTRUCTION NO. 60

**(Counts Four and Five—Predicate Crime of Violence: Hobbs Act Robbery)**

The predicate crime of violence referenced in Counts Four and Five of the indictment is Interference with Commerce through Robbery in violation of Section 1951 of Title 18 of the United States Code, commonly referred to as "Hobbs Act Robbery."  That statute, in pertinent part, provides:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of an article or commodity in commerce, by robbery … or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section [commits a crime].

> *Sand*, 50-1 (modified).

COURT'S INSTRUCTION NO. 61

**(Counts Four and Five—Predicate Crime of Violence (Hobbs Acts Robbery: Definition of Robbery))**

Robbery is the unlawful taking or obtaining of personal property of another against his will by threatening or actually using force, violence, or fear of injury, immediately or in the future, to person or property.

*Sand*, 50-2.

<u>COURT'S INSTRUCTION NO. 62</u>

**(Counts Four and Five—Predicate Crime of Violence (Hobbs Act Robbery: First Element))**

The first element that the government must prove beyond a reasonable doubt for a Hobbs Act robbery in violation of 18 U.S.C. § 1951 is  that the defendant knowingly obtained or took the personal property of another, or from the presence of another.  The term "property" includes money and other tangible and intangible things of value that are capable of being transferred from one person to another.

*Sand*, 50-3, 50-4 (combined, modified).

COURT'S INSTRUCTION NO. 63

**(Counts Four and Five—Predicate Crime of Violence (Hobbs Act Robbery: Second Element))**

The second element the government must prove beyond a reasonable doubt for a Hobbs Act robbery is that the defendant took this property against the victim's will, by actual or threatened force, violence, or fear of injury, whether immediately or in the future.

In considering whether force, violence or fear was planned to be or actually used or threatened during the robbery, you should give those words their common and ordinary meaning, and understand them as you normally would. The violence does not have to be directed at the person whose property was taken. The use or threat of force or violence might be aimed at a third person, or at causing economic rather than physical injury. A threat may be made verbally or by a physical gesture. Whether a statement or physical gesture by the defendant actually was a threat depends upon the surrounding facts.

*Sand*, 50–5 (modified).

COURT'S INSTRUCTION NO. 64

**(Counts Four and Five—Predicate Crime of Violence (Hobbs Act Robbery: Fear of Injury))**

As I have just instructed you, you must determine whether the defendant knowingly and willfully threatened to use force, violence, or fear, to unlawfully obtain property.

*Sand*, 50-6 (modified).

COURT'S INSTRUCTION NO. 65

**(Counts Four and Five—Predicate Crime of Violence (Hobbs Act Robbery: Third Element))**

The third element you must then decide is whether the actions of the defendant or his accomplices or co-conspirators affected interstate commerce in any way or degree.

If you decide that the defendant obtained another's property, against his will, by the use or threat of force, violence, or fear of injury, you must then decide whether this action would affect interstate commerce in any way or degree. You must determine whether there is an actual or potential effect on commerce between two or more states *or* on commerce within one state that goes through any place outside that state.

The government's claim is that here narcotics were taken from the victim, and that those narcotics were assets of a narcotics business and not purely personal assets. An affect or attempt to affect even the intrastate sale of narcotics is a sufficient effect on interstate commerce.  Thus, it is enough that a defendant knowingly stole or attempted to steal drugs or drug proceeds from a drug dealer to satisfy this element.

You do not have to find that interstate commerce was actually affected.  You do not have to decide whether the effect on interstate commerce was harmful or beneficial to a particular business, or to commerce in general. The government satisfies its burden of proving an effect on interstate commerce if it proves beyond a

reasonable doubt any effect, whether it was harmful or not.

The defendant need not have intended or anticipated an effect on interstate commerce. You may find the effect is a natural consequence of his actions. If you find that the defendant intended to take certain actions—that is, he did the acts charged in the indictment in order to obtain property—and you find those actions have either caused, or would probably cause, an effect on interstate commerce, then you may find the requirements of this element have been satisfied.

*Sand*, 50-7 (modified).

<u>COURT'S INSTRUCTION NO. 66</u>

**(Count Six—Killing a Witness to Prevent Communication to Law Enforcement: the Indictment and the Statute)**

The defendant has been charged in the indictment with killing K.B., Jennifer Jeffrey's 7-year-old child, in order to prevent K.B., from providing information to federal law enforcement officers.  The indictment reads:

> On or about May 27, 2015, in the District of Maryland, the defendant, Andre Ricardo Briscoe, unlawfully, knowingly, and intentionally killed a person with the intent to prevent the communication by any person to a law enforcement officer information realted to the commission and possible commission of a federal offense, namely, the defendant killed Jennifer Jeffrey's seven-year-old child, K.B., by shooting K.B. multiple times, including in the head and mouth, which killing was first-degree murder as defined in 18 U.S.C. § 1111.

The relevant statutes on this subject are 18 U.S.C. Sections 1512(a)(1)(C) and 1111(a).

Section 1512(a)(1)(C) provides:

Whoever kills or attempts to kill another person, with intent to (C) prevent the communication by any person to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, supervised release, parole, or release pending judicial proceedings shall be [guilty of a crime].

Section 1111(a) provides:

Murder is the unlawful killing of a human being with malice aforethought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, or robbery; or perpetrated as part of a pattern or practice of assault or torture against a child or children; or

perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed, is murder in the first degree.

*Sand*, 46-43.

COURT'S INSTRUCTION NO. 67

**(Count Six—Statutory Purpose)**

This statute is designed to protect persons who are victims of federal crimes, persons who may be called to testify or give evidence in a federal proceeding—either civil or criminal—and persons who have information about federal crimes.

*Sand*, 46-44 (modified).

COURT'S INSTRUCTION NO. 68

**(Count Six—Elements of the Offense)**

In order to prove the defendant guilty of the crime charged in Count Six of the indictment, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant killed K.B.; and

Second, that defendant killed K.B. with the intent to prevent the communication by any person to a federal law enforcement officer relating to the commission or possible commission of a federal crime.

*Sand*, 46-45.

<u>COURT'S INSTRUCTION NO. 69</u>

**(Count Six—First Element: Defendant Killed the Victim)**

The first element the government must prove beyond a reasonable doubt is that the defendant killed K.B. and that the defendant did so in violation of 18 U.S.C. § 1111(a) (First-Degree Murder).  I will instruct you on the elements of First-Degree Murder in a moment.

*Sand*, 46-46.

<u>COURT'S INSTRUCTION NO. 70</u>

**(Count Six—Second Element: Intent To Prevent Communication to Law Enforcement)**

The second element the government must prove beyond a reasonable doubt is that the defendant killed K.B. with the intent to prevent the communication by any person to a federal law enforcement officer (or judge) relating to the commission or possible commission of a federal crime.

If you find that defendant acted with the intent to prevent communication by K.B. to a specific law enforcement officer or group of officers, this element is satisfied if that officer or one of the group of officers was a federal law enforcement officer. A federal law enforcement officer is an officer or employee of the federal government who is authorized to act on behalf of the federal government in the prevention, detection, investigation, or prosecution of federal crimes. The government is not required to prove that the defendant knew that the officer was a federal law enforcement officer.

On the other hand, if you find that the defendant was not acting with the intent to prevent communication to a particular officer or group of officers, then this element is satisfied only if the government proves beyond a reasonable doubt that there was a reasonable likelihood that had K.B. been able to communicate with law enforcement officers, at least one relevant communication would have been made to a federal law enforcement officer.

To prove the defendant guilty of Count Six, killing a witness to prevent communication to law enforcement, the government need not prove that a federal investigation was in progress at the time the defendant committed the murder, nor must the government show that such a communication, had it occurred, would have been federal beyond a reasonable doubt.  Rather, the government need only show that the likelihood of communication to a federal officer was more than remote, outlandish, or simply hypothetical.

*Sand*, 46-48 (modified).

COURT'S INSTRUCTION NO. 71

**(Count Six: First Degree Murder)**

As charged in Count Six of the  indictment, the killing of K.B. must also be in violation of 18 U.S.C. § 1111, the murder statute.  I already read Count Six to you. The relevant statute on this subject is § 1111 of Title 18 of the United States Code, which provides: "Murder is the unlawful killing of a human being with malice aforethought.  Every murder perpetrated by … premeditated killing … is murder in the first degree."

*Sand*, 41-1.

COURT'S INSTRUCTION NO. 72

**(Count Six—First Degree Murder: Elements of the Offense)**

To prove murder in the first degree in violation of 18 U.S.C. § 1111, the government must establish each of the following elements beyond a reasonable doubt:

> First, that the defendant unlawfully killed K.B., as charged in the indictment;
>
> Second, that the defendant acted with malice aforethought; and
>
> Third, that the defendant acted with premeditation.

*Sand*, 41-2.

<u>COURT'S INSTRUCTION NO. 73</u>

**(Count Six—First Degree Murder, First Element: Defendant Unlawfully Killed Decedent)**

The first element the government must prove beyond a reasonable doubt is that the defendant unlawfully killed K.B. as charged in the indictment.

In this regard, it is the government's burden to prove that the defendant's conduct was the direct cause of K.B.'s death. This means simply that the government must prove that the defendant inflicted an injury or injuries upon the deceased from which the deceased died.

An act is done unlawfully if it was done without justification or excuse. While the taking of a human life is a most serious matter, not all killing, even when intentional, is unlawful.

*Sand,* 41-3.

<u>COURT'S INSTRUCTION NO. 74</u>

**(Count Six—First Degree Murder, Second Element: Malice Aforethought)**

The second element the government must prove beyond a reasonable doubt is that the defendant acted with malice aforethought.

Malice is the state of mind that would cause a person to act without regard to the life of another.

To satisfy this element, the defendant must have acted consciously, with the intent to kill another person.

*Sand,* 41-4.

<u>COURT'S INSTRUCTION NO. 75</u>

**(Count Six—First Degree Murder, Third Element: Premeditation)**

The third element the government must prove beyond a reasonable doubt is that the defendant acted with premeditation.

An act is done with premeditation if it is done upon planning or deliberation. In order to satisfy this element the government must prove that the defendant killed K.B. only after thinking the matter over, deliberating whether to act before committing the crime. There is no requirement that the government prove that the defendant deliberated for any particular period of time in order to show premeditation. The amount of time needed for premeditation of a killing depends on the person and the circumstances. It is sufficient to satisfy this element if you find that before he acted, the defendant had a period of time to become fully aware of what he intended to do and to think it over before he acted.

*Sand,* 41-5.

COURT'S INSTRUCTION NO. 76

**(Counts Two through Four—Aiding and Abetting)**

The defendant is also charged in Counts Two through Four with 18 U.S.C. § 2, the Aiding and Abetting statute. "Aiding and abetting" is a separate law which allows you to find the defendant guilty of Counts Two through Four even if you do not believe the government has shown that the defendant himself physically committed the crime with which he is charged.

Under the aiding and abetting statute, it is not necessary for the government to show that a defendant himself physically committed the crime with which he is charged in order for the government to sustain its burden of proof. A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.

Accordingly, you may find the defendant guilty of the offense charged if you find beyond a reasonable doubt that the government has proven that another person actually committed the offense with which the defendant is charged, and that the defendant aided or abetted that person in the commission of the offense.

As you can see, the first requirement is that you find that another person has committed the crime charged. Obviously, no one can be convicted of aiding or abetting the criminal acts of another if no crime was committed by the other person in the first place. But if you do find that a crime was committed, then you must consider, whether the defendant aided or abetted the commission of that crime.

In order to aid or abet another to commit a crime, it is necessary that the defendant knowingly associate himself in some way with the crime and that he participate in the crime by doing some act to help make the crime succeed.

To establish that the defendant knowingly associated himself with the crime, for Count Four, the government must prove that the defendant had advance knowledge that someone would be using or carrying a firearm during the commission of the drug trafficking crime or crime of violence (that is, the Hobbs Act robbery).

To establish that the defendant participated in the commission of the crime, the government must prove that he engaged in some affirmative conduct or overt act for the specific purpose of bringing about that crime.

The mere presence of the defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or merely associating with others who were committing a crime is not sufficient to establish aiding and abetting.  One who has no knowledge that a crime is being committed or is about to be committed but inadvertently does something that aids in the commission of that crime is not an aider and abettor.  An aider and abettor must know that the crime is being committed and act in a way that he intends to bring about the success of the criminal venture.

To determine whether the defendant aided or abetted the commission of the crime with which he is charged, ask yourself these questions:

Did he participate in the crime charged as something he wished to bring about?

Did he knowingly associate himself with the criminal venture?

Did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor, and therefore guilty of the offense.  If, on the other hand, your answer to any one of these questions is "no," then the defendant is not an aider and abettor, and you must find him not guilty.

*Sand*, 11-2 (modified).

<u>COURT'S INSTRUCTION NO. 77</u>

**(Special Findings)**

Members of the jury, if you unanimously find the Defendant guilty of Count Five or Count Six of the indictment, you must also consider and find unanimously whether the government has proven beyond a reasonable doubt the following four facts with respect to Victim K.B.:

1.  Whether Victim K.B. was younger than 14 years old at the time of the Defendant's commission of the crime.

2.  Whether Victim K.B. died as a result of the offense.

3.   Whether the defendant, Andre Ricardo Briscoe, in the course of committing the offense:

    a.  intentionally killed Victim K.B;

    b.  intentionally inflicted on Victim K.B. serious bodily injury resulting in K.B.'s death;

    c.  intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person other than one of the participants in the offense and Victim K.B. died as a result;

    d.  intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act

constituted a reckless disregard for human life and Victim K.B. died as a direct result of the act.

4. And, whether the defendant, Andre Ricardo Briscoe, was 18 years or older at the time of the offense.

Your findings as to whether the government has proved the existence, beyond a reasonable doubt, of each of these particular factors must be separate and unanimous as to each of Count Five and Count Six.

With respect to the factors relating to the defendant's intent, your finding must be based on the defendant's personal actions and intent.  Intent or knowledge may be proved like anything else.  You may consider any statements made and acts done by the defendant, and all the facts and circumstances in evidence which may aid in a determination of the defendant's knowledge or intent.  You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

During your deliberations, you should indicate whether you have unanimously found beyond a reasonable doubt each of the special findings as to each of Count Five and Count Six on the appropriate line in the Verdict Form.


*Sand*, 9A-7 (modified).

<u>COURT'S INSTRUCTION NO. 78</u>

**(Right to See Exhibits and Hear Testimony; Communications with Court)**

You are about to go into the jury room and begin your deliberations. If during those deliberations you want to see any of the exhibits, they will be sent to you in the jury room upon request. If you want any of the testimony read, that can also be done. But, please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of testimony that you may want.

Your requests for exhibits or testimony—in fact any communication with the court—should be made to me in writing, signed by your foreperson, and given to one of the marshals. I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom so I can speak with you in person. In any event, do not tell me or anyone else how the jury stands on the issue of the defendant's guilt until after a unanimous verdict is reached.

*Sand*, 9-3.

<u>COURT'S INSTRUCTION NO. 79</u>

**(Duty to Consult and Need for Unanimity)**

The government, to prevail, must prove the essential elements by the required degree of proof, as already explained in these instructions. If it succeeds, your verdict should be guilty; if it fails, it should be not guilty. To report a verdict, it must be unanimous. That is, you must deliberate abut each question on the verdict form that you answer and render a unanimous decision.

Your function is to weigh the evidence in the case and determine whether or not the defendant is guilty, solely upon the basis of such evidence.

Each juror is entitled to his or her opinion; each should, however, exchange views with his or her fellow jurors. That is the very purpose of jury deliberation--to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based solely and wholly on the evidence--if you can do so without violence to your own individual judgment.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case.

But you should not hesitate to change an opinion which, after discussion with your fellow jurors, appears erroneous.

However, if, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you

are not to yield your conviction simply because you are outnumbered.

Your final vote must reflect your conscientious conviction as to how the issues should be decided. Your verdict, whether guilty or not guilty, must be unanimous.

*Sand*, 9-7.

<u>COURT'S INSTRUCTION NO. 80</u>

**(Selection of a Foreperson)**

When you retire, Juror Number 5 shall be your foreperson, that is, the person who will preside over the deliberations and who will be your spokesperson here in Court. The foreperson runs the meeting, controls deliberations, and communicates with the Court. If you need to communicate with me, it should be by written note signed by the foreperson.

*Sand,* 9-5 (modified).

COURT'S INSTRUCTION NO. 81

**(Verdict Form)**

A Verdict Form has been prepared for your convenience. You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, and then date and sign the form. After you have done so, please advise the court, by sending a note through the Court Security Officer, that you have reached a verdict.  When I receive that note, I shall have you return with your verdict to the courtroom.

*Sand,* 9-5, 9-9 (modified).